# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>Plaintiffs,<br><br>   v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | **Civil Action No.**<br>**8:25-cv-00411-CEH-AAS** |

## PLAINTIFFS' MOTION TO SEAL

## I.  ITEMS TO BE SEALED

Plaintiffs Rumble Inc. and Trump Media & Technology Group Corp. (collectively, "Plaintiffs"), through their undersigned counsel and in accordance with Local Rule 1.11, respectfully request an order permitting the filing of Exhibits 22–26 (the "Gag Orders"), and Exhibits 27–28, 30 and 36 under seal, which are attached to Declaration of Andrew Smith in Support of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue.  These exhibits consisting of multiple Brazilian Gag Orders issued under seal by Brazilian Supreme Court Justice Alexandre de Moraes, and certain social media posts made by Political

1

Dissident A.  While the social media posts are public, we move to seal them to protect his identity.

In this District, a party seeking to seal materials must file a motion to seal that includes the following: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.09(a). As demonstrated below, Plaintiffs have met all of these requirements, and the Court should grant the Motion to Seal.

## II. IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING

Plaintiffs seek to seal the following materials that may contain confidential information:

a. Certain court orders issued by Justice Moraes under seal, including emails sending those orders.

b. Certain transcripts of online videos made by Political Dissident A.

## III. THE REASON THAT SEALING EACH ITEM IS NECESSARY

The judicial orders issued by Justice Moraes were issued under seal.  The proceedings stem from Justice Moraes' efforts to censor political opponents of Brazil's current president, ostensibly in the name of protecting against

supposed threats to democracy. Plaintiffs do not believe there is any basis for a secret court to issue censorship orders hidden from public scrutiny, but out of deference to the Brazilian legal system, Plaintiffs introduce the Gag Orders under seal preliminarily, until Justice Moraes provides a further justification for their continued sealing, or unless this Court believes they should remain under seal.

Political Dissident A is currently under investigation in a "criminal" fake news inquiry in Brazil headed up by Justice Moraes, and the U.S. Department of Justice has refused Brazil's extradition request for Political Dissident A's "crimes" of political opinion. Political Dissident A fled Brazil and resides in Florida, where he has applied for political asylum. In order to protect Political Dissident A's identity and prevent further retaliation by Justice Moraes against him, Plaintiffs seek to introduce certain of his social media posts under seal, to illustrate the fact that Justice Moraes' censorship orders are completely unfounded.

## IV. THE REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE OR UNSATISFACTORY TO PRESERVE THE INTEREST ADVANCED BY THE MOVANT IN SUPPORT OF THE SEAL

Unless the judicial orders and social media posts are introduced under seal in the first instance, Justice Moraes will not be afforded sufficient time to explain why they should remain sealed. If Political Dissident A's social media

posts were not introduced under seal, he would not be able to maintain anonymity, and he would likely face further retaliation by Justice Moraes.

## V. PROPOSED DURATION OF THE SEAL

Plaintiffs propose sealing the Gag Orders for 30 days, or until Justice Moraes appears and provides a sufficient justification to explain why they should remain sealed.

Plaintiffs propose sealing Political Dissident A's social media posts indefinitely, in order to protect his anonymity.

## VI. MEMORANDUM OF LAW IN SUPPORT OF PERMITTING MATERIAL TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S.

Dist. LEXIS 90318, at *4-5 (M.D. Fla. June 29, 2012). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

As described, Plaintiffs do not believe there is any basis for Justice Moraes' illegal censorship orders to remain sealed, other than to provide sufficient time for Justice Moraes to explain himself. Regarding Political Dissident A's social media posts, the interest in protecting against retaliation outweighs the interest of the public in accessing these materials.

## VII. CONCLUSION

Based on the arguments presented and the regulations outlined in Local Rule 1.11, Plaintiffs respectfully requests that this Court grant the Motion to Seal the aforementioned documents in their entirety, ensuring their confidentiality and affording adequate deference to the Brazilian legal system.

Dated: February 22, 2025        Respectfully submitted,

*/s/ Daria Pustilnik*

**BOIES SCHILLER FLEXNER LLP**

Daria Pustilnik

FLA. BAR NO. 92514
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street
Suite 2800
Miami, Florida 33131
(305) 539-8400

## **CERTIFICATION**

Defendant has not yet been served or otherwise appeared by counsel or pro se in this action. Upon any appearance by Defendant, the undersigned will confer with Defendant or Defendant's counsel and advise as to Defendant's position on this Motion.

Respectfully submitted this 22nd day of February 2025.

/s/ *Daria Pustilnik*
Daria Pustilnik

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of February 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Daria Pustilnik*
Daria Pustilnik