UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRUMP MEDIA & TECHNOLOGY GROUP CORP. and RUMBLE INC.,**

    **Plaintiffs,**

v.                                  CASE NO. 8:25-cv-00411-MSS-AAS

**ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue ("Plaintiffs' Motion for TRO"). (Dkt. 12) Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("Trump Media"), move, *ex parte*, for entry of a temporary restraining order staying the enforcement of certain orders issued by Defendant Justice Alexandre de Moraes, who serves as a Justice of the Supreme Federal Tribunal of Brazil. Plaintiffs' Motion for TRO came before the Court for a hearing on February 24, 2025.

Upon review of all relevant filings, case law, the arguments of Plaintiffs' counsel, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion for TRO, without prejudice.

The Court finds that the pronouncements and directives purportedly issued by Defendant Moraes, (Dkts. 16-1, 16-2, 16-3, 16-4, and 16-5), were not served upon Plaintiffs in compliance with the Hague Convention, to which the United States and Brazil are both signatories, nor were they served pursuant to the Mutual Legal Assistance Treaty between the United States and Brazil.[1] The documents were not otherwise properly served on Plaintiffs. Additionally, the Court is aware of no action taken by Defendant or the Brazilian government to domesticate the "orders" or pronouncements pursuant to established protocols.

For these reasons, under well-established law, Plaintiffs are not obligated to comply with the directives and pronouncements, and no one is authorized or obligated to assist in their enforcement against Plaintiffs or their interests here in the United States. Finally, it appears no action has been taken to enforce Defendant Moraes's orders by the Brazilian government, the United States government, or any other relevant actor.

Until such action is taken, this matter is not ripe for judicial review. See generally Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1119 (9th Cir. 2006). Should an entity or individual seek to enforce the directives or pronouncements in the United States without compliance with applicable laws or treaties, this Court stands ready to exercise its jurisdiction to determine whether the

---

[1] See Brazil (12889) - Treaty on Mutual Legal Assistance in Criminal Matters, OFFICE OF TREATY AFFAIRS, https://www.state.gov/12889.

statements in the "documents"[2] are enforceable under United States law. This is, of course, subject to a showing of *in personam* jurisdiction over any defendant and proof of notice, where appropriate.

Accordingly, it is hereby **ORDERED** that Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue, (Dkt. 12), is **DENIED WITHOUT PREJUDICE** on ripeness grounds.

**DONE and ORDERED** in Tampa, Florida this 25th day of February 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record

---

[2] Should any renewed motion be filed, Plaintiffs shall file a certified translation of the "orders" or "judgments" sought to be enjoined.

3