# UNITED STATES DISTRICT DISTRICT OF FLORIDA TAMPA DIVISION

**RUMBLE INC. and TRUMP**

**MEDIA & TECHNOLOGY GROUP ORP**.

Initial plaintiffs, and

**MARÇAL HONDA,**

Incidental plaintiff

v.

**ALEXANDRE DE MORAES**

Justice of the Supreme Federal

Tribunal of the Federative Republic of Brazil

Defendant.

Civil Action No. 8:25-cv-411
INITIAL COMPLAINT
Demand for a Jury Trial
Permanent Injunctive Relief
Requested

INCIDENTAL COMPLAINT
Motion for Permissive Joinder
and
Joining of Claims

**Honorable Judge**,
**MOTION FOR PERMISSIVE JOINT AND JOINING OF CLAIMS**
**MARÇAL HONDA** , respectfully, pursuant to the Federal Rules of Civil Procedure - Title IV - Rule 20 (Permissive Joinder of Parties); (a) - (1) - (B) - (b) , with Rule 18 for Joinder of Claims . I request to be included as a party in a joint action with plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG"), joining their claims where applicable and presenting other claims in this action against Alexandre de Moraes. Regarding this request, I declare the following:

## INTRODUCTION

1.    For the purposes of this motion, the contents of complaint P-1523/24 shall be considered as questions of common law and fact; MC. 46/25 and Petition 96769 (obstructed), which I filed with the IACHR – Inter-American Commission on Human Rights, on behalf of the victims Rumble Co., the US Department of State (ref. Case Control F-2016-07498); Elon Musk and employees of the companies Starlink, and X-Corp; Michael Shellenberger; against Alexandre de Moraes, the SFC (STF) – Supreme Federal Court, the Presidents of the Republic and the Brazilian Federal Senate for violations of political, judicial and freedom of expression human rights.

2.    I hereby inform you that the aforementioned complaint P-1523/24; MC – Precautionary Measure 46/25 and Petition 96769, among others, are being obstructed by the Executive Secretary Tânia Paneaun Pansz, of the Inter-American Commission on Human Rights, who is preventing the referral to trial by the Inter-American Court of Human Rights.

3.    And by such conduct contrary to the fundamental purpose of that body, she is violating 18 US Code § 1505 – (Obstruction of proceedings before departments, agencies and committees).

4.    For this reason, she cannot request possible diplomatic immunity.

5.    In addition to the request to join the authors, I request a preliminary judgment on the constitutional illegitimacy of Alexandre de Moraes, because I filed a constitutional petition to challenge his appointment, but the documents disappeared without due legal process.

6.    The criminal disappearance of the documents of the constitutional petition of impugnment , resulting from prevarication and suppression of documents, in violation the  articles 319 and 305 of the Brazilian Penal Code, prevents Alexandre de Moraes from being recognized as Minister of the SFC (STF)  – Supreme Federal Court.

7.    I therefore request that the defendant Alexandre de Moraes, together with the Justices of the STF - Supreme Federal Court and the current President of the Republic, be tried for concealment of material fact against the United States, under 18 U.S. Code Chapter 47 - FRAUD AND FALSE STATEMENTS § 1001 and 18 U.S. Code § 954 - FALSE STATEMENTS INFLUENCING FOREIGN GOVERNMENT

8.    And if they are found guilty, that under 28 U.S. Code § 2467 - Enforcement of foreign judgment, (d): (1) - (A), (B), (C), (D) and (E), it be declared that the judgments and orders of the Brazilian Judiciary are not enforceable in the territory of the United States and over American citizens and their companies, until the rule of law is reestablished

with the legitimization of the representatives of the Brazilian people in the Judiciary, through democratic elections, based on the choices of the Ministers of the FSC (STF) - Supreme Federal Court, by direct vote of the population.

9.    The falsehood consists in declaring the existence of the position of minister of the STF, provided for in art. 101 of the Federal Constitution, concealing the fact that technically such position does not exist, since it has not yet been created by mandatory electoral law for inclusion in the federal budget through the BGL (LDO) – Budget Guidelines Law.

10.   Due to this fraud against the public coffers, the occupation of the positions  and payment of the salaries of the "alleged ministers of the STF" are crimes of responsibility subject to impeachment, according to arts. 9, 10, 11 and 70 of Law 1079/50.

11.   It should be noted that the appointments of judge ministers constitute fraud, because the presidential prerogative of choosing ministers of the SFC (STF) – Supreme Federal Court was revoked on October 5, 1988, by art. 1, sole paragraph of the Federal Constitution of Brazil.

12.   The presidential prerogative was imposed in the Constitution of the dictatorial Military Regime, but its revocation in 1988 guaranteed the Brazilian people the right to choose their representatives in the Judiciary, based on direct elections of the Ministers of the STF.

13.   The continuation of the presidential prerogative revoked in 1988 constitutes usurpation of the popular sovereignty of arts. 1 (sole paragraph); 2; 14 and 101 (case put) of the Federal Constitution and violates art. 23 of the American Convention on Human Rights.

14.   And that it be granted, in a related judgment, based on 31 US Code § 3730 - Civil actions for false allegations - that I be the reporting author of the request for Action QUI TAM, against the Brazilian Government, for the return of $ 38,304,402.00 (thirty-eight million, three hundred and four thousand, four hundred and two dollars).

15.   This amount was paid by the US, as aid to prevent drug abuse, combat drug trafficking and money laundering, referring to Decrees 179/24-July-1991 and 2242/02-July-1997, which validated the International Agreement of financial assistance from the US to Brazil.

16.   The funds were diverted through fraud against the US Government, and a payment of US$346,602.00 was made to the Ministry of Justice when the agency was under the command of Alexandre de Moraes. However, the agency's office claimed to be unaware of the destination of the money.

17.  The legal harassment I have been suffering from the SFC ( STF) (Supreme Federal Court) is a result of the fact that I discovered and reported this corruption that harmed the US public coffers.

18.  As a precaution, I anticipate that I will make incidental requests for protective measures against obstruction of justice.

   For example, against possible revocation of my passport or judicial harassment and persecution a resulting from the publication of a book, articles and lectures that I intend to do in the US.

   I will publish articles on the subject: ALEXANDRE DE MORAES IS NOT A JUDGE (according to the Constitutional Law book by Alexandre de Moraes himself and the Binding Summary nº 43 decided by the plenary of the SFC (STF) – Supreme Federal Court).
   And also under the title: MUSK, SALAZAR and TRUMP vs. ALEXANDRE DE MORAES – How Elon Musk, Elvira Salazar and President Trump can defend Americans and their companies against the attacks of Alexandre de Moraes.

**THE PARTIES**

19.  MARÇAL HONDA, Brazilian, retired Police Chief and independent Lawyer (OAB/SP registration 4386.798) and voter with full political rights, hereby inform that I am up to date with my electoral obligations, the which guarantee me, without restrictions, the right to claim the full exercise of popular sovereignty guaranteed by article 1, sole paragraph; with art. 14 (caput) of the Brazilian Federal Constitution, against the ongoing constitutional fraud for part  Alexandre de Moraes, against the good faith of this court.

20.  As I initially stated by the Federal Rules of Civil Procedure - R. 20. Permissive Joinder of Parties; (a) - (1) - (B) - (b), I requested to be included as a party in a joint action with the plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG") in this action against Alexandre de Moraes, as well as, the joinder of claims under rule 18 of the RFPC.

21.  If it is the understanding of this court, I present as a passive party, Tânia Paneaun Pansz, , Executive Secretary of the Inter-American Commission on Human Rights to she respond for the obstructions of complaint P-1523/24; of the MC – Precautionary Measure 46/25 and Petition 96769, among others,  whose impediment to forwarding to judgment by the Inter-American Court of Human Rights, falls under 18 US Code § 1505 - Obstruction of proceedings before departments, agencies and committees.

22.  Considered it is that she  that she it denied requests in a standardized manner without making any mention of the contents of the petitions, relying on denial devices without making any connection with the facts and the parties reported and the violated provisions of the American Convention on Human Rights.

**23.**   The violations are flagrant and require only a technical comparison of the facts with the violated provisions. She It made it clear that it is favoring human rights violators and, in this sense, due to such conduct, which is contrary to the fundamental objective of that body, she is not qualified to request possible diplomatic immunity.

## JURISDICTION AND VENUE

**24.**   The original authors defined the jurisdiction and venue well and in a complete manner, and I can only adhere to them.

**25.**   It is important to clarify that Brazil enacted the American Convention on Human Rights through Decree 678/1992.

**26.**   It approved the request for recognition of the mandatory jurisdiction of the Inter-American Court of Human Rights through Legislative Decree 89/1998.

**27.**   And it enacted the Declaration of Recognition of the Mandatory Jurisdiction of the Inter-American Court of Human Rights through Decree 4,463/2002.

**28.**   In fact, in accordance with art. 4, paragraph II, art. 5; paragraphs 1, 2 and 3 of the Federal Constitution, Brazil inserted the American Convention on Human Rights into the national legal system at an infra-constitutional level above ordinary laws.

**29.**   And the jurisdictional submission by decree transformed the Inter-American Court into the fourth appeals court in matters of human rights.

**30.**   This fact overcame the irrationality of filing an action in the SFC (STF) – Supreme Federal Court against the SFC (STF) itself, believing that that court, with its history of usurping popular sovereignty, would allow the removal of its peers.

## FACTUAL ALLEGATIONS

**31.**   Likewise, the initial authors were precise in the factual description of the unlawful acts reported against the defendant and I join them in endorsing my previous introduction and my causes of action below.

**32.**   Just for possible clarifications on the documents attached here, I refer the attention of this court to the following:

   *a. THE COMPLAINT P.1523/24 – IACHR / OAS* concerns the

*COMPLAINT:*

*JUDGE OF THE STF, ALEXANDRE DE MORAES IS ILLEGAL IN HIS OFFICE, BECAUSE HE WAS APPOINTED, BASED ON A.I. Nº 01 (INSTITUTIONAL ACT Nº 01) OF THE REVOLUTIONARY MILITARY OF 1964 AND ARTICLES 1 AND 113 OF THE CONSTITUTION OF THE DICTATORIAL REGIME OF 1967.*

*AI n° 01 AND THE CONSTITUTION OF 1967, WERE REVOKED ON OCTOBER 5, 1988 BY THE NATIONAL CONSTITUENT ASSEMBLY AND THE NEW FEDERAL CONSTITUTION OF 1988, DETERMINED IN ARTICLE 1st, SOLE § WITH ART. 101, "CAPUT", THAT THE PEOPLE SHOULD CHOOSE THEIR REPRESENTATIVES IN THE JUDICIARY, BASED ON THE CHOICE OF THE JUDGES MINISTERS OF THE STF.*

*BY FORCE OF ARTICLE 2 OF THE FEDERAL CONSTITUTION OF 1988, THE HEAD OF THE EXECUTIVE POWER IS PROHIBITED FROM CHOOSING THE MEMBERS OF THE JUDICIARY POWER IN ORDER TO MAINTAIN THE INDEPENDENCE OF THE POWERS.*

*THE PRESIDENT OF THE REPUBLIC SHOULD APPOINT (AND NOT CHOOSE!) THE MINISTERS OF THE FEDERAL SUPREME COURT, ONLY AFTER THE CHOICES ARE MADE BY THE DIRECT, SECRET AND UNIVERSAL VOTE OF THE PEOPLE (ART.14), FOLLOWED BY THE FEDERAL SENATE'S CONFLICT.*

*APPELLANT OF THE COMPLAINT:*

*All the challenges filed in 2017 against the appointment of Alexandre de Moraes disappeared without the mandatory responses.*

**b. THE PRECAUTIONARY MEASURE (MC) 46/25 IACHR/OAS** refers to:

*Introduction: "If all power emanates from the people, who exercise it through elected representatives, who are those elected by the Brazilian people to represent them in the judiciary?*

*(Marçal Honda)"*

Precautionary Measure of Amendment to Complaint P-1523/24 for:

*(1) NULLIFICATION OF THE DECISIONS OF ALEXANDRE DE MORAES AGAINST AMERICANS FOR INTERNATIONAL JUDICIAL INCOMPETENCE (;)*

*(2) AGAINST OBSTRUCTION OF JUSTICE PRACTICED BY THE IACHR – INTER-AMERICAN COMMISSION ON HUMAN RIGHTS IN COLLIPOPTION*

*WITH THE PROTECTION AGAINST JUDICIAL PERSECUTION OF THE STF AND THE TJSP (e)*

*(3) FOR PUBLICATION OF A BOOK ABOUT THE COMPLAINTS*

*CAUSE OF THE ADDENDUM TO THE COMPLAINT:*

*The freezing of STARLINK's assets, by Petition 12,404/STF, brought to light that all orders of Justice Alexandre de Moraes must be annulled because he and other ministers of the SFC (STF) – Supreme Federal Court, do not have international jurisdictional competence to judge American citizens and companies, according to articles 8, 23, and 25 of the American Convention on Human Rights.*

**c. THE PETITION No. 96769 IACHR / OAS** refers to:

*Ref. COMPLAINT OF VIOLATION OF THE RIGHT TO JUDICIAL PROTECTION with OBSTRUCTION OF JUSTICE (art. 25 of the ACHR)*
*Against: Public agents of the Ministry of Justice of Brazil, of the SFC (STF) – Supreme Federal Court; of the TJSP – Court of Justice of the State of São Paulo and of the Inspectorate of the Civil Police of São Paulo, for violations of the right to judicial protection and administrative persecution and procedural harassment (art.25 CADH) and of the IACHR – Inter-American Commission on Human Rights for obstruction of justice*

*Victims: MARÇAL HONDA (P-1523/24); MARCO RÚBIO - US SECRETARY OF STATE (CASE CONTROL F-2016-07498) and ELON MUSK - CHIEF OF THE DEPARTMENT OF GOVERNMENT EFFICIENCY UNDER US PRESIDENT DONALD TRUMP*

*OF THE CORRUPTION ALLEGATION REGARDING US$346,602 FROM THE US AS THE CAUSE OF PERSECUTION AND JUDICIAL HARASSMENT*

*INFORMATION in PROCESSES IN THE FEDERAL COURTS OF NEW YORK - USA, ON POSSIBLE MISAPPROPRIATION OF US$ 346,602.00 ON 09/10/2016, PAID BY THE US GOVERNMENT TO THE MINISTRY OF JUSTICE UNDER THE MANAGEMENT OF MINISTER ALEXANDRE DE MORAES.*

*Case 1:20-cv-07932 Southern District Court in New York ; Case 1:2020cv04090 Eastern District Court in New York;*
*( Ref. : According to Decrees 179/24-July-1991 to 2242/02-July-1997, the United States of America maintains an international cooperation agreement with Brazil to combat drug trafficking and reduce demand, which was later extended to combat transnational organized crime and money laundering. The transfer of financial aid from the USA to BRAZIL to fund projects took place*

*through periodic memorandum provided for in the Agreement. Memorandun were found from 1992 to 2008, with addendum letters until at least 2016, for a total of approximately US$38,304,402.00 (THIRTY-EIGHT MILLION, THREE HUNDRED AND FOUR THOUSAND, FOUR HUNDRED AND TWO DOLLARS)*

## CAUSES OF ACTION

***Federal Rules of Civil Procedure – Title IV - Rule 20. Permissive Union of Parties; (a) - (1) - (B) - (b) with Rule 18 for joining claims***

33.   The reason for requesting my joining the plaintiffs is justified by the common interests duly declared in the arguments registered and substantiated thus far based on complaint P.1523/24, MC 46/25 and Petition 96769 before the IACHR/OAS.

34.   I reiterate that the initial plaintiffs have accurately substantiated the causes of action to which I am joining.

35.   I only add claims, supported by everything I have stated so far and will argue below, so that the defendant and the Brazilian Government agents involved are judged based on the following legal provisions, among others:

*18 U.S. Code Chapter 47 - FRAUD AND FALSE STATEMENTS § 1001*
*18 U.S. Code § 954 - False statements influencing a foreign government*
*And if found guilty:*
*28 U.S. Code § 2467 - Enforcement of foreign judgment, (d): (1) - (A), (B), (C), (D) and (E). And finally*
*31 US Code § 3730 - Civil actions for false allegations*

36.   Below, I add to the grounds of the causes of action already declared by the initial authors, the following arguments:

## FIRST ARGUMENT OF THE CAUSE OF ACTION

### "ALEXANDRE DE MORAES IS NOT A JUDGE"

*According to the statements of Alexandre de Moraes himself in his book on Constitutional Law, former prosecutor Alexandre de Moraes has been illegally in office as a judge since the crimes of malfeasance and suppression (disappearance) of documents that challenged his appointment to the STF in 2017.*

**"SENTENCE" (in metaphorical sensu) of ALEXANDRE DE MORAES against ALEXANDRE DE MORAES himself**

**37.**  Considering that article 1, sole paragraph of the Federal Constitution promulgated on October 5, 1988, revoked the prerogative of the President of the Republic to "choose" ministers to be appointed judges of the SFC (STF) – Supreme Federal Court; I provided on December 7, 2016, the notification extrajudicial, from the President of the Republic with a copy to the President of the National Congress, of a constitutional petition for the right of the people to elect their representatives in the Judiciary Branch through direct elections of Ministers of the SFC (STF) – Supreme Federal Court.

**38.**  Based on the notification of December 2016, from February 2017, I filed constitutional petitions challenging the nomination, appointment and inauguration of Alexandre de Moraes to the STF.

**39.**  However, the public agents and authorities committed the continued crimes of malfeasance (art. 319 of the Brazilian Penal Code) and crimes of suppression of documents (art. 305 of the Brazilian Penal Code), because they did not institute due legal process (art. 5 of the Federal Constitution) and thus generated the clear and certain right to invalidate the nomination of Alexandre de Moraes as a judge of the STF.

**40.**  Even today, a Writ of Mandamus for continued omission and/or a Class Action combined with Binding Summary 43 of the STF and Summary 376 and 473- STF is possible, to annul the contested act of appointment, with annulment of all decisions of Alexandre de Moraes.

**41.**  As a consequence, there is also an obligation to return all salaries received for the unconstitutional occupation of the position of Federal Magistrate (SV. 43- STF), considering that the position of Minister of the STF does not yet technically exist in the BGL ( LDO ) – Budget Guidelines Law.

Under the following arguments:

**42.**  Initially consider that Alexandre de Moraes cannot receive the salary of a Federal Magistrate, because he did not pass a public examination for this career.

**43.**  Furthermore, the unlawful appointment of a STF Minister to a public office (technically non-existent in the budget law) and the payment of salaries based on equal pay prohibited by the Federal Constitution (art. 37, inc. XIII) constitute crimes of responsibility subject to impeachment, under the terms of the Law of Crimes of Responsibility (Law 1079/1950).

**44.**  Such considerations transform the statements made by the writer Alexandre de Moraes in his book on CONSTITUTIONAL LAW (chapter 4 on CONSTITUTIONAL PROTECTION OF FREEDOMS; titles 7 and 8, referring to the RIGHT TO PETITION and POPULAR ACTION) into a true "SENTENCE" (metaphorical sensu) against the former prosecutor Alexandre de Moraes himself, to annul his appointment as a STF judge, annul all his decisions and hold the agents and authorities involved administratively, civilly and criminally liable.

**45.**  Including the return of salaries unduly received and compensation to the public coffers, all as transcribed below from his book:

*RIGHT TO PETITION*

*by Alexandre de Moraes*

*The purpose of the right to petition is to inform the Government of an illegal or abusive fact, so that it can take appropriate measures. The exercise of the right to petition does not require that it be addressed to the competent body for action to be taken, and whoever receives it must forward it to the competent authority.*

*The right to petition is constitutionally effective, obliging the public authorities addressed to receive, examine and, if necessary, respond within a reasonable time, under penalty of constituting a violation of the petitioner's clear and certain right, which can be remedied by means of a writ of mandamus.*

*It should be noted that, despite the impossibility of forcing the competent Public Authority to adopt measures to remedy possible illegalities or abuses of power, there will be a possibility, later, of holding the negligent public servant liable, civilly, administratively and criminally.*
***(ALEXANDRE DE MORAES - Constitutional Law - Chap. 4 - Constitutional Protection of Freedoms -*** *Title 7 - Right to Petition - 7.4 - Purpose - pg. 230 - Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023)*

*POPULAR ACTION*
*by Alexandre de Moraes*

*8.1- Concept*

*Art. 5, LXXIII of the Federal Constitution proclaims that any citizen is a legitimate party to file a popular action that aims to nullify an act that is harmful to the public patrimony or to the entity in which the State participates, to administrative morality, to the environment and to the historical and cultural heritage. According to Hely Lopes Meirelles, popular action:*

*"is the constitutional means made available to any citizen to obtain the invalidation of administrative acts or contracts - or equivalent - that are illegal and harmful to federal, state and municipal assets, or their autarchies, parastatal entities and legal entities subsidized with public funds"*

*8.2 - Purpose*

*The popular action, together with the right to suffrage, the right to vote in elections, plebiscites and referendums, and also the popular initiative of law and the right to organize and participate in political parties, constitute forms of exercising popular sovereignty (CF, arts. 1 and 14), through which, in the present case, the people are allowed to directly exercise the oversight function of the Public Power, based on the principle of the legality of administrative acts and on the concept that the res publica (Republic) is the people's heritage. The popular action may be used in preventive form (filing the action before the*

*harmful effects are consummated) or repressive form (filing the action seeking compensation for the damage caused).*

*Therefore, the purpose of the class action is to defend diffuse interests, recognizing that citizens, uti cives and not uti singuli, have the right to promote the defense of such interests.*

*8.4 Purpose*

*The purpose of the class action is to combat illegal or immoral acts that are harmful to public assets, without, however, configuring the ultima ratio, that is, it is not required that all administrative and legal means of preventing or repressing illegal or immoral acts that are harmful to public assets be exhausted in order to file it.*

*The Law of Class Action (Law No. 4,717/65), in its art. 4th, despite defining by way of example the acts with legal presumption of illegitimacy and harmfulness, therefore subject to class action, it did not exclude from this possibility all acts that contain a defect in form, illegality of the object, lack of motives, deviation of purpose or were practiced by an incompetent authority (Law No. 4,717/65, art. 1). (...)*

*8.7 - Nature of the decision*

*The nature of the decision in the class action is deconstitutive-condemnatory, aiming both at the annulment of the contested act and at the condemnation of the responsible parties and beneficiaries for losses and damages.*

***(ALEXANDRE DE MORAES - Constitutional Law – Chap. 4 - Constitutional Protection of Freedoms** – Title 8 – Popular Action – pg. 231, 232 and 234 - Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023)*

## SECOND ARGUMENT OF THE CAUSES OF ACTION

## "SENTENCE" (in metaphorical sensu) OF THE SFC (STF)  – FEDERAL SUPREME COURT AGAINST ALEXANDRE DE MORAES

### Viculating Summary 43 of the STF

*Any type of appointment that allows a civil servant to be appointed, without prior approval in a public examination for his/her appointment, to a position that is not part of the career in which he/she was previously appointed is unconstitutional.*

### Summary 473 of the STF

*The administration may annul its own acts, when they are tainted with defects that make them illegal, because they do not give rise to rights; or revoke them, for reasons of convenience or opportunity, respecting acquired rights, and in all cases subject to judicial review.*

Summary 346 of the STF

*The public administration may declare the nullity of its own acts.*

### THIRD ARGUMENT OF THE CAUSES OF ACTION

### "SENTENCE" (in metaphorical sensu) of PRESIDENTS MICHEL TEMER and LULA DA SILVA AGAINST ALEXANDRE DE MORAES

(part no. 01)

46.   Congressmen MICHEL TEMER (mentor of Alexandre de Moraes) and LUIZ INÁCIO LULA DA SILVA, both as constituent deputies on October 5, 1988, approved and signed the revocation of the prerogative of the President of the Republic to choose the ministers to be appointed judges of the Supreme Federal Court.

47.   Before the promulgation of the democratic Constitution of 1988, the president of the republic freely chose the ministers for the STF, because paragraph 1 of art. 1 of the Constitution of 1967, as amended by EC 01/1969 of the military dictatorial regime, previously reinforced by the AI. No. 01 of 1964, stated that

> *Art. 1, Paragraph 1: (CF 1967 as amended by EC 01/69)*
> *"All power emanates from the people and IS EXERCISED IN THEIR NAME"*
> *and before, in*
> *Institutional Act No. 01 of April 9, 1964*
> *"The Leaders of the victorious revolution, thanks to the action of the Armed Forces and the unequivocal support of the Nation, REPRESENT THE PEOPLE AND IN THEIR NAME EXERCISE THE CONSTITUENT POWER, of which the People are the sole holder."*

48.   The imposed rulers theoretically recognized that the people were the holders of all power (legislative, executive and judiciary) but in practice, the exercise of this power was exclusive to the leaders of the imposed dictatorial regime.

49.   The former paragraph 1 of art. 1st of the extinct CF 1967 (EC 01/69), was revoked by the new sole paragraph of article 1 of the New Federal Constitution, on October 5, 1988, approved and signed by the constituents **MICHEL TEMER** (former president of the Republic and mentor of Alexandre de Moraes) and **LUIZ INÁCIO LULA DA SILVA** (current president of the Republic), with the following fundamental clause determining the Democratic State of Law and popular sovereignty:

> *Fundamental Principles*
> *Art. 1st The Federative Republic of Brazil, formed by the indissoluble union of the States and Municipalities and the Federal District, constitutes a Democratic State of Law and has as its foundations:*
> *I - sovereignty;*
> *II - citizenship;*
> *III - the dignity of the human person;*
> *IV - the social values of work and free enterprise;*
> *V - political pluralism.*

*Sole paragraph.* **ALL POWER EMANATES FROM THE PEOPLE, WHO EXERCISES IT THROUGH ELECTED REPRESENTATIVES** *or directly, under the terms of this Constitution*

50.   In effect, just as voting is mandatory to choose the people's representatives in the legislative branch (councilors, deputies and senators) and in the executive branch (mayors, governors and the president of the Republic), popular voting is also mandatory to choose the people's representatives in the Judiciary.

51.   Consider that art. 2 of the Federal Constitution prevents the head of a branch of government from subjecting his choice to the members of another branch of the Union, established by art. 1 of the Federal Constitution in a Democratic State of Law, by art. 1 of the Federal Constitution.

52.   Therefore, the people have the full right to elect their representatives in the Judiciary, based on the direct choice of ministers for the SFC (STF)  – Supreme Federal Court, as determined by the caput of art. 101 of the Federal Constitution, a right that arises from article 21 of the UNIVERSAL DECLARATION OF HUMAN RIGHTS; and was reiterated in article 25 of the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS and in article 23 of the AMERICAN CONVENTION ON HUMAN RIGHTS:

*FEDERAL CONSTITUTION OF BRAZIL*

*Art. 101. The Supreme Federal Court is composed of eleven Ministers chosen (...)*

*Sole paragraph: The Ministers of the Supreme Federal Court shall be appointed by the President of the Republic, after (\*) the choice has been approved (...).*

*UNIVERSAL DECLARATION OF HUMAN RIGHTS*

*Art. 21 - Everyone has the right to take part in the government of his country, either directly or through freely "chosen" representatives. Everyone has the right to access, on equal terms, public service in his country.*

*The will of the people is the basis of the authority of public authorities: and it must be expressed through honest elections to be held periodically by universal and equal suffrage, by secret ballot or by equivalent procedures that safeguard freedom of vote.*

*INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS*

*ART. 25 - Every citizen shall have the right and the opportunity, without any of the forms of discrimination mentioned in article 2 and without unfounded restrictions:*

*a) To participate in the conduct of public affairs, directly or through freely "chosen" representatives; b) To vote and to stand for election in periodic, genuine elections held by universal and equal suffrage and by secret ballot, in*

*which the will of the voters is expressed; c) To have access, under general
conditions of equality, to public office in his country.*

*AMERICAN CONVENTION ON HUMAN RIGHTS*

*ARTICLE 23 - Political Rights*

*1. All citizens shall enjoy the following rights and opportunities:*

*a) to take part in the conduct of public affairs, directly or through "freely
elected" representatives; (emphasis added)*

*b) to vote and to be elected in genuine periodic elections, held by universal
and equal suffrage and by secret ballot, which guarantee the free expression
of the will of the voters; c) to have access, under general conditions of equality,
to public office in their country*

**Notes:**

(a)    Approvals by the Senate and appointments shall be made by the President of the
Republic, only after the choices have been made by the people - holders of the judiciary -
through a vote in direct elections.

(b)    Regarding the selection of members of the judiciary, the 1988 constituents (among
whom were Michel Temer and Luiz Inácio Lula da Silva) only authorized the President of
the Republic to select five civilians for the Superior Military Court (art. 123 CF).

(c)    The revocation of the Constitution of the Military Dictatorial Regime by the
Democratic Constitution of 1988 also made LCp. 35 of 1979 (LOMAN – Organic Law of the
National Judiciary) issued during the same military regime incompatible with the new
democratic regime.

(d)    Among Michel Temer's parliamentary activities during the 1987/1988 National
Constituent Assembly, the following stand out: he was a member of the Drafting Committee;
Alternate member of the Systematization Committee; of the Subcommittee on the Judiciary
and Public Prosecution Service; and of the Committee on the Organization of Powers and
System of Government.

## FOURTH ARGUMENT OF THE CAUSES OF ACTION

### "SENTENCE" (in metaphorical sensu) of PRESIDENTS MICHEL TEMER and LULA DA SILVA AGAINST ALEXANDRE DE MORAES

(part no. 02)

**53.**    Michel Temer and Luiz Inácio Lula da Silva also served as federal deputies when
Law 8112/90 was proposed and approved, which regulates the Legal Regime of Civil
Servants of the Union. This law states that it is completely illegal to hold a public office
without the proper qualification through a specific public examination. Or in the case of
political offices, without the proper election.

54. According to Law 8122/90, approved during the term of Michel Temer and Luiz Inácio Lula da Silva as federal deputies, it is absolutely illegal and unconstitutional to hold public office of people directly chosen by the President of the Republic for such positions as Ministers of the SFC (STF) – Supreme Federal Court.

55. When the President chooses directly, to appoint after the Senate hearing, he violates the law by suppressing the mandatory qualification phase for all permanent positions.

> Also according to Law 8,112/90 and art. 37, inc. II and inc. XIII of the Federal Constitution:
>
> *Art. 3 - "Public office is the set of duties and responsibilities provided for in the organizational structure that must be assigned to a civil servant.*
>
> *Sole paragraph: "Public offices, accessible to all Brazilians, are created by law, with their own name and salary paid from the public coffers, to be filled on an effective or commission basis.*
>
> *FEDERAL CONSTITUTION*
>
> *Art. 37. The direct and indirect public administration of any Powers of the Union, States, Federal District and Municipalities shall comply with the principles of legality, impartiality, morality, publicity and efficiency and also with the following*
>
> *(...) II - appointment to a public office or position depends on prior approval in a public examination of tests or tests and qualifications, according to the nature and complexity of the office or position, as provided for by law, except for appointments to positions in commission declared by law to be of free appointment and dismissal*
>
> *(...) XIII - the linking or equating of any types of remuneration for the purpose of remuneration of public service personnel is prohibited;*

56. It so happens that the office of Minister of the STF – was not created by law under the terms of art. 3 of Law 8112/90 with art. 37, items II and XIII of the Federal Constitution and therefore are not authorized to be paid from the public coffers.

57. Due to the lack of a law creating and regulating the form of qualification and admission, the positions of Ministers of the STF are not included in the BGL (LDO) – Budget Guidelines Law to be paid by the Union (technically they do not exist).

58. Due to this legislative omission, Alexandre de Moraes, as well as other members of the STF, were appointed as if they were Magistrates of the Union (a position that requires approval in a public career exam), violating Binding Precedent 43 of the SFC (STF) – Supreme Federal Court itself, which declared this type of appointment to a public position unconstitutional.

59. It is worth noting that the violation of art. 3 of Law 8112/90, enacted and approved during the exercise of the legislature by federal deputies Michel Temer and Luiz Inácio Lula da Silva; It falls under the unconstitutionality determined by the sovereign decision of Binding Summary 43 of the STF and requires the cancellation of the appointment to the position and the return of salaries, due to violation of art. 37, items II and XIII, of

the same Federal Constitution approved and signed by Michel Temer and Lula da Silva.

**60.**   Below is an excerpt from precautionary measure MC 46/25, incidental to Complaint P-1523/24 before the IACHR – Inter-American Commission on Human Rights, of direct interest to the cause debated in this lawsuit:

### FIFTH ARGUMENT OF THE CAUSES OF ACTION

### INTERNATIONAL JUDICIAL INCOMPETENCE OF ALEXANDRE DE MORAES ACCORDING TO ALEXANDRE DE MORAES

### STARLINK ASSET BLOCKING REVEALS FRAUD AGAINST THE USA AND MORAES' DECISIONS MUST BE NULLIFIED

(The nullities exist according to the doctrine in the Constitutional Law and Human Rights books by A. Moraes himself)

**61.**   The blocking of Starlink assets, ordered by A. Moraes, ended up revealing the fraud hidden by Brazilian governments against the USA, as detailed in complaint P-1523/24 of 07/05/2024, paralyzed due to OBSTRUCTION OF JUSTICE practiced by the IACHR – Inter-American Commission on Human Rights of the OAS (by analogy of art. 23 of the UN Convention against Transnational Organized Crime and art. 25 of the UN Convention against Corruption).

**62.** To understand the fraud, first note that all decisions must be annulled under the terms of art. 566, Inc. I of the CPP/BR (incompetence of the judge in the case), due to violations of the right of American citizens and their companies to be tried by a competent judge and court, legally instituted, under the terms of articles 8 and 25 combined with art. 23 of the American Convention on Human Rights.

> *Brazilian Code of Criminal Procedure.*
>
> *Art. 564. Nullity will occur in the following cases:*
>
> *I - due to incompetence, suspicion or bribery of the judge;*
>
> *AMERICAN CONVENTION ON HUMAN RIGHTS*
>
> *ARTICLE 8 - Judicial Guarantees*
>
> *1. Everyone has the right to be heard, with due guarantees and within a reasonable time, by a competent, independent and impartial judge or tribunal previously established by law, in the determination of any criminal charge made against him, or for the determination of his rights or obligations of a civil, labor, fiscal or any other nature.*
>
> *ARTICLE 23 - Political Rights*
>
> *1. All citizens shall enjoy the following rights and opportunities:*
>
> *a) To participate in the conduct of public affairs, directly or through freely elected representatives;*
>
> *ARTICLE 25 - Judicial Protection*
>
> *1. Everyone has the right to a simple and prompt recourse, or to any other effective recourse, before competent judges or tribunals for the protection of*

*him against acts that violate his fundamental rights recognized by the constitution, by law or by this Convention, even when such violation is committed by persons acting in the exercise of their official functions.*

**63.** The referral of complaint P-1523/24 to the Inter-American Court of Human Rights of the OAS is being OBSTRUCTED by the IACHR – Inter-American Commission on Human Rights.

**64.** Human Rights. Complaint P-1523/24 states that Alexandre de Moraes does not have international judicial jurisdiction because he was invested in the position without having been elected by the Brazilian people. The appointment of Alexandre de Moraes to the STF violated the Sole Paragraph of Article 1 of the Federal Constitution, together with the "caput" of Article 101.

**65.** Based on this observation, note that in order to formulate complaint P-1523/24, I followed the guidance given in a response from the UN General Secretariat in a letter after the complaint of the misappropriation of US$ 346,602.00 donated by the USA to the Ministry of Justice – BR, when that agency was under the direction of Alexandre de Moraes.

**66.** In the letter ordered by the UN General Secretariat, through UNIC-RIO, I was advised to exhaust domestic legal remedies more than I had already done.

**67.** In response to the reported injustices and the repeated denial of rights by the public justice system, all that was left for me to do was petition for the right of Brazilians to elect their representatives to the Judiciary, based on the choices made by the Ministers of the STF. (Extrajudicial Notification No. 16,513,270, by the CDT – Centro de Distribuição de Títulos de S. Paulo, on 12/07/2016)

**68.** Based on this constitutional petition, I subsequently challenged the appointment of Alexandre de Moraes to the SFC (STF) – Supreme Federal Court, for constitutional violations of articles 1, sole paragraph, 2, 14 and 101 of the Federal Constitution. (Extrajudicial Notification No. 1,810,829 - 6th Civil and Legal Entity Registry Officer of the Capital-SP.)

**69.** But the documents were criminally disappeared due to suppression and prevarication (art. 305 and 319 of the Brazilian Penal Code)

**70.** The criminal disappearance of the constitutional petition of challenge, without due process of law, generated the clear and certain right to a writ of mandamus to invalidate the possession and annul the appointment of A. Moraes, under the terms of art. 5, inc. XXXIV, LV, LXIX - CF and Summary 473 of the STF itself:

> *"The administration may annul its own acts, when they are tainted with defects that make them illegal, because no rights arise from them; or revoke them, for reasons of convenience or opportunity, respecting acquired rights, and subject to judicial review in all cases."*

**71.** This fact nullifies its jurisdiction to judge ELON MUSK, STARLINK and EMPLOYEES OF X-CORP COMPANIES; MICHAEL SHELLENBERGER; RUMBLE CO and any other American.

**72.** Because the crimes related to the impeachment reinforce the thesis of the illegality of the appointment of Alexandre de Moraes, since he was not elected by the Brazilian people.

**73.** This leads us to the conclusion of international incompetence, considering that American citizens and companies harmed by Alexandre de Moraes are protected by the right to a judge legitimately invested in office, according to articles 8, 23, 25 of the American Convention on Human Rights.

**74.** For the US Justice, the concealment of the truth by the STF, in accordance with the principle of international reciprocity, means that American citizens were subjected to deprivation of due process of law, with violations of the 1st, 5th, 6th and 14th Amendments to the US Constitution.

**75.** Concealment of the truth can be declared a crime of fraud and result in the nullification of the powers of A. Moraes and the Brazilian Supreme Court over Americans, indirectly causing their impeachment, based, for example, on the following:

> *18 US Code Chapter 47 - FRAUD AND FALSE STATEMENTS:*
> *18 US Code § 954 - False statements influencing a foreign government*

**76.** The thesis of the nullities raised here is based on the vast doctrine published in the books CONSTITUTIONAL LAW (Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023) and FUNDAMENTAL HUMAN RIGHTS - General Theory (Ed. Atlas, 2021, 12th Ed.), written by Alexandre de Moraes himself.

**77.** Here we transcribe only a brief illustration of the right to petition to challenge the appointment of Alexandre de Moraes, which was criminally violated and, according to Alexandre de Moraes himself, authorizes the filing of a Writ of Mandamus and the accountability of the public servants involved.

**78.** Next, brief illustrations of Alexandre de Moraes' lessons on the establishment of the Democratic State of Law through the sovereignty of the people's vote as holders of the powers of the Union (legislative, executive and judiciary) in the election of its legitimate representatives. And also, on the principle of the natural judge, whose recognition of competence requires compliance with constitutional rules.

## On the Right to Petition protected by the Writ of Mandamus

> *Chapter 7 – RIGHT TO PETITION (7.4 - Purpose)*
>
> *The purpose of the right to petition is to inform the Public Authority of the illegal or abusive fact, so that it can take appropriate measures. The exercise of the right to petition does not require that it be addressed to the competent body for action to be taken, and whoever receives it must forward it to the competent authority.*

*The right to petition is constitutionally effective, obliging the public authorities addressed to receive, examine and, if necessary, act upon the petition. Necessary, to the response within a reasonable period of time, under penalty of configuring a violation of the petitioner's clear and certain right, which can be remedied by means of a writ of mandamus.*

*It should be noted that, despite the impossibility of obliging the competent Public Authority to adopt measures to remedy any illegalities or abuse of power, there will be a possibility, later, of holding the negligent public servant liable, civilly, administratively and criminally.*

***(ALEXANDRE DE MORAES - Constitutional Law - Chap. 4 - Constitutional Protection of Freedoms*** *- Title 7 - Right to Petition - 7.4 - Purpose - pg. 230 - Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023)*

**About the Democratic State of Law and the right to free elections of representatives of the people in the powers of the Union: (legislative, executive and judiciary)**

***FOUNDATIONS OF THE FEDERATIVE REPUBLIC OF BRAZIL***

*The Democratic State of Law, which means the requirement to be governed by democratic norms, with free, periodic elections by the people, as well as the respect of public authorities for fundamental rights and guarantees, proclaimed in the caput of the article, also adopted, in its sole paragraph, the so-called democratic principle, by stating that "all power emanates from the people, who exercise it through representatives elected or directly, under the terms of this Constitution".*

***(ALEXANDRE DE MORAES - Constitutional Law - Chap. 1 - Foundations of the Federative Republic of Brazil*** *- pg 18 - Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023)*

*"Without respect for the dignity of the human person there will be no Rule of Law, popular participation in the political affairs of the State will disappear, breaking respect for the principle of popular sovereignty, which proclaims that all power emanates from the people, with the disastrous consequence of the end of Democracy."*

***(Article by ALEXANDRE DE MORAES - Fundamental Human Rights and Democracy -)***

***Regarding the absence of international judicial jurisdiction:***

***PRINCIPLE OF THE NATURAL JUDGE (ART. 5, XXXVII AND LIII)***
*The Federal Constitution provides, in two paragraphs of art. 5th, the principle of the natural judge:*
*"Art. 5º (...) XXXVII - there shall be no exceptional court or tribunal;*

19

*(...) LIII - no one shall be prosecuted or sentenced except by the competent authority."*

*The impartiality of the Judiciary and the security of the people against state arbitrariness find in the principle of the natural judge one of their indispensable guarantees. (...)*

*The natural judge is only one integrated into the Judiciary, with all the institutional and personal guarantees provided for in the Federal Constitution. (...)*

*The aforementioned principle must be interpreted in its entirety, in such a way as to prohibit not only the creation of exceptional courts or tribunals, but also absolute respect for the objective rules for determining jurisdiction, so that the independence and impartiality of the judging body are not affected.*

*(**ALEXANDRE DE MORAES - Constitutional Law – Chap. 3 – Fundamental Rights and Guarantees, - 21. Principle of the Natural Judge**, pg. 111) Editora Atlas, 2024, 40th edition, updated to EC 132, of 12/20/2023)*

## REQUEST TO THE COURT

In view of the above, MARÇAL HONDA, requests a judgment against former prosecutor Alexandre de Moraes, as follows, to:

**1**.    Admit my admission as a party together with the authors RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP and under the same legal representation under the terms of the Federal Rules of Civil Procedure - Title IV - Rule 20 (Permissive Joinder of Parties); (a) - (1) - (B) - (b)

**2.**    To accept the addition of my claims to the requests made by the initial authors, pursuant to Rule 18 of the Federal Rules of Civil Procedure - Title IV, with permission to subsequently submit the documents proving the challenge to the appointment of Alexandre de Moraes and the obstructions practiced by Tânia Paneaun Pansz (executive secretary of the IACHR - OAS) after providing a sworn translation from Portuguese to English.

**3.**    To include Tânia Paneaun Pansz, executive secretary of the Inter-American Commission on Human Rights, as a passive party in the action, dismissing any request for diplomatic immunity, to respond for the obstruction of complaint P-1523/24; of Precautionary Measure (MC) 46/25 and of Petition 96769 - IACHR / OAS, pursuant to 18 US Code § 1505 - (Obstruction of proceedings before departments, agencies and committees).

**4.**    To acknowledge that the defendant Alexandre de Moraes, associated with the President of the Republic, the President of the SFC (STF) – Supreme Federal Court and supported by the omission of the Senator and President of the Brazilian National Congress, practiced the conduct provided for in 18 US Code Chapter 47 - FRAUD AND FALSE STATEMENTS § 1001 and 18 US Code § 954 - FALSE STATEMENTS INFLUENCING FOREIGN GOVERNMENT

**5.**    To declare the unenforceability of the sentences and orders of the Brazilian Judiciary in US territory and in the protection of American citizens and their companies wherever they

are, under the terms of pursuant to 28 U.S. Code § 2467 - Enforcement of foreign judgment , (d): (1) - (A), (B), (C) , (D) and (E)

Until the rule of law is reestablished in Brazil, based on the faithful compliance with art. 1, sole paragraph combined with art. 2, art. 14 and caput of art. 101 of the Brazilian Federal Constitution and art. 23 of the American Convention on Human Rights (to which it submitted by Decree 678/92), with democratic elections of representatives of the Brazilian people in the Judiciary, based on direct elections of the Ministers of the SFC (STF)  - Supreme Federal Court.

**6.** Authorize my report for the promotion of a Qui Tam Action against the Brazilian Government, based on 31 US Code § 3730 - Civil actions for false allegations, for the return of $38,304,402.00 (thirty-eight million, three hundred and four thousand, four hundred and two dollars) to the US Government, for violation of the international financial aid agreement signed by Decrees 179/24-July-1991 and 2242/02-July-1997.

**7.** Warn the defendant about the duty to respect freedom of expression and thought regarding the publications that I will make of books, articles and lectures about the constitutional fraud reported and the content of this action, including in US territory, considering the incidental possibility of issuing a protective order against possible judicial and political harassment or obstruction of justice.

For exemple, against possible revocation of my passport or legal harassment and persecution resulting from the publication of a book, articles and lectures that I intend to do in the US.

**8.** Grant other additional and reparatory measures that the Court deems fair and appropriate.

Date: March 4, 2025

Respectfully submitte

Documento assinado digitalmente
**gov.br** **MARCAL HONDA**
Data: 05/03/2025 01:36:53-0300
Verifique em https://validar.iti.gov.br

By: **MARÇAL HONDA,**

Brazilian voter, retired Police Chief, Independent Lawyer, registration no. 486,798 – OAB/SP; Professional Journalist no. 45,561/SP-MTb, member of the FIJ – International Federation of Journalists, no. BR/19,182

Tel. Whatsapp: +55 11 94550-3917 -e-mail: honda17usa@gmail.com Rua dos Andradas, 47 – Bairro da Luz – São Paulo – SP- BRAZIL - CEP. 01208-001d.