**To the IACHR – INTER-AMERICAN COMMISSION ON HUMAN RIGHTS of the OAS – ORGANIZATION OF AMERICAN STATES**

**Ref. <u>COMPLAINT OF VIOLATION OF THE RIGHT TO JUDICIAL PROTECTION with OBSTRUCTION OF JUSTICE (art.25 of the ACHR)</u>**

Against: Public agents of the Ministry of Justice of Brazil, of the STF – Supreme Federal Court; of the TJSP – Court of Justice of the State of São Paulo and of the Civil Police Internal Affairs of São Paulo, for violations of the right to judicial protection and administrative persecution and procedural harassment (art.25 of the ACHR) and of this IACHR – Inter-American Commission on Human Rights for obstruction of justice

Victims: **MARÇAL HONDA** (P-1523/24); **MARCO RÚBIO** - U.S. SECRETARY OF STATE (CASE CONTROL F-2016-07498) and **ELON MUSK** - CHIEF OF THE DEPARTMENT OF GOVERNMENT EFFICIENCY UNDER U.S. PRESIDENT DONALD TRUMP

**ON THE ALLEGATION OF CORRUPTION INVOLVING US$346,200 FROM THE U.S. AS THE CAUSE OF PERSECUTION AND JUDICIAL HARASSMENT**

In September 2016, the United States Government allocated US$346,200 to the Brazilian Ministry of Justice, which at the time was under the command of ALEXANDRE DE MORAES.

I questioned the accounting of the money provided for a security project, and the office of Justice Minister Alexandre de Moraes denied having received such an amount.

Alexandre de Moraes' office also denied knowing about the international agreement originating from the funds provided by the U.S.

Through the aforementioned agreement denied by Alexandre de Moraes' office, the US has provided Brazil with US$38,304,402.00 since 1992, for the prevention and combat of drug trafficking and money laundering.

There is a risk that other amounts from the various international agreements between Brazil and the US may be suffering the same type of diversion.

In this regard, the documents are available in the proceedings Case 1:20-cv-07932 Southern District Court in New York, in Case 1:2020cv04090 Eastern District Court, and in Case control F-2016-07498 of the US DEP.STATE and in the Proceedings No. 00137.002670/2022-39 (22351539) of the CGU-Comptroller General of the Union (Brazil)

I reported several violations, including the aforementioned misappropriation of funds, to the UN General Secretariat.

The SG/UN responded to me through UNIC-RIO, in a letter dated November 2016, instructing me to insist on resolving the case through internal and regional means (OAS) before resorting to the United Nations.

It turns out that I had already exhausted all means, which is why in December 2016, through an extrajudicial notification, I submitted a constitutional petition to exercise the people's right to elect representatives to the Judiciary.

I proceeded in this way, considering that the Brazilian judicial authorities fail to provide justice in order to favor and protect public agents who persecute and violate human rights and who exhaustively demand them.

This right to justice through democratic elections is a defense against the collusion of judges who are committed to politicians and public agents who violate them.

This right to popular representation in the Judiciary is guaranteed through direct elections of the Ministers of the STF – Supreme Federal Court, as determined in art. 1, sole paragraph combined with art. 2, art. 14 and art. 101 "caput" of the Federal Constitution.

It is important to emphasize that the exercise of this right only requires regulation by means of an ordinary law equivalent to the Brazilian Electoral Code.

For years I have been demanding this right of the Brazilian people to elect their representatives to the Judiciary through direct elections of the Ministers of the STF.

All in accordance with the articles cited in the Federal Constitution and art. 23 of the American Convention on Human Rights and as summarized in Complaint P-1523/24 and respective MC.

However, the IACHR – Inter-American Commission on Human Rights, continues to obstruct the forwarding of complaints to the IACHR – Inter-American Court of Human Rights for due judgment.

**THE RELATIONSHIP BETWEEN ALEXANDRE DE MORAES AND THE MAIN PERSECUTOR, DELEGATE RUY FERRAZ FONTES**

The suspicion of corruption regarding the money provided by the US government to the Ministry of Justice, under the command of Alexandre de Moraes, triggered the specific retaliation starting in January 2017.

It is interesting to note that in 2016, Alexandre de Moraes was the Minister of Justice under President Michel Temer, and was expected to fill the next vacancy that opened up in the STF.

This vacancy opened up with the death of Teori Zavascki, in a plane crash on January 19, 2017.

And "coincidentally" or not, on the same date, January 19, 2017, under the command of Delegate Ruy Ferraz Fontes, the DENARC administration falsified the Attendance Map for the month of October to attribute absences from work that never happened to me.

The aforementioned Attendance Map is the document that certifies the presence of employees at work during the semester, including October.

This Attendance Map had already been inspected and validated in the Ordinary Inspection of November 2016, without indicating any fault against me my person and without the false information that I had only reported back to work on October 1, 2016.

This Ordinary Inspection, which oversees the work of the various units of the department, proves that the Attendance Map was falsified on January 19 to include the lie that I was absent from work for 56 days between August 1 and September 30, 2016.

And with this false information, even in the face of official documents that prove my presence, Chief Ruy Ferraz Fontes ordered the opening of an administrative process to expel me from the Police.

I worked as a Chief of Police in the Drug Prevention Division of DENARC, under the command of Chief Ruy Ferraz Fontes, when, under his orders, the DENARC administration itself falsified an administrative document to falsely accuse me of having been absent for 56 consecutive days.

Based on the extrajudicial notification of December 2016, I challenged the appointment and inauguration of Alexandre de Moraes as a Justice of the STF, effective February 2017.

And as reported in complaint P-1523/24 obstructed by the IACHR/OAS, the challenge documents were criminally suppressed without due legal process.

With Alexandre de Moraes at the STF, Delegate Ruy Ferraz Fontes intensified the persecution against me.

It is worth noting here that Delegate Ruy Ferraz Fontes was the target of a corruption investigation that caused him to lose his position as head of the Specialized Bank Robbery Unit at the DEIC.

As a result, Ruy Ferraz Fontes was transferred to work at the 69th Police District in the east of the Capital, when in August 2011, a gang allegedly stole 350 million dollars, mostly in jewelry, from the safes of an Itaú Bank branch, on Paulista Avenue, in the central area of the Capital.

And as stated in the 30 volumes of process 0086459-69.2011.8.26.0050 - 4th Criminal Court - Central Forum of Barra Funda / SP and Processes No. 00001.000819/2023-61    No.    00001.000818/2023-17    and    No.

00001.007109/2023-62 - SUPER /Pres.República, strangely, the representatives of Banco Itaú did not register the occurrence as they should have done immediately at the 78th Police District (central area) or at the Bank Robbery Police Station of DEIC.

Instead, they handed over the recordings of the entire robbery, which enabled the identification of the 12 perpetrators, to Police Chief Ruy Ferraz Fontes, who was working at the 69th Police Precinct in Sapopemba (east area), completely outside his area of jurisdiction.

Police Chief Ruy Ferraz Fontes kept the footage for eight days and only after this period did the representatives of Banco Itaú provide the report of the incident.

> ***Note: Police Chief Ruy Ferraz Fontes demonstrated his habit of suppressing electronic evidence by ordering the deletion of the footage from the DENARC CCTV system, when he falsely accused him of having been absent from work for 56 days.***

It should be noted that two months after the report of the incident, out of a total of more than 170 safes stolen, only three victims, clients who rented safes, filed a complaint about the stolen goods.

Over the years, although the perpetrators were identified, arrested and prosecuted, there has been no news of the recovery of the stolen funds. A minimal amount of jewelry was seized.

It is assumed unofficially that 95% of the jewelry was not recovered or may have been returned to clients who feared having the origin of their assets investigated.

This theory is reinforced by the fact that the victims, for the most part, were not identified in the process.

And considering that Banco Itaú had purchased the assets of Creditanstalt-Bank Austria, an Austrian bank that was Nazi-affiliated to store assets stolen from Jews, suspicion arose that the jewelry stolen from the broken-in safes could have belonged to Jews who were victims of Nazism imposed by Hitler.

And if the jewelry was recovered after the perpetrators were immediately identified, it may have been given to clients who were supposedly Nazis or of Nazi descent, presumably the tenants of the broken-in safes.

Later, the Secretary of Public Security who was investigating, Delegate Ruy Ferraz Fontes, left his post.

On the other hand, Delegate Ruy was promoted to head of the Division that commands the Bank Robbery Division.

And as soon as Alexandre de Moraes took command of the Public Security Secretariat in 2015, he appointed Delegate Ruy Ferraz Fontes as Director of DENARC.

Alexandre de Moraes appointed Delegate Ruy Ferraz Fontes, even though he knew that Ruy was an expert in the investigations into Transcooper, a legal entity that was under suspicion of money laundering from drug trafficking.

The transport cooperative Transcooper was a client of Alexandre de Moraes' law firm.

After Alexandre de Moraes was appointed Justice of the STF, Delegate Ruy Ferraz Fontes was promoted to Chief of Police (head of the entire Civil Police of the State of São Paulo).

**PERSECUTION BY DELEGATE RUY FERRAZ FONTES, PROTECTED BY JUDICIAL HARASSMENT AND PREVARICATION BY THE STF OF ALEXANDRE DE MORAES**

In the position of DGP – General Delegate of Police, superior to the Police Civil Police Internal Affairs of São Paulo, Ruy Ferraz Fontes, intensified the persecution to try to expel me from the police through PAD 85/20, while the persecutors are protected by the Judiciary.

With Alexandre de Moraes in the STF, Delegate Ruy Ferraz Fontes was shielded by the prevarication and suppression of the judgment of Evidence Protection 44346/2022 Petitioned on 06/09/2022 at 9:46 pm in the proceedings of ARE 1383711.

And more recently, shielded by the TJSP with the dismissal of the lawsuit to annul the accusatory process (PAD 85/20). Proceeding 0012499-85.2022.8.26.0053 of the 12th Public Treasury Court of the TJSP

The thesis of persecution based on the accusation of corruption regarding funds paid by the United States Government is reinforced by the fact that in 2018 - with Alexandre de Moraes at the STF - the AGU – Attorney General's Office, Proc. NUP. 00414/001919/2016-24 – CCAF/AGU – Attorney General's Office petitioned the Civil Police Internal Affairs of São Paulo AP.145/2018 for me to be punished for having investigated corruption regarding more than 38 million dollars paid by the USA to Brazil.

The embezzlement and corruption occurred over a 25-year period, through an international agreement to prevent and combat drug trafficking and money laundering, which was denied by Alexandre de Moraes' office, even with proof of the allocation of 346,200 in September 2016.

All requests for information on the accountability of funds paid by the US to Brazil were denied.

Just like the requests for investigation by the CGU – Office of the Comptroller General of the Union and by the TCU – Federal Court of Auditors, they were also denied on the grounds of ignorance of the International Agreement, even with the information provided by the Ministry of Foreign Affairs on the allocations specified and approved on specific dates.

Regardless of the totals from which acts of corruption can be inferred, a pattern of illicit conduct may be revealed regarding other agreements in which the US makes payments to the Brazilian government.

Such conduct may reveal the tip of an iceberg of corruption in which funds received in international agreements are diverted and subtracted.

In addition to possible overbilling, it is possible that the projects justifying the financial aid were not carried out or were carried out with the Union's ordinary budget funds, resulting in a blow against the USA.

## SOME PROCEDURAL FRAUDS AND SUCCESSIVE MISCONDUCT THE CORRUPTION INVESTIGATION INTO THE US$ 38 MILLION PAID BY THE UNITED STATES TO BRAZIL

Alexandre de Moraes: As Minister of Justice, he did not comply with the Reperc. General T. 784 and in the STF, voted against me in ARE 1353377 (5003029-21.2018.4.03.0000-TRF-3). In addition to being a victim of fraud in a competition for Federal Police Delegate, I was ordered to pay 110% of the amount in dispute.

Voted for my conviction to pay increased fees in ARE 1383711- STF on Proc. 0018108-54.2019.8.26.0053 - 4th V. JEFAZ/TJSP and Proc. 001249985.2022.8.26.0053 - 12th V. Faz. Pub. -TJSP, referring to the false accusation in the dismissal PAD 85/20 of the Civil Police Inspectorate of SP.

In this case, the STF prevaricated and suppressed the judgment of an evidentiary guardianship, in ARE 1383711 - (Evidence Guardianship 38261/2022 Petitioned on 05/23/2022 - Rec. on 05/23/2022 23:00:49, by EXTR.REC. GER.

The STF prevaricated in complying with its own decisions in MI (Injunction Writ) 755 c/c SV - Binding Summary 33 in the records of Rcl. 13,104 and AR 2745. And it also failed to comply with its own decision in General Repercussion Theme 784 RCl. 34,268 and ARE 1353377-5003029-21.2018.4.03.0000-TRF 3

The STF suppressed the judgment of the Procedural Appeal - Petition: 19246 Date: 04/30/2014 13:54:42.424 GMT-03:00, in the proceedings of RCl 13,104; of (ARE 1383711);

The STF suppressed the judgment of the Evidence Protection 38261/2022 Petitioned on 05/23/2022 - Rec. 05/23/2022 23:00:49 Gen. Extr. Rec. (AR 2745)

The STF suppressed the judgment of the Pet. stay until solution of COERCION IN THE COURSE OF THE ACTION -105584/2020 Petitioned on 12/10/2020 - Rec. 12/10/2020 15:43:51 by GPOC;- 103750/2020 Petitioned on 12/4/2020 - Received on 12/4/2020 2:49:00 PM by GPOC.

Several petitions preceding HC 139573 disappeared at the STF.

Then the 4 challenges to the appointment of Alexandre de Moraes and 13 other miscellaneous petitions disappeared:

(1) - (AR) SB 32045974 3 BR – PROT. STF GUIDE No. 179,207 on 03/23/2017

(2)- (AR) DV 72338165 5 BR – PROT.STF GUIDE No. 179,431 on 03/28/2017

(3)- (AR) JR 51706541 5 BR – PROT.STF GUIDE No. 182,016 on 07/03/2017

(4)- (AR) PL 19232753 4 BR – PROT.STF GUIDE No. 182,835 on 08/03/2017

(5)- (AR) DN 54285344 5 BR - STF PROTOCOL No. 168,372 on 05/06/2016; (6)- (AR) JO 61249059 4 BR - STF PROTOCOL No. 168,624/15 on 05/13/2016;

(7)- (AR) JO 09882054 6 BR - STF PROTOCOL No. 168,812 on 05/18/2016;

(8)- (AR) JO 65472111 8 BR - STF PROTOCOL No. 169,189 on 05/30/2016;

(9)- (AR) JO 61247656 1 BR - STF PROTOCOL No. 169,972 on 06/17/2016;

(10)- (AR) DV 35609801 2 BR - STF PROTOCOL No. 175,394 on 11/28/2016;

(11)- (AR) JR 14025083 0 BR - STF PROTOCOL No. 175,908 on 12/12/2016; (12)- (AR) DV 71949650 1 BR - STF PROTOCOL No. 180,624 on 05/15/2017;

(13)- (AR) DV 65173515 2 BR - STF PROTOCOL No. 181,477 on 06/12/2017;

(14)- (AR) JR 51706542 9 BR - STF PROTOCOL No. 182,016 on 07/03/2017;

(15)- (AR) JH 55506724 9 BR - CORREGEDORIA/CNJ PROTOCOL - jlm TJ MAT.s064520-STJ on 03/11/2015; (16)- (AR) JH 54917383 5 BR - PROTOCOL CORREGEDORIA/CNJ - jlm TJ MAT.s064520-STJ on 04/20/2015; (17)- (AR) JH 81374173 1 BR - PROTOCOL CORREGEDORIA/CNJ - jlm TJ MAT.s064520-STJ on 05/06/2015;

(*) The challenges from the year 2023 have not yet been answered.

**INFORMATION on CASE FILES IN THE FEDERAL COURTS OF NEW YORK – USA, ON THE POSSIBLE MISAPPROPRIATION OF US$ 346,602.00 ON 09/10/2016, PAID BY THE US GOVERNMENT TO THE MINISTRY OF JUSTICE UNDER THE MANAGEMENT OF MINISTER ALEXANDRE DE MORAES.**

*Case 1:20-cv-07932 Southern District Court in New York ; Case 1:2020cv04090 Eastern District Court in New York ; ( Ref. : According to Decrees 179/24-July-1991 to 2242/02-July-1997, the United States of America maintains an international cooperation agreement with Brazil to combat drug trafficking and reduce demand, which was later extended to combat transnational organized crime and money laundering. The transfer of financial aid from the USA to BRAZIL to fund projects took place through periodic memorandum provided for in the Agreement. Memorandun were found from 1992 to 2008, with addendum letters until at least 2016, for a total of approximately US$38,304,402.00 (THIRTY-EIGHT MILLION, THREE HUNDRED AND FOUR THOUSAND, FOUR HUNDRED AND TWO DOLLARS)*

## OF THE ORDER

In view of the above, I request that this complaint be forwarded to the IACHR – Inter-American Court of Human Rights, without obstruction on the part of that IACHR - Inter-American Commission on Human Rights, so that public agents of the Ministry of Justice and the Federal Supreme Court, of the Court of Justice of the State of São Paulo, of the Internal Affairs Office of the AGU and of the Internal Affairs Office of the Civil Police of São Paulo, be tried for violations of Article 25 of the American Convention on Human Rights, committed through intense administrative and judicial harassment.

I also request that the victims MARCO RUBIO, Secretary of State of the United States and ELON MUSK, Chief of the Office of Government Efficiency of President DONALD TRUMP, be notified of this complaint at the official address of the US White House.

And that the documents cited in the complaint be requested from the Government of Brazil, which holds them all in digital format, without prejudice to those that I will send by mail.

And in addition to all of the above, I request the right to freedom of expression provided for in art. 13 of the ACHR, to publish this complaint, in addition to a book, initially under the title "MUSK, SALAZAR AND TRUMP Vs. ALEXANDRE DE MORAES"

BRAZIL, S. Paulo, February 2, 2025

N. Terms, P. Granting

**MARÇAL HONDA**

Tel. Whatsapp: +55 11 94550-3917 -e-mail: honda17usa@gmail.com Rua dos Andradas, 47 – Bairro da Luz – São Paulo – SP- BRAZIL - CEP. 01208-001