# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP ORP**.<br><br>Initial plaintiffs, and<br><br>**MARÇAL HONDA,**<br><br>Incidental plaintiff<br><br>v.<br><br>**ALEXANDRE DE MORAES**<br><br>Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | **Civil Action No. 8:25-cv-411**<br><br>MOTION FOR RECONSIDERATION ON THE GROUNDS OF **OBSTRUCTION OF JUSTICE** AND DISMEMBERMENT OF DOCUMENTS AND FORWARDING TO THE CRIMINAL DISTRICT ATTORNEY AND THE FBI. **REF. 18 USC Ch. 73: OBSTRUCTION OF JUSTICE §§ 1512. (And) 1513.** |

**HONORABLE JUDGE,**

**A MOTION FOR RECONSIDERATION ON THE GROUNDS OF OBSTRUCTION OF JUSTICE, WITHOUT THE INTENT OF APPEALING THE MERITS OF THE DECISION AND WITHOUT REITERATING THE PREVIOUS MOTIONS AND ARGUMENTS.**

MOTION: MOTION FOR RECONSIDERATION ON THE GROUNDS OF OBSTRUCTION OF JUSTICE AND DISMEMBERMENT OF DOCUMENTS AND FORWARDING TO THE CRIMINAL DISTRICT ATTORNEY AND THE FBI. REF. 18 USC Ch. 73: OBSTRUCTION OF JUSTICE §§ 1512. Tampering with a witness, victim, or an informant. (And) 1513. Retaliating against a witness, victim, or an informant

*First, I confirm that I received the letter from this Court on May 27, 2025.*

*I also inform you that I do not have the financial resources to hire a lawyer before this Court, nor to pay legal fees and costs or the costs of translating documents. I receive approximately US$ 2,200.00 per month as my retirement payment (the equivalent of less than 50% of the average salary of a police officer in the USA).*

RECENT FACTS

**OBSTRUCTION OF JUSTICE PRIOR TO THE DECISION OF THIS COURT**

In, April 29, 2025, at 12:00 p.m., I received a call from the Internal Affairs Office of the Civil Police of São Paulo/BR, summoning me to the CIVIL POLICE INTERNAL AFFAIRS OF SP/BR, for the SEI process No. 05800033335/2025 instituted in retaliation against me, due to the journalistic article published on March 12, 2025 (PUBLICATION THAT I NEVER AUTHORIZED), about my intervention in this Civil Action, reporting my complaint of persecution by Alexandre de Moraes.

At 12:28 p.m., I received an email with the aforementioned notification REF. TO :

*Government of the State of São Paulo*

*Civil Police of the State of São Paulo*

*Ombudsman's Office-Police Assistance-Police Assistance*

*DISPAPER*

*OZB/gg*

*Process No.: 058.00033335/2025-79*

*Interested party: Dr. Marçal Ronda - Retired Police Chief*

*Subject: CGPC No. 1273/2025. E-mail, dated 03/13/2025, Police Intelligence Unit of the General Ombudsman's Office of the Civil Police, ref. Technical Report No. 040/2025. Forwards a news article published on the ESTADÃO news portal, on 03/11/2025, referring to the interested party, with the headline: "SP Civil Police Chief wants to be part of the lawsuit against Moraes in the US; find out who he is". In view of the above, please forward the report to the Operational Division for preliminary investigation and respective instructions, and return it with a conclusive statement.*

*São Paulo, on the date of the digital signature.*

*OLAVO REINO FRANCISCO*

*DIVISIONAL POLICE DELEGATE POLICE ASSISTANCE*

At 4:36 p.m., the decision of this district court was released.

The obstruction of justice was already configured under the terms of 18 USC Ch. 73: OBSTRUCTION OF JUSTICE §§ 1512. Tampering with a witness, victim, or an informant. (And) 1513. Retaliating against a witness, victim, or an informant being committed even before the course of this action in which it was carried out before the decision of April 29, 2025 and will continue with the objective of destroying my life in revenge, as they tried through Administrative Proceeding 85/20.

The process and the subpoena are an abuse of authority, because they no longer have the prerogative to investigate or punish me, since I retired in July 2022 and I am currently a lawyer with the immunities provided for in the OAB Statute.

But it turns out that they have ALEXANDRE DE MORAES and the STF to protect their illegalities and habitual abuses in this critical moment of dictatorship of the Judiciary, whose hallmark of the current democratic rupture is the annulment of the rule of law and the annihilation of due process.

And the goal this time is certainly to revoke my retirement and destroy my life.

They only failed to expel me from the police through Administrative Proceeding 85/20 because I raised the suspicion that Alexandre de Moraes' trusted man, who was in charge of that persecution, could be involved in the corruption of the largest bank robbery that ever occurred in Brazil (from which they allegedly stole more than 300 million dollars in jewelry allegedly stolen from Jews taken to Nazi concentration camps).

This same trusted man was appointed by Moraes as director of the department where I worked and subjected me to the humiliations of SEVEN YEARS OF FORCED LEISURE WITH SPECIFIC RACIAL DISCRIMINATION.

For almost seven years I was kept in the Division's junk room, without a telephone, without a computer, without privacy, surrounded by discarded materials and rubble, and prevented from performing my duties as a Police Chief.

This racism was aggravated by the fact that I taught capoeira classes (a sport, just like me, of Afro-Brazilian origin - Asian father and black mother) to children from the outskirts of the suburbs of São Paulo, in my humanitarian project of Sports as Prevention Against Drugs and Crime.

In fact, my legal appeal (Evidence Protection) that I had filed against that Administrative Proceeding 85/20 simply disappeared from the Supreme Court's agenda of Alexandre de Moraes and was suppressed without judgment.

**INFORMATION in PROCESSES IN THE FEDERAL COURTS OF NEW YORK – USA, ON THE POSSIBLE MISAPPROPRIATION OF US$ 346,602.00 ON 09/10/2016, PAID BY THE US GOVERNMENT TO THE MINISTRY OF JUSTICE UNDER THE MANAGEMENT OF MINISTER ALEXANDRE DE MORAES.**

**Case 1:20-cv-07932 Southern District Court in New York ; Case 1:2020cv04090 Eastern District Court in New York ;**

( Ref.: According to Decrees 179/24 July 1991 to 2242/02 July 1997, the United States of America maintains an international cooperation agreement with Brazil to combat drug trafficking and reduce demand, which was later extended to combat transnational organized crime and money laundering.The transfer of financial aid from the USA to BRAZIL to fund projects took place through periodic memorandum provided for in the Agreement. Memorandun were found from 1992 to 2008, with addendum letters until at least 2016, for a total of approximately **US $ 38,304,402.00 (THIRTY-EIGHT MILLION, THREE HUNDRED AND FOUR THOUSAND, FOUR HUNDRED AND TWO DOLLARS)**

As stated in Complaint P-1523/24 – IACHR/OAS regarding Alexandre de Moraes:

> He voted for my conviction to pay increased fees in ARE 1383711- STF regarding Proc. 0018108-54.2019.8.26.0053 - 4th V.JEFAZ/TJSP and Proc. 001249985.2022.8.26.0053 - 12th V. Faz. Pub. -TJSP, re. the slanderous denunciation in the dismissal PAD 85/20 of the Civil Police Inspectorate of SP. In this case, the STF prevaricated and suppressed the judgment of an evidentiary injunction, in ARE 1383711 - (Evidence Injunction 38261/2022 Petitioned on 05/23/2022 - Rec. on 05/23/2022 23:00:49, by EXTR. REC. GEN.

The misuse of the purpose of the Internal Affairs Units in Brazil, used for political and ideological persecution, is common and they act according to a pattern.

They begin with any administrative procedure, absurdly violate due process and, with the support of the Judiciary, destroy the lives of those who are considered undesirable by the system.

It was this same Internal Affairs Unit of the Civil Police of SP/BR that instituted the AP (Preliminary Investigation) 148/18 against me, at the request of the Internal Affairs Unit AGU - Attorney General's Office to punish me. because I had denounced the misappropriation of 38 million dollars donated by the US Government to Brazil, through an international agreement.

The process that I opened to investigate the total amount of funds donated to Brazil due to this same bilateral international agreement is still open at the US State Department (Case Control F- 2016-07498).

Therefore, the present obstruction of justice also constitutes a violation of art.

Furthermore, the theft of more than 300 million dollars, possibly stolen from Jews during Nazism, is in the interest of the community American Jewish community that filed a lawsuit seeking compensation in a New York Federal Court against the Austrian bank that confessed to having collaborated with Nazism.

Amid pressure to reveal the names of its clients, this Austrian bank that had been Nazified by Hitler and used to store jewelry stolen from Jews sold its assets to the Brazilian bank that was robbed.

And so, hypothetically, the Jewish jewelry still stored in that Austrian bank would have been transferred to the safes of the Brazilian bank that was robbed in August 2011, in downtown São Paulo.

Brazilian law allows the breaking of bank secrecy for criminal investigations, but most of the 170 clients who owned the safes that were robbed were never investigated to find out if they were Nazis or their descendants.

The jewelry was practically never recovered from the identified and arrested thieves, but it may have been recovered and returned to the owners of the safes, who were possible Nazis.

Meanwhile, Alexandre de Moraes' trusted man, who had stolen the footage of the robbery, identifying the perpetrators, was promoted and rose in his career in a surprising way.

At the time, this trusted man of A. Moraes - who had in-depth knowledge of the activities of TRANSCOOPER, a company investigated for money laundering for drug trafficking and was a client of Alexandre de Moraes' law firm - was being investigated by the Police Internal Affairs Unit as a suspect of corruption.

And for this reason, he was placed in a district in the suburbs of the city (indirect punishment), without any prerogative or authority to get hold of the videos of the bank robbery in the city center.

But in the seven years following the aforementioned theft of the jewels (possibly taken from Jews during Hitler's Nazism in Europe), this trusted man of A. Moraes was promoted, became rich and rose in a surprising way, reaching the highest leadership position in the entire Civil Police of São Paulo.

For these reasons, I request that this court order the removal of the documents I authored for forwarding to the Federal Prosecutor responsible for the Central District of Florida and to the FBI, with my request to institute criminal proceedings regarding the obstructions of justice that I am denouncing in this action.

I would like to clarify that I have no intention of appealing this court's decision, since I did not intervene to sue Rumble, but rather to unify objectives in order to contain Alexandre de Moraes' excesses.

I felt I had the right to bring to this civil action the information about Alexandre de Moraes' international jurisdictional incompetence, because these are the same arguments on which I based my complaint P-1523/24, MC 46/25 and Petition 96769 before the IACHR/OAS, listing the US Government and American citizens and their companies as interested parties.

In addition to Rumble's interest, the dispute concerns precisely the US sovereignty over the contested excesses. And both countries are signatories to the American Convention on Human Rights under which I filed the aforementioned complaint.

I did not intend to offend Rumble's lawyers at any time and I only regret that they did not understand that they do not need to recognize Alexandre de Moraes as a Judge, because he does not have the necessary constitutional legitimacy that should be granted by the Brazilian electorate.

It would be enough for Rumble's lawyers in Brazil to appeal the decisions by means of an internal appeal and a motion for clarification requesting the annulment of A. Moraes' decisions due to absolute nullity arising from the illegitimacy of the judge in the case (art. 564, item I of the CPP).

The appeals would be denied, but would justify the filing of a Constitutional Injunction Writ (art. 5º CF), to force the Legislative Branch to regulate direct elections for the STF (removing and making A. Moraes suspect to judge them), since Rumblee and Trump Media have the right to be judged by a legitimate judge under the terms of art. 1º sole paragraph combined with art. 2º, art. 14 and art. 101 of the CF combined with Binding Summary 43 of the STF itself.

At the same time as the Injunction Writ, the lawyers could represent the Presidents of the Senate and the Chamber of Deputies for the impeachment of A. Moraes for illegal appointment to public office and undue receipt of salaries, based on the Law of Crimes of Responsibility (L. 1079/50) combined with art. 359-D of the Brazilian Penal Code and Binding Summary 43 of the Brazilian Supreme Court, art. 1st sole paragraph, art. 2nd, art. 14 and art. 101 of the Federal Constitution.

The Brazilian Supreme Court would drag out the judgment of the Injunction Writ indefinitely because they will not rule against themselves, but they will also have no justification for denying the request.

But this would give Rumble the right to appeal to the Inter-American Court of Human Rights, based on arts. 8, 13 and 25 of the ACHR, to order Brazil to annul all of A. Moraes' lawsuits and compensate them.

This is because, through Decrees, Brazil It internalized the IACHR as the last instance of appeal in matters of human rights and formalized the inter-American legislation in the national legal system at the level of infra-constitutional norms.

At the same time, Rumble would already have all these procedural decisions in hand as arguments to file a lawsuit for compensation against the Brazilian Government before the US Judiciary.

All due to the fact that they had been subjected to judgment by an illegitimate and unconstitutional authority, with violations of fundamental rights determined by the American Convention on Human Rights, to which both countries are signatories.

The violations would be added to the amendments to the American Constitution for violations of due process and freedom of expression.

But I regret not making myself understood and all that remains for me is to ask this Court to grant the opportunity for the documents I filed to be dismembered and for this Court to forward them to the Federal Attorney responsible for this Central District of Florida and to the FBI (in the interest of investigating a possible crime committed against Jews during the Nazism that broke out in the Holocaust), with my request for the initiation of criminal proceedings for obstruction of justice here ( ) and the various other crimes allegedly committed against the US Government :

> "I request that Ms. PAMELA BIONDI, you do me the honor, extending to Ms. President DONALD TRUMP, to Mr. MARCO RUBIO, US Secretary of State; US; to Mr. ELON MUSK, Head of DOGE – Department of Government Efficiency Government Efficiency to express themselves in writing or by hearing, in Civil Action 8:25 cv 411, on the interest of the US Government in the crimes of Violations against the U.S. Government, its citizens, and businesses: 18 U.S. Code § 371 - CONSPIRACY TO COMMIT A CRIME OR TO DEFRAUD THE UNITED STATES - 18 U.S. Code Chapter 45 - § 954 - FALSE STATEMENTS TO INFLUENCE A FOREIGN GOVERNMENT - and 18 U.S. Code Chapter 47 § 1001 - FRAUD AND FALSE STATEMENTS - and 31 U.S. Code § 3729 - FALSE CLAIMS c/c 18 U.S. CODE § 641 - ref. Misappropriation of MONEY, PROPERTY, OR PUBLIC RECORDS. And also violations of the 1st, 5th, 6th and 14th amendments to the American Constitution, by censoring freedom of expression, restricting due process and the rule of law., as well as, under the terms of articles 8 and 20 of the Inter-American Democratic Charter, in the IMMEDIATE CONVENTION OF THE PERMANENT COUNCIL OF THE OAS TO EVALUATE THE BREACH OF THE DEMOCRATIC ORDER IN BRAZIL c/c INTERNATIONAL HABEAS CORPUS, related to the CRIME OF OBSTRUCTION OF PROCEDURES - 18 US CODE – , CHAPTER 73- § 1505, as practiced by the Executive Secretariat of the IACHR/OAS in retaining Complaint P-1523/24, MC 46/25 and Petition No. 67969 in which American citizens and their companies are victims; and further, whether there is an interest in the QUI TAM Action 31 US Code - Chapter 37 - § 3730 civil actions for false claims, referring to the disappearance of $ 38,304,402.00 (thirty-eight million, three hundred and four thousand, four hundred and two dollars) paid by the U.S. Department of State to Brazil referring to Decrees 179/24-July-1991 and 2242/02-July-1997, considering also that I petitioned in this civil action 825 cv 411, so that under the terms of 28 U.S. - Chapter 163 - Code § 2467 - Enforcement of foreign judgment, (d): (1) - (A), (B), (C), (D) and (E). the federal court recognizes the illegitimacy of Alexandre de Moraes as a judge and declares the decisions of the Brazilian judiciary in American territory unenforceable due to the following facts summarized here:
>
> (In the Civil Action 8:25 cv 411 ) Preliminary argument OF THE FINANCIAL CRIME : The position of Minister of the STF provided for in art. 101 of the CF does not exist in the public budget of the Union because they were not elected by the people, as determined in art. 1, sole paragraph with 2nd. 14 and art. 101 of the Federal Constitution). In fact, they cannot be paid,

*because the position is not provided for in the LDO-Law of Budget Guidelines and the current Ministers cannot receive salaries as Magistrates of the Judiciary of the Union, because they are not public servants, according to art. 37, items II and XIII of the CF with Binding Precedent 43 of the STF itself.*

*They are all subject to impeachment for illegally filling public positions and paying salaries not specified in the budget law, under articles 9 (5), 10 (4) and 11 (1) of Law 1079/50 on Crimes of Responsibility, with a crime against public finances under art. 359-D of the Brazilian Penal Code. "*

That said, I will send you a copy of the motion and I hope you do not object.

I am at your entire disposal for any clarification and if you prefer, without prejudice to your current attorneys who already work before the STF, I am willing to represent you here in Brazil, in accordance with the thesis I presented. It would be an honor.

Date: May, 4, 2025

Sincerely,



**MARÇAL HONDA**

Respectfully submitted.

By: MARÇAL HONDA, Brazilian, retired Police Chief,

Independent attorney, registration no. 486,798 – OAB/SP;

Tel. Whatsapp: +55 11 94550-3917 -e-mail: honda17usa@gmail.com

Rua dos Andradas, 47 – Bairro da Luz – São Paulo – SP- BRAZIL - CEP. 01208-001