UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | **Civil Action No. 25-cv-00411-MSS-AAS** |

**PLAINTIFFS' MOTION FOR LEAVE TO
SUPPLEMENT PLEADING UNDER F.R.C.P 15(d)**

Plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG") (together, "Plaintiffs") respectfully move this Court to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) to set forth material developments that have occurred since the filing of the Amended Complaint (ECF No. 38).

Federal Rule of Civil Procedure 15(d) permits a party, with leave of court, to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Since the filing of Plaintiffs' Amended Complaint on June 6, 2025, Defendant Alexandre de Moraes, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil, issued a judicial order on July 11, 2025

("July 11 order"), directed at Plaintiff Rumble, transmitted directly to its headquarters in Florida by email (legal@rumble.com). **Exhibit A.** The order was not served through any lawful treaty mechanism and appears to have been issued without notice to the U.S. government. It demands that Rumble block a user account, preserve its contents, and disclose associated user data to Justice Moraes, under threat of daily fines of R$100,000 (approximately US $20,000) beginning Sunday night, on July 13, 2025.

The user account at issue is operated by a U.S. citizen and political commentator residing in Florida ("Political Dissident B"). Political Dissident B has been previously targeted by Justice Moraes through suspensions of his accounts on social media platforms, retaliatory criminal proceedings in Brazil, the invalidation of his Brazilian passport, and asset freezes. The July 11 order represents the first instance in which Justice Moraes has targeted Rumble for the account of this U.S. citizen.

The account in question is dormant and has had no activity since December 2023. It was last accessed from within the United States. There is no activity associated with the account inside Brazil. Moreover, Rumble has been blocked in Brazil since February 2025, pursuant to Justice Moraes's own orders. Rumble has confirmed that this block remains in effect, and that its platform is currently inaccessible in Brazil. As a result, the demand to "block" Political Dissident B's account in Brazil is functionally meaningless because

the account is already unavailable to Brazilian users. To Plaintiffs' knowledge, Rumble is currently the only major U.S. online video sharing platform banned in Brazil. Justice Moraes is fully aware of this.  The blocking directive therefore appears pretextual.  The only remaining operative demand in the order is the compelled disclosure of U.S. user data and the preservation of that data (e.g., name, email address, phone number, IP address, geolocation data, billing or payment information, geolocation data, linked social media accounts), under threat of financial penalty, to a foreign court with no lawful jurisdiction pursuant to censorship orders sent by email. The order also contains no legal argument or citations to justify the decision. As alleged in the Amended Complaint, any order forcing Rumble to "divulge user records or other information" regarding users places Rumble in jeopardy of violating the Stored Communications Act, 18 U.S.C. §§ 2701–2713, and exposes Rumble to potential civil liability.  ECF No. 38 at 50.

The account contains ideological, nonviolent speech about Brazilian public officials—with topics ranging from declining democracy in Brazil, the targeting of ordinary citizens, and how Brazil's Supreme Court, political leadership, and major media institutions are working together to enable impunity—that lies at the heart of the First Amendment's protections. This political speech is created and published from within the United States by a U.S. citizen.  There is no lawful basis under U.S. law to compel a U.S.-based

company to surrender this user's personal data to a foreign government, particularly not in a proceeding lacking any notice, jurisdiction, or due process.

The July 11 order was issued just two days after President Donald J. Trump sent a formal letter to President Lula da Silva expressing concern over Brazil's treatment of U.S. tech companies. The Defendant's July 11 order suffers from the same defects that this Court identified in its February 25, 2025, Order. ECF No. 26. There, the Court stated that "pronouncements and directives purportedly issued by Defendant Moraes [ ] were not served upon Plaintiffs in compliance with the Hague Convention, to which the United States and Brazil are both signatories, nor were they served pursuant to the Mutual Legal Assistance Treaty between the United States and Brazil." *Id.* at 2. So too with the July 11 order. Nor was the July 11 order "otherwise properly served on Plaintiffs," and, as before, there was "no action taken by Defendant or the Brazilian government to domesticate the 'orders' or pronouncements pursuant to established protocols." *Id.* Rumble does not intend to comply with Defendant's demands because they are both invalid and unenforceable.

Furthermore, these actions directly conflict with the positions expressed by the Department of Justice in its May 7, 2025, letter addressed to Justice Moraes. In the letter, the Department of Justice suggests that previous actions taken by Justice Moraes are *ultra vires* and unenforceable under U.S. law. Letter from Ada E. Bosque, Acting Director, Office of International Judicial

4

Assistance, U.S. Dep't of Justice, to Hon. Alexandre de Moraes, Justice of the Supreme Federal Court of Brazil (May 7, 2025) ("[T]o the extent that these documents direct Rumble to undertake specific actions in the United States, we respectfully advise that such directives are not enforceable judicial orders in the United States."). The July 11 order is no different.

Accordingly, because the July 11 order provides only 48 hours to comply (8:17 p.m. EST on July 13, 2025), Plaintiffs respectfully submit this motion for leave to supplement the pleading under Rule 15(d) as promptly as possible to apprise the Court of this significant development. With the Court's permission, Plaintiffs will file the proposed supplemental pleading shortly thereafter.

Dated: July 14, 2025                    Respectfully submitted,

                                        _____
                                    By: E. Martin De Luca*
                                        BOIES SCHILLER FLEXNER LLP
                                        55 Hudson Yards
                                        New York, NY 10001
                                        (212) 446-2300
                                        mdeluca@bsfllp.com

                                        ***Lead Counsel for Plaintiff Rumble Inc.***

                                        Matthew L. Schwartz*

5

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300

Andrew H. Smith*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
(202) 274 1163

Daria Pustilnik
FLA. BAR NO. 92514
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
(305) 539-8400

*Counsel for Plaintiff Rumble Inc.*

_____
Caryn G. Schechtman*
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
caryn.schechtman@us.dlapiper.com
(212) 335-4500

*Lead Counsel for Plaintiff*
*Trump Media & Technology Group Corp.*

Christopher G. Oprison
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
(305) 423-8500

*Counsel for Plaintiff*

*Trump Media & Technology Group Corp.*

*\*Admitted pro hac vice*