UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>     Plaintiffs,<br><br>  v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>     Defendant. | **Case No. 25-cv-00411-MSS-AAS**<br><br>**SUPPLEMENTAL PLEADING**<br><br>**Demand for a Jury Trial Permanent Injunctive Relief Requested** |

## PLAINTIFFS' SUPPLEMENTAL PLEADING UNDER F.R.C.P. 15(d)

1.      Pursuant to Federal Rule of Civil Procedure 15(d) and the Court's July 15, 2025 Order Granting Plaintiffs Leave to File a Supplemental Pleading Under F.R.C.P 15(d) (Dkt. 45), Plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG") (together, the "Plaintiffs") supplement Plaintiffs' Amended Complaint (Dkt. 38) to include additional factual allegations and to seek additional damages, and allege as follows:

## FACTUAL ALLEGATIONS

2.      Plaintiffs repeat and incorporate by reference their allegations contained in paragraphs 1–108 of their Amended Complaint.  Dkt. 38.

1

3.      On June 12, 2025, the Brazilian Ministry of Justice ("Brazilian MoJ") sent a letter to the U.S. Department of Justice ("DOJ").  The Brazilian MoJ formally assured the United States that (1) Brazilian judicial decisions are not intended to exert extraterritorial effect; (2) U.S. companies are not subject to enforcement by Brazilian courts absent lawful treaty-based service; and (3) all communications to U.S. companies would proceed exclusively through the MLAT or Hague Convention.

4.      On July 11, 2025, Justice Moraes issued another order directed at Plaintiff Rumble (the "July 11 order"), transmitted directly to its headquarters in Florida by email (legal@rumble.com).  The order was not served through any lawful treaty mechanism and appears to have been issued without notice to the U.S. government.

5.      The July 11 order demands that Rumble block a user account within Brazilian territory, preserve its contents, and disclose associated user data to Justice Moraes, under the threat of daily fines of R$100,000 (approximately US $20,000), beginning on July 13, 2025.

6.      The user account at issue is operated by a U.S. citizen and political commentator residing in Florida ("Political Dissident B").  Justice Moraes has previously targeted Political Dissident B through a series of punitive actions, including suspensions of his social media accounts, retaliatory criminal proceedings in Brazil, the invalidation of his Brazilian

passport, and the freezing of his assets.  Political Dissident B is currently

undergoing treatment for a rare and serious form of cancer, which he publicly

disclosed in early 2025.  Justice Moraes is aware that Political Dissident B

currently resides in the United States because Political Dissident B's lawyers

petitioned Justice Moraes earlier this year to release his funds held in Brazil

for purposes of paying medical bills associated with his cancer treatment in

the U.S.

7.      The account in question is dormant and has had no activity since

December 2023.  It was last accessed from within the United States.  There is

no activity associated with the account inside Brazil.  The July 11 order marks

the first time Justice Moraes has sought to coerce Rumble into censoring

Political Dissident B's speech by demanding that Rumble block access to his

account, even though Rumble is entirely blocked and does not operate in

Brazil as a result of Justice Moraes's prior overreaching and the content is not

accessible there.

8.      Rumble has been blocked in Brazil since February 2025, pursuant

to Justice Moraes's own orders.  Rumble has confirmed that this block

remains in effect, and that its platform is currently inaccessible in Brazil.  As

a result, the demand to "block" Political Dissident B's account in Brazil is

functionally meaningless because the account is already unavailable to

Brazilian users.[1] To Plaintiffs' knowledge, Rumble is currently the only major U.S.-based platform banned in Brazil.

9.    The only operative demand in the order is the compelled preservation of U.S. user data and disclosure of that data (e.g., name, email address, phone number, IP address, geolocation data, billing or payment information, and linked social medial accounts) to a foreign court with no lawful jurisdiction pursuant to censorship orders sent by email.

10.    The account subject to the July 11 order contains ideological, nonviolent speech about Brazilian public officials—with topics ranging from declining democracy in Brazil, the targeting of ordinary citizens, and how Brazil's Supreme Court, political leadership, and major media institutions are working together to enable impunity.  This political speech is created and published from within the United States by a U.S. citizen.

11.    The July 11 order was issued just two days after President Donald J. Trump sent a formal letter to President Lula da Silva expressing concern over Brazil's treatment of U.S. tech companies. (**Ex. A.**)

---

[1] Since the filing of the original complaint, it has been publicly reported that "Political Dissident A" is Allan dos Santos, which is why Plaintiffs identified him by name in the Amended Complaint.  No such disclosure has been made yet as to "Political Dissident B" to Plaintiffs' knowledge.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION[2]

**Stored Communications Act, 28 U.S.C. §§ 2701–2713; Declaratory Judgment Act, 28 U.S.C. § 2201 (Plaintiff Rumble)**

12.    Plaintiff repeats and incorporates by reference its allegations contained in paragraphs 1–11 of this Supplemental Pleading.

13.    The Stored Communications Act, 18 U.S.C. §§ 2701–2713, protects the privacy of users like Political Dissident B by limiting the circumstances under which providers of remote computing services may disclose user records or other information pertaining to a subscriber or customer.  18 U.S.C. § 2702(a)(3).

14.    The SCA defines a "remote computing service" ("RCS") as "the provision to the public of computer storage or processing services by means of an electronic communications system."  18 U.S.C. § 2711(2).  Rumble qualifies as an "RCS" because it provides cloud-based hosting and processing of user-generated content and related data.

15.    The July 11 order requires Rumble to divulge user records or other information (e.g., name, email address, phone number, IP address, geolocation data, billing or payment information, and linked social media

---

[2] Given that the July 11 order is limited to blocking Political Dissident B's account within the national territory of Brazil, Plaintiffs do not assert the same free speech and related claims raised in connection with the broader orders that sought to censor U.S. user accounts or restrict speech directed at U.S. audiences. The July 11 order, however, compels the disclosure of user data in the U.S. and belonging to a U.S. citizen, which directly conflicts with the SCA, and remains unlawful under U.S. law.

accounts) regarding Political Dissident B without satisfying any of the SCA's enumerated exceptions.

16.    The July 11 order was not issued by a qualifying "government entity," 18 U.S.C. § 2702(c)(1), (4), because it is from a foreign judge, not a "department or agency of the United States or any State or political subdivision thereof." *Id.* § 2711(4); *see also* 18 U.S.C. § 2703(a)(c) (same analysis).  The July 11 order was sent directly to Rumble's headquarters in Florida by email (legal@rumble.com) and was not issued pursuant to any lawful processes for international service of an order, such as the MLAT, the Hague Convention on Service, or the letters rogatory process.  *Id.* § 2702(c)(7).  Additionally, no user consent has been presented that would authorize disclosure under 28 U.S.C. § 2702(c)(2).  These issues are parallel to concerns outlined in the May 7, 2025, letter addressed to Justice Moraes, where the Department of Justice suggests that previous actions taken by Justice Moraes are *ultra vires* and unenforceable under U.S. law.  (**Ex. B**)

17.    By compelling Rumble to disclose user information in a manner that violates the SCA, the July 11 order conflicts with and is preempted by federal law.  Rumble cannot comply with these demands without exposing itself to potential liability for unlawful disclosure under the SCA.

18.    The July 11 order therefore places Rumble in an impossible position of having to either violate the order and endure daily fines of

R$100,000 (approximately US $20,000) or comply and risk liability under the SCA in the United States.  Such coercion constitutes irreparable harm.

19.    The July 11 order sets a dangerous precedent for future transnational censorship and forced disclosure efforts against U.S. users and companies operating lawfully under U.S. law.

20.    Plaintiffs seek a judicial declaration that the July 11 order is unenforceable to the extent they require Rumble to violate the SCA by making impermissible disclosures of user information.

## PRAYER FOR RELIEF

WHEREFORE, Rumble and TMTG incorporate the prayer from Plaintiffs Amended Complaint and pray for judgment against Justice Moraes as follows:

1.    Declare that the July 11 order is unenforceable in the United States as inconsistent with the Stored Communications Act;

2.    Issue judgment in Rumble's favor and against Justice Moraes on the cause of action alleged herein;

3.    Grant Rumble injunctive relief enjoining enforcement of the July 11 order in the United States;

4.    Grant such other and further relief as the Court may deem to be just and proper.

Dated: July 16, 2025          Respectfully submitted,

_____

By:    E. Martin De Luca*
       BOIES SCHILLER FLEXNER LLP
       55 Hudson Yards
       New York, NY 10001
       (212) 446-2300
       mdeluca@bsfllp.com

       *Lead Counsel for Plaintiff*
       *Rumble Inc.*

       Matthew L. Schwartz*
       BOIES SCHILLER FLEXNER LLP
       55 Hudson Yards
       New York, NY 10001
       (212) 446-2300

       Andrew H. Smith*
       BOIES SCHILLER FLEXNER LLP
       1401 New York Ave. NW
       Washington, DC 20005
       (202) 274 1163

       Daria Pustilnik
       FLA. BAR NO. 92514
       BOIES SCHILLER FLEXNER LLP
       100 S.E. 2nd Street, Suite 2800
       Miami, Florida 33131
       (305) 539-8400

       *Counsel for Plaintiff Rumble Inc.*

_____

       Caryn G. Schechtman*
       DLA Piper LLP (US)
       1251 Avenue of the Americas
       New York, New York 10020
       caryn.schechtman@us.dlapiper.com

8

(212) 335-4500

*Lead Counsel for Plaintiff*
*Trump Media & Technology Group*
*Corp.*

Christopher G. Oprison
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
(305) 423-8500

*Counsel for Plaintiff*
*Trump Media & Technology Group*
*Corp.*

*\*Admitted pro hac vice*