# EXHIBIT B



AEBosque:ak

**U.S. Department of Justice**
Civil Division
Office of International Judicial Assistance

---

*U.S. Central Authority*
*Benjamin Franklin Station*
*P.O. Box 14360*
*Washington, DC 20004*
*OIJA@usdoj.gov*
*+1 (202) 514-6700*

May 7, 2025

**BY FEDEX**
Hon. Justice Alexandre de Moraes
Federal Supreme Court
Praça dos Três Poderes, Anexo II A
5° andar sala 521
70175-900 Brasilia-DF
Brazil
+55 61 3217-4200

      Re:    Petition 9,935 Federal District

Dear Justice de Moraes:

      The United States Department of Justice refers to the above-referenced proceeding and presents its compliments to the Federal Supreme Court of Brazil ("Court"). Within the Department of Justice, the Office of International Judicial Assistance ("OIJA") serves as the Central Authority pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), and the Office of International Affairs ("OIA") serves as the Central Authority of the United States under Mutual Legal Assistance Treaties in Criminal Matters ("MLATs"), including the Treaty Between the Government of the United States of America and the Government of the Federative Republic of Brazil on Mutual Legal Assistance in Criminal Matters ("the Brazil-U.S. MLAT") and multilateral conventions that include mutual legal assistance provisions to which Brazil and the United States are both signatories.

      We have been informed by Boies Schiller Flexner LLP, outside U.S. counsel for Rumble Inc. ("Rumble"), that its client has received four judicial documents in connection with the above-referenced proceeding, characterized as follows: (1) a February 9, 2025, order; (2) a February 10, 2025, order; (3) a February 19, 2025, writ of summons and associated order; and (4) a February 21, 2025, decision. These judicial documents, according to the translations provided by Rumble's counsel, purport to direct Rumble, a corporation organized under the laws of Delaware, a U.S. state, and with its principal place of business in the United States, to block accounts associated with an identified individual on Rumble's social media platform, to suspend the transfer of payments to this individual, and to provide to the Brazilian Court information regarding previously executed transfers of payments to this individual. These purported directives to Rumble are made under threat of monetary and other penalties.

We take no position on the enforceability of the various orders and other judicial documents directing Rumble to act within the territory of Brazil, which is a matter of Brazilian law. However, to the extent that these documents direct Rumble to undertake specific actions in the United States, we respectfully advise that such directives are not enforceable judicial orders in the United States. Under customary international law, "a state may not exercise jurisdiction to enforce in the territory of another state without the consent of the other state." Restatement (Fourth) Foreign Relations Law of the United States § 432 (Am. Law Inst. 2018). *See also id.* Reporters' Note 1 ("Enforcement jurisdiction includes . . . the performance of coercive governmental functions. Examples include . . . serving compulsory process, conducting police or administrative investigations, taking depositions and witness statements, [and] executing an order for the production of documents . . . ."); *cf. Fed. Trade Comm'n v. Compagnie de Saint-Gobain-Pont-á-Mousson*, 636 F.2d 1300, 1313 (D.C. Cir. 1980) ("When compulsory process is served, however, the act of service itself constitutes an exercise of one nation's sovereignty within the territory of another sovereign. Such an exercise constitutes a violation of international law.") (footnotes omitted).

To enforce a foreign civil judgment or other foreign judicial order in a civil matter within the United States, the person seeking enforcement would generally need to initiate a U.S. court proceeding to recognize and enforce the foreign order before a competent U.S. court. The U.S. court would then apply the applicable law and determine whether to order the requested relief against a party over which it has jurisdiction. U.S. law provides various bases for nonrecognition, which might include insufficient due process or incompatibility with U.S. law protecting free speech. The Brazilian court's orders are not enforceable in the United States absent successful recognition and enforcement proceedings in the United States.

In addition, we also wanted to express concerns about the manner of service of any documents on Rumble. We lack sufficient information at this time to determine the subject matter or nature of the above-referenced proceeding, including whether it is a civil or criminal matter. However, to the extent that the Brazilian Court seeks to direct Rumble to undertake actions in Brazil, service of judicial documents on Rumble in the United States must occur through an appropriate channel, consistent with customary international law and any applicable agreements between Brazil and the United States. Such channels differ depending on whether the case is civil or criminal. We note that following the proper procedures for serving judicial documents does not, in and of itself, determine whether such documents have effect in the country of origin, which is a question of foreign domestic law. Again, we take no position on the effectiveness of the Court's orders within Brazil as a matter of Brazilian law.

For judicial documents related to civil and commercial matters, service should be effected consistent with the Hague Service Convention, to which both Brazil and the United States are parties. Persons in the United States may be served pursuant to the Hague Service Convention through the main channel of transmission (Article 5) or through any of the alternative or derogatory channels (*e.g.*, Articles 8, 10, or 25).

Requests for evidence or information from a third party in connection with civil or commercial matters should not be directed through the Hague Service Convention, but may be directed as a Letter of Request to OIJA pursuant to the Hague Evidence Convention. Please note

2

that, in accordance with Article 12(b), OIJA will not use compulsory measures to execute a Letter of Request that purports to penalize a non-party witness in the United States for failure to comply with a foreign evidence request.

The United States may provide a broad range of assistance in criminal cases when the information or evidence sought is located in the United States. As the U.S. Central Authority responsible for implementing MLATs, OIA assists foreign prosecutors, investigating judges and law enforcement authorities to secure information and evidence located in the United States for use in criminal investigations, trials, and related proceedings in the foreign country. Assistance includes but is not limited to serving legal process or other notifications on persons located in the United States. Legally designated Central or Competent Authorities (Central Authority) under MLATs or international agreements may make requests to the United States on behalf of their investigating and judicial authorities. All requests made pursuant to MLATs must be submitted through the Central Authority designated to make requests on behalf of authorities of the requesting country pursuant to the specific treaty or multilateral convention invoked. OIA cannot execute a request for assistance pursuant to the terms of an MLAT if the request for assistance is not submitted through the requesting country's Central Authority. Article 13 of the Brazil-U.S. MLAT expressly provides for the service of documents from the Requesting State on the appropriate party in the Requested State.

We are happy to answer any questions you might have.

Very truly yours,

**ADA BOSQUE**
Digitally signed by ADA BOSQUE
Date: 2025.05.07
14:33:14 -04'00'

ADA E. BOSQUE
Acting Director

cc: Ministério da Justiça e Segurança
Pública Departamento de Recuperação de Ativos
e Cooperação Jurídica Internacional Coordenação-Geral
de Cooperação Jurídica Internacional
Esplanada dos Ministérios
**Attn: Mr. Arnaldo José Alves Silveira**
General Coordinator for International Legal Cooperation
Bloco T, Anexo II, 3º Andar, Sala 324
CEP 70064-900 Brasília/DF Brasil
Ph: +55 61 2025 8919
Email: cooperacaocivil@mj.gov.br

Ministério da Justiça e Segurança
Departamento de Cooperação Jurídica Internacional
Secretaria Nacional de Justiça
Esplanada dos Ministérios
**Attn: Director Carolina Yumi De Souza**
Bloco T, Anexo II, 3º andar, Sala 322

3

CEP 70716-901 Brasilia D.F., Brazil

Boies Schiller Flexner LLP
Attn: Martin De Luca
55 Hudson Yards
New York, NY 10001
mdeluca@bsfllp.com

4