UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | **Civil Action No.**<br>**8:25-cv-00411-MSS-AAS** |

### **PLAINTIFF RUMBLE INC.'S MOTION TO SEAL**

**I.    ITEMS TO BE SEALED**

Plaintiff Rumble Inc., through its undersigned counsel and in accordance with Local Rule 1.11, respectfully requests an order permitting the filing of Exhibits 1–5 (the "Gag Orders") under seal, which are attached to the Declaration of Rossana Baeza in Support of Plaintiffs' Motion for Alternative Service. These exhibits consist of multiple Gag Orders issued under seal by Brazilian Supreme Court Justice Alexandre de Moraes.

In this District, a party seeking to seal materials must file a motion to seal that sets forth the following: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the

1

reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L.R. 1.11(b). As demonstrated below, Plaintiff has satisfied all necessary requirements, and the Court should grant the Motion to Seal.

## II. IDENTIFICATION AND DESCRIPTION OF EACH ITEM PROPOSED FOR SEALING

Plaintiff seeks to seal certain court orders issued by Justice Moraes under seal, including emails sending those orders.

## III. THE REASON THAT SEALING EACH ITEM IS NECESSARY

Justice Moraes's judicial orders were issued confidentially under seal. The proceedings stem from Justice Moraes's efforts to censor political opponents of Brazil's current president, ostensibly in the name of protecting against supposed threats to democracy. Plaintiff does not believe there is any legitimate basis for a secret court to issue censorship orders shielded from public scrutiny. Nevertheless, out of deference to the Brazilian legal system, Plaintiff submits the Gag Orders under seal on a preliminary basis, pending any further justification from Justice Moraes for their continued sealing or a determination by this Court that they should remain under seal.

## IV. THE REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE OR UNSATISFACTORY TO PRESERVE THE INTEREST ADVANCED BY THE MOVANT IN SUPPORT OF THE SEAL

Unless the judicial orders are initially submitted under seal, Justice Moraes will not be afforded sufficient time to explain why they should remain sealed before the Court considers whether public access is appropriate.

## V. PROPOSED DURATION OF THE SEAL

Plaintiff proposes sealing the Gag Orders for 30 days, or until Justice Moraes appears and provides adequate justification for their continued sealing.

## VI. MEMORANDUM OF LAW IN SUPPORT OF PERMITTING MATERIAL TO BE SEALED

In evaluating a motion to seal, courts balance a party's interest in maintaining confidentiality against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001). Courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of

a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246; *see also Medai, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. LEXIS 90318, at *4-5 (M.D. Fla. June 29, 2012). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

As described, Plaintiff does not believe there is any basis for Justice Moraes's illegal censorship orders to remain sealed, other than to provide sufficient time for Justice Moraes to explain himself.

## VII. CONCLUSION

Based on the arguments presented and the regulations outlined in Local Rule 1.11, Plaintiff respectfully requests that this Court grant the Motion to Seal the aforementioned documents in their entirety, ensuring their confidentiality and affording adequate deference to the Brazilian legal system.

Dated: February 2, 2026   Respectfully submitted,

/s/ *E. Martin De Luca*
E. MARTIN DE LUCA*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 446-2300

4

*Lead Counsel for Plaintiff Rumble Inc.*

MATTHEW L. SCHWARTZ*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 303-3646


ANDREW H. SMITH*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1163


DARIA PUSTILNIK
FLA. BAR NO. 92514
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
(305) 539-8400


*Counsel for Plaintiff Rumble Inc.*

*Admitted *pro hac vice*

## **CERTIFICATION**

Defendant has not yet been served or otherwise appeared by counsel or pro se in this action. Upon any appearance by Defendant, the undersigned will confer with Defendant or Defendant's counsel and advise as to Defendant's position on this Motion.

Respectfully submitted this 2nd day of February 2026.

/s/ *E. Martin De Luca*
E. MARTIN DE LUCA

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *E. Martin De Luca*
E. MARTIN DE LUCA