# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

JUN 2 2026 PM12:05
FILED - USDC - FLMD - TPA

**RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

**Plaintiff,**

**CASE NO: 8:25-cv-00411 -MSS**

**vs.**

**ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil,**

**Defendant,**

_____/

# RENEWED MOTION FOR LEAVE TO FILE
# AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
# AND LEGAL HELP 4 YOU LLC

**COMES NOW** Movant Rogério Scotton, individually pro se and as owner of

Legal Help 4 You LLC ("Movant" or "Amicus") and respectfully renews his

1

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
AND LEGAL HELP 4 YOU LLC

Motion for Leave to File Amicus Curiae Brief in the above-captioned matter.

In support thereof, Movant states as follows:

## I. PRELIMINARY STATEMENT OF RESPECT TO THE COURT AND PARTIES

Movant respectfully submits this Renewed Motion in good faith and with full respect toward this Honorable Court, the Plaintiffs, Defendant, counsel of record, and the integrity of these proceedings.

Movant wishes to clarify that his prior submissions were never intended to harass, intimidate, offend, or improperly burden any party or attorney involved in this matter. To the extent any prior language was perceived as overly emotional or imprecise, Movant sincerely apologizes and respectfully requests that the Court consider the substance and public-interest purpose underlying the filings.

Movant has attempted in good faith to communicate respectfully with counsel for Plaintiffs to clarify his intentions and to ensure that no misunderstanding exists concerning his participation in these proceedings.

2

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
AND LEGAL HELP 4 YOU LLC

Such communications were undertaken solely out of professional courtesy and respect for the parties and counsel involved.

Movant further respectfully represents that he maintains no affiliation, coordination, agreement, agency relationship, financial interest, or joint litigation strategy with either Plaintiffs or Defendant. Movant participates solely in his independent capacity based upon concerns relating to constitutional liberties, international due process, judicial accountability, freedom of expression, and the protection of United States persons and companies from alleged extraterritorial censorship efforts.

Federal courts routinely recognize the value of independent amicus participation where the proposed amicus may assist the Court by presenting relevant legal or public-interest considerations not fully developed by the parties. See ***Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 132–33 (3d Cir. 2002)***; ***Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997)***.

3

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
AND LEGAL HELP 4 YOU LLC

# II. PROCEDURAL HISTORY AND CHANGED CIRCUMSTANCES

Movant previously submitted amicus-related filings concerning issues implicated by this litigation, including constitutional concerns, international due process considerations, allegations of extraterritorial censorship, and the potential impact upon United States companies and citizens.

At the time of those filings, questions existed concerning service upon Defendant Alexandre de Moraes under the Hague Convention.

Since that time, however, circumstances have materially changed.

On May 22, 2026, this Court entered an Order granting Plaintiffs' Motion for Alternative Service pursuant to Federal Rule of Civil Procedure 4(f)(3), authorizing service upon Defendant by electronic mail after finding that traditional Hague Convention procedures had become obstructed, delayed, and effectively unavailable under the circumstances presented in this matter.

In granting alternative service, this Court expressly recognized:

that Plaintiffs had spent months pursuing Hague Convention service;

that the Brazilian service process had become "politicized and effectively unavailable";

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

that further delay would unduly impede litigation;

and that service by email satisfied constitutional due process requirements. See Order, Dkt. 60.

Accordingly, the principal procedural obstacle previously surrounding participation by amici has materially changed, and Movant respectfully submits that renewed consideration is now appropriate.

Movant respectfully incorporates by reference the prior amicus submissions previously filed in this matter and does not seek through this Renewed Motion to unnecessarily duplicate arguments already before the Court.

## III. INTEREST OF AMICUS CURIAE

Movant seeks to participate solely as an independent amicus curiae in order to provide the Court with additional perspective concerning:

the public-interest implications of alleged extraterritorial censorship directed toward United States companies;

alleged interference with speech occurring within the United States;

constitutional and international due process concerns;

retaliatory intimidation directed toward participants in judicial proceedings;

5

and the broader implications of foreign governmental conduct affecting American digital infrastructure and public discourse.

Movant respectfully submits that the issues presented in this litigation extend beyond private commercial disputes and implicate important constitutional, international, and public-policy considerations deserving careful judicial examination.

# IV. LEGAL STANDARD

District courts possess broad discretion to permit amicus participation where such participation may assist the Court in resolving matters involving substantial public importance or legal complexity. **See Neonatology Assocs., 293 F.3d at 132–33**.

Amicus participation is particularly appropriate where:

the case presents issues of significant public concern;

constitutional principles are implicated;

international considerations are involved;

or the amicus may provide perspective or information useful to the Court beyond that presented by the parties themselves. See ***Ryan, 125 F.3d at 1063***.

Additionally, federal courts possess inherent authority to preserve the integrity of judicial proceedings and protect participants from improper intimidation or retaliatory conduct. See ***Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991)***; ***Sheppard v. Maxwell, 384 U.S. 333, 363 (1966)***.

## V. PUBLIC-INTEREST AND CONSTITUTIONAL CONCERNS

Movant respectfully submits that this litigation implicates substantial constitutional and public-policy concerns involving:

alleged attempts to compel censorship by United States-based digital platforms;

compelled disclosure demands directed toward American companies;

alleged extraterritorial governmental directives and enforcement efforts affecting speech, digital communications, and platform operations occurring within the United States;

7

and the broader relationship between international comity and constitutional protections guaranteed under United States law.

The United States Supreme Court has repeatedly recognized the central constitutional importance of protections against prior restraint and governmental suppression of speech. See **_Near v. Minnesota, 283 U.S. 697 (1931)_**; **_Bantam Books, Inc. v. Sullivan, 372 U.S. 58 (1963)_**; **_New York Times Co. v. United States, 403 U.S. 713 (1971)_**.

Movant further respectfully submits that questions concerning international comity do not require United States courts to disregard domestic constitutional protections or public policy considerations where alleged foreign governmental conduct directly affects United States persons, companies, or expressive activity. See **_Hilton v. Guyot, 159 U.S. 113 (1895)_**.

## VI. RETALIATORY PUBLICATIONS, THREATS, AND CHILLING EFFECTS

Movant respectfully advises the Court that following the filing of prior amicus submissions in this matter, multiple publications and online media reports

8

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

allegedly published materially false, misleading, defamatory, or retaliatory statements concerning Movant and Legal Help 4 You LLC.

Among other things, Movant contends that certain publications falsely:

characterized Movant as being under FBI investigation;

misrepresented prior legal proceedings involving Movant;

falsely accused Movant of fraudulent conduct involving major United States corporations;

inaccurately suggested that Movant personally controlled or initiated governmental sanctions decisions;

and utilized Movant's name, likeness, business identity, and prior professional images in a manner calculated to expose Movant to hostility, intimidation, ridicule, or reputational harm.

Movant further states that such publications were followed by threats, harassment, reputational injury, and chilling effects associated with participation in these proceedings.

Movant does not presently seek sanctions against any media entity through this motion. Rather, Movant respectfully requests that the Court recognize

9

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

the importance of protecting the integrity of judicial participation and preventing intimidation directed toward litigants, amici, or participants in proceedings involving significant public controversy.

Federal courts possess inherent authority to ensure that participants may engage in judicial proceedings free from intimidation, coercion, or retaliatory interference. See ***Chambers, 501 U.S. at 43–46***.

# VII. REQUEST FOR PROTECTIVE CONSIDERATION

Movant respectfully requests that the Court:

Grant leave to file the proposed Amicus Curiae Brief;

Take judicial notice that substantial retaliatory publicity and alleged defamatory publications followed Movant's participation in these proceedings;

Recognize the potential chilling effect such conduct may impose upon amici, litigants, and participants in matters involving foreign governmental actors;

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
AND LEGAL HELP 4 YOU LLC

Permit the filing of supporting exhibits documenting representative
publications and threats;

Preserve the integrity of these proceedings against intimidation or retaliatory
interference; and

Grant such further relief as the Court deems just and proper.

# VIII. CONCLUSION

Movant respectfully submits that this litigation presents issues of exceptional
public importance involving constitutional protections, international due
process, extraterritorial governmental conduct, and alleged interference with
United States companies and speech platforms.

Movant further respectfully submits that his participation as amicus curiae
may assist the Court by providing additional public-interest context and legal
perspective relevant to the broader constitutional and international
implications of this matter.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

WHEREFORE, Movant respectfully requests that this Honorable Court grant this Renewed Motion for Leave to File Amicus Curiae Brief and permit the accompanying amicus submission to be filed in the record.

Respectfully submitted,

Rogerio Chaves Scotton
160 W Camino Real, # 102
Boca Raton, FL 33432
Email: rs@legalhelp4y.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27 day of July 2025, a true and correct copy of the foregoing RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF was served via electronic mail and/or through the Court's CM/ECF electronic filing system on the following parties:

1. Plaintiffs
Trump Media & Technology Group Corp.
Rumble Inc.
Via Counsel:
 Harmeet K. Dhillon, Esq.
Dhillon Law Group Inc.
Email: harmeet@dhillonlaw.com
 Ron Coleman, Esq.
Coleman Nation
Email: ron@coleman.nation
Stephen McClure, Esq.
Dhillon Law Group
Email: smcclure@dhillonlaw.com

12

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON
AND LEGAL HELP 4 YOU LLC

2. Defendant
Justice Alexandre de Moraes (in official and personal capacity)

Supreme Federal Court of Brazil (STF)
Notice via international diplomatic service and courtesy email:

 Brazilian Attorney General's Office (Advocacia-Geral da União)
Email: gabinete@agu.gov.br
Brazilian Consulate in Miami
Email: consular.miami@itamaraty.gov.br

Rogerio Scotton
160 W Camino Real, 102
Boca Raton, FL 33432
Phone Number: (561) 878-9001
Email Address: rs@legalhelp4y.com