In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC



# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

**RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

Plaintiff,

CASE NO: 8:25-cv-00411

VS.

**ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil,**

Defendant,

_____/

# SECOND-RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

**COMES NOW** Movant Rogério Scotton, individually pro se and as owner of

Legal Help 4 You LLC ("Movant" or "Amicus") and respectfully renews his

1

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO
SCOTTON AND LEGAL HELP 4 YOU LLC

Motion for Leave to File Amicus Curiae Brief in the above-captioned matter.

In support thereof, Movant states as follows:

## I.    PRELIMINARY STATEMENT OF RESPECT TO THE COURT AND PARTIES

Movant respectfully submits this Renewed Motion in good faith and with full respect toward this Honorable Court, the Plaintiffs, Defendant, counsel of record, and the integrity of these proceedings.

Movant wishes to clarify that his prior submissions were never intended to harass, intimidate, offend, or improperly burden any party or attorney involved in this matter. To the extent any prior language was perceived as overly emotional or imprecise, Movant sincerely apologizes and respectfully requests that the Court consider the substance and public-interest purpose underlying the filings.

Movant has attempted in good faith to communicate respectfully with counsel for Plaintiffs to clarify his intentions and to ensure that no misunderstanding exists concerning his participation in these proceedings.

Such communications were undertaken solely out of professional courtesy and respect for the parties and counsel involved.

2

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

Movant further respectfully represents that he maintains no affiliation, coordination, agreement, agency relationship, financial interest, or joint litigation strategy with either Plaintiffs or Defendant. Movant participates solely in his independent capacity based upon concerns relating to constitutional liberties, international due process, judicial accountability, freedom of expression, and the protection of United States persons and companies from alleged extraterritorial censorship efforts.

Federal courts routinely recognize the value of independent amicus participation where the proposed amicus may assist the Court by presenting relevant legal or public-interest considerations not fully developed by the parties.

## II. PROCEDURAL HISTORY AND CHANGED CIRCUMSTANCES

Movant previously submitted amicus-related filings concerning issues implicated by this litigation, including constitutional concerns, international due process considerations, allegations of extraterritorial censorship, and the potential impact upon United States companies and citizens.

3

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO
SCOTTON AND LEGAL HELP 4 YOU LLC

At the time of those filings, questions existed concerning service upon Defendant Alexandre de Moraes under the Hague Convention.

Since that time, however, circumstances have materially changed.

On May 22, 2026, this Court entered an Order granting Plaintiffs' Motion for Alternative Service pursuant to Federal Rule of Civil Procedure 4(f)(3), authorizing service upon Defendant by electronic mail after finding that traditional Hague Convention procedures had become obstructed, delayed, and effectively unavailable under the circumstances presented in this matter.

In granting alternative service, this Court expressly recognized:

(a) that Plaintiffs had spent months pursuing Hague Convention service;

(b) that the Brazilian service process had become "politicized and effectively unavailable";

(c) that further delay would unduly impede litigation; and

(d) that service by email satisfied constitutional due process requirements.

See Order, Dkt. 60. Accordingly, the principal procedural obstacle previously surrounding participation by amici has materially changed, and Movant respectfully submits that renewed consideration is now appropriate.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO
SCOTTON AND LEGAL HELP 4 YOU LLC

Movant respectfully incorporates by reference the prior amicus submissions previously filed in this matter and does not seek through this Second Renewed Motion to unnecessarily duplicate arguments already before the Court.

Movant further represents that, following the Court's prior Orders and denials without prejudice, he undertook additional good-faith efforts to communicate with parties, counsel, and other relevant individuals concerning his proposed participation in these proceedings. Such efforts included communications through electronic mail, messaging applications, and other available means. Although substantive responses were generally not received, Movant has preserved records of those communications and respectfully submits that he has acted diligently, professionally, and in good faith throughout these proceedings.

Movant further submits that the circumstances existing at the time of the Court's prior rulings have materially evolved. Service upon Defendant has now been authorized and accomplished through means approved by this Court, public developments relating to the underlying controversy have continued, and additional facts relevant to Movant's request for participation

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

have arisen since the filing of his earlier submissions. These changed circumstances support renewed consideration of Movant's request for leave to participate as amicus curiae.

# III. INTEREST OF AMICUS CURIAE

Movant seeks to participate solely as an independent amicus curiae in order to provide the Court with additional perspective concerning:

the public-interest implications of alleged extraterritorial censorship directed toward United States companies;

alleged interference with speech occurring within the United States;

constitutional and international due process concerns;

retaliatory intimidation directed toward participants in judicial proceedings;

and the broader implications of foreign governmental conduct affecting American digital infrastructure and public discourse.

Movant respectfully submits that the issues presented in this litigation extend beyond private commercial disputes and implicate important constitutional, international, and public-policy considerations deserving careful judicial examination.

6

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

# IV. LEGAL STANDARD

District courts possess broad discretion to permit amicus participation where such participation may assist the Court in resolving matters involving substantial public importance or legal complexity. **See Neonatology Assocs., 293 F.3d at 132–33**.

Amicus participation is particularly appropriate where:

the case presents issues of significant public concern; constitutional principles are implicated; international considerations are involved;

or the amicus may provide perspective or information useful to the Court beyond that presented by the parties themselves. See ***Ryan, 125 F.3d at 1063***. Additionally, federal courts possess inherent authority to preserve the integrity of judicial proceedings and protect participants from improper intimidation or retaliatory conduct. See ***Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991)***; ***Sheppard v. Maxwell, 384 U.S. 333, 363 (1966)***.

# V. PUBLIC-INTEREST AND CONSTITUTIONAL CONCERNS

Movant respectfully submits that this litigation implicates substantial constitutional and public-policy concerns involving:

7

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

alleged attempts to compel censorship by United States-based digital platforms; compelled disclosure demands directed toward American companies; alleged extraterritorial governmental directives and enforcement efforts affecting speech, digital communications, and platform operations occurring within the United States; and the broader relationship between international comity and constitutional protections guaranteed under United States law. The United States Supreme Court has repeatedly recognized the central constitutional importance of protections against prior restraint and governmental suppression of speech. See *Near v. Minnesota, 283 U.S. 697 (1931)*; *Bantam Books, Inc. v. Sullivan, 372 U.S. 58 (1963)*; *New York Times Co. v. United States, 403 U.S. 713 (1971)*.

Movant further respectfully submits that questions concerning international comity do not require United States courts to disregard domestic constitutional protections or public policy considerations where alleged foreign governmental conduct directly affects United States persons, companies, or expressive activity. See *Hilton v. Guyot, 159 U.S. 113 (1895)*.

8

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

# VI. RETALIATORY PUBLICATIONS, THREATS, SAFETY CONCERNS, AND CHILLING EFFECTS

Movant respectfully advises the Court that, following the filing of prior amicus-related submissions in this matter, multiple publications and online media reports appeared in Brazil concerning Movant, Legal Help 4 You LLC, and Movant's participation in matters relating to Defendant Alexandre de Moraes. Movant contends that several such publications contained materially inaccurate statements, omitted relevant context, or presented information in a manner that could reasonably lead readers to believe that Movant was the subject of current criminal investigations or ongoing misconduct. Among other things, Movant contends that certain publications falsely or misleadingly characterized Movant as being under current FBI investigation, misrepresented prior legal proceedings involving Movant, accused or implied that Movant engaged in fraud involving major United States corporations, and inaccurately suggested that Movant personally controlled or initiated governmental sanctions decisions. Movant disputes those characterizations and respectfully submits that many of the publications failed to distinguish between historical criminal proceedings that

9

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO
SCOTTON AND LEGAL HELP 4 YOU LLC

concluded years ago and allegations suggesting the existence of current investigations or ongoing misconduct. Movant has sought clarification from governmental agencies and other entities referenced in the publications and has preserved copies of media articles, videos, electronic communications, social media publications, and related materials. Movant further states that the publicity was not isolated. It was repeated across multiple publications and platforms and circulated nationally within Brazil. Several of the publications specifically referenced Movant's participation in proceedings relating to Defendant Alexandre de Moraes and repeated allegations concerning prior criminal proceedings, purported FBI investigations, alleged fraud involving major United States corporations, and other matters that Movant contends were materially inaccurate, misleading, incomplete, or presented without proper context. Movant disputes those characterizations and has sought clarification from governmental agencies and other entities referenced in such publications. Movant respectfully submits that this widespread publicity created reputational injury, public hostility, and a chilling effect upon Movant's lawful participation in judicial proceedings. More

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

seriously, Movant states that after his participation in matters relating to this litigation became public, he experienced threats, intimidation, and safety concerns affecting himself and his family. Movant alleges that he was warned, threatened, and pressured in connection with the public controversy surrounding his filings and participation. Movant has communicated safety concerns to governmental authorities and has preserved records concerning those communications and events. Movant further represents that he has preserved documentary evidence relating to these events, including media publications, electronic communications, correspondence with governmental agencies, notices sent to media organizations, records of communications with counsel and interested parties, and materials relating to reported threats, intimidation, and safety concerns. Movant is prepared to submit representative exhibits under separate notice should the Court determine that such materials would assist in evaluating the circumstances described herein. Movant does not ask this Court, through the present motion, to adjudicate separate defamation claims, criminal allegations, media-liability claims, or threats made by third parties. Rather, Movant submits these facts so the Court is aware that his lawful participation in proceedings involving

11

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

matters of public concern was followed by publicity, threats, intimidation, and alleged retaliatory conduct. Movant respectfully submits that these events are relevant to the Court's consideration of whether independent amicus participation should be permitted and whether the integrity of judicial participation should be protected from intimidation, retaliation, or efforts designed to chill access to the courts. The right to petition courts for redress of grievances occupies a protected position under the First Amendment to the United States Constitution. See ***California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508 (1972)***; ***BE & K Construction Co. v. NLRB, 536 U.S. 516 (2002)***. Movant respectfully submits that participation in judicial proceedings should not expose individuals to retaliation, intimidation, threats, or public campaigns designed to discourage the exercise of protected petitioning activity. Federal courts possess inherent authority to preserve the integrity of judicial proceedings and to ensure that litigants, amici, witnesses, and other participants may engage in proceedings free from intimidation, coercion, or retaliatory interference. See ***Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991)***; ***Sheppard v. Maxwell, 384 U.S. 333, 363 (1966)***.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

# VII. REQUEST FOR LEAVE, RECORD PRESERVATION, AND PROTECTIVE CONSIDERATION

Movant respectfully requests that the Court:

1. Grant leave to file the proposed Amicus Curiae Brief;

2. Permit Movant to submit representative exhibits documenting publications, communications, threats, safety concerns, governmental correspondence, media inquiries, and other events occurring after Movant's participation in these proceedings;

3. Recognize that retaliatory publicity, threats, intimidation, or reputational attacks directed at participants in judicial proceedings may create a chilling effect on protected petitioning activity;

4. Preserve in the record Movant's notice that he has experienced threats, intimidation, reputational injury, and safety concerns after exercising his right to participate in matters relating to this litigation;

5. Take notice that Movant has informed governmental agencies and other authorities concerning reported threats, intimidation, and safety concerns and has preserved records relating to such communications;

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

6. Recognize the importance of protecting the integrity of judicial proceedings from intimidation, coercion, retaliation, or interference; and

7. Grant such further relief as the Court deems just and proper.

## VIII. CONCLUSION

Movant respectfully submits that this litigation presents issues of exceptional public importance involving constitutional protections, international due process, extraterritorial governmental conduct, alleged interference with United States companies and speech platforms, and the protection of lawful petitioning activity from intimidation or retaliation. Movant further respectfully submits that the record now reflects circumstances demonstrating that participation in matters involving significant public controversy may expose participants to threats, intimidation, reputational attacks, and chilling effects that warrant preservation in the record and careful consideration by the Court.

Respectfully submitted,

Rogerio Chaves Scotton
160 W Camino Real, # 102
Boca Raton, FL 33432
Email: rs@legalhelp4y.com

14

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
SECOND RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of June 2026, a true and correct copy of the foregoing RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF was served via electronic mail and/or through the Court's CM/ECF electronic filing system on the following parties:

1. Plaintiffs
Trump Media & Technology Group Corp.
Rumble Inc.
Via Counsel:
 Harmeet K. Dhillon, Esq.
Dhillon Law Group Inc.
Email: harmeet@dhillonlaw.com
 Ron Coleman, Esq.
Coleman Nation
Email: ron@coleman.nation
Stephen McClure, Esq.
Dhillon Law Group
Email: smcclure@dhillonlaw.com
2. Defendant
Justice Alexandre de Moraes (in official and personal capacity)
Supreme Federal Court of Brazil (STF)
Notice via international diplomatic service and courtesy email:
 Brazilian Attorney General's Office (Advocacia-Geral da União)
Email: gabinete@agu.gov.br
Brazilian Consulate in Miami
Email: consular.miami@itamaraty.gov.br

Rogerio Scotton
160 W Camino Real, 102
Boca Raton, FL 33432
Phone Number: (561) 878-9001
Email Address: rs@legalhelp4y.com