| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP. <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil <br><br> Defendant. | Civil Action No. 8:25-cv-00411-MSS-AAS |

## THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO VACATE ORDER REQUIRING PLAINTIFFS TO PROMPTLY MOVE FOR ENTRY OF DEFAULT AND TO STAY THE CLERK'S CONSIDERATION OF ANY REQUEST FOR ENTRY OF DEFAULT

For the reasons set forth below, the Federative Republic of Brazil ("Brazil"), acting on its own behalf, respectfully moves for an order vacating the Court's Order of May 22, 2026 requiring Plaintiffs to "promptly move for the entry of Clerk's default," ECF No. 60 at 9, and staying the Clerk's consideration of any request for entry of default should Plaintiffs make such a request.

## BACKGROUND

On February 2, 2026, Plaintiffs moved for leave to serve Defendant Justice Alexandre de Moraes—a Justice of Brazil's Supreme Federal Court—by alternative means. ECF No. 55. On May 22, 2026, the Court granted Plaintiffs' motion, ordering Plaintiffs to complete service by email within 30 days. ECF No. 60 at 9. The Court's

1

Order further directed that "[i]f Defendant fails to timely respond to the Amended Complaint or request an extension of time to do so, Plaintiffs shall promptly move for the entry of Clerk's default." *Id.*

Simultaneously with this motion, Brazil, the real party in interest, *see* Motion to Intervene and to Dismiss at 4-8, has moved to intervene and to dismiss the Amended Complaint. As explained in that motion, the Amended Complaint must be dismissed for multiple reasons, including for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.* and lack of personal jurisdiction, including due to lack of proper service. In addition, Brazil is an indispensable party that cannot be joined under Fed. R. Civ. P. 19 and the case is otherwise barred by international comity and the act of state doctrine.

## ARGUMENT

The Court should vacate its Order that Plaintiffs promptly request a default and stay the Clerk's consideration of any such request that Plaintiffs may file.

*First*, the Clerk cannot enter a default in view of Brazil's assertion that there is no subject matter jurisdiction because of its sovereign immunity. Sovereign immunity must be adjudicated at the outset, prior to a district court taking other actions. *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 493-94 (1983) (holding district courts must determine whether the FSIA exceptions apply "[a]t the threshold"); *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 174 (2017) (holding district courts "should normally … reach a decision about immunity as near

2

to the outset of the case as is reasonably possible"); *Comparelli v. Bolivarian Republic of Venez.*, 655 F. Supp. 3d 1169, 1179 (S.D. Fla. 2023) ("In FSIA cases, district courts must determine, as a threshold matter, whether they have subject matter jurisdiction over the claims at issue.") (citations and internal quotation marks omitted).

Indeed, a foreign sovereign may not even be required to brief merits-related issues prior to the full resolution of its sovereign immunity. *See Process & Indus. Devs. v. Fed. Republic of Nig.*, 962 F.3d 576, 584-87 (D.C. Cir. 2020) (finding district court erred in ordering Nigeria to brief the merits while its assertion of sovereign immunity remained undecided, because immunity assertions must be resolved "as early in the litigation as possible"). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) (sovereign immunity is immunity from trial, not merely a defense to liability) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 372 (6th Cir. 2009)); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (holding "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation").

Thus, considering a request for default in the present circumstances would "itself [be] an infringement" of Brazil's "sovereign immunity," *Philippines v. Pimentel*, 553 U.S. 851, 864 (2008). District courts have been directed to avoid such a result by

adjudicating sovereign immunity issues "as near to the outset" as possible. *Helmerich & Payne*, 581 U.S. at 174.

Here, the need to avoid considering a request for default is especially compelling because no exception to Brazil's sovereign immunity under the FSIA is available or, indeed, even been invoked by Plaintiffs. Motion to Intervene and to Dismiss at 1, 11-12, 23. In the absence of subject matter jurisdiction, a default cannot be entered by the Clerk. As the District Court for the District of Columbia explained in *Mohammadi v. Islamic Republic of Iran*, where there is a "lack of subject-matter jurisdiction" under the FSIA, "the clerk's entry of default … [is] void from its inception." 947 F. Supp. 2d 48, 80 n.2 (D.D.C. 2013). Thus, in *LS Energia Inc. v. Corporación Eléctrica Nacional S.A.*, the District Court for the Southern District of Florida vacated the clerk's entry of default after concluding that it lacked subject matter jurisdiction under the FSIA. No. 21-21642-CV-WILLIAMS, 2025 U.S. Dist. LEXIS 215519, at *19 (S.D. Fla. Jan. 10, 2025). *See also Khochinsky v. Republic of Poland*, No. 18-cv-1532 (DLF), 2019 U.S. Dist. LEXIS 192630, at *11 (D.D.C. Nov. 6, 2019) (vacating clerk's entry of default after finding no subject matter jurisdiction under the FSIA).

*Second*, no request for default should be entertained because the time for responding to the Amended Complaint, which begins upon completion of service, has not begun to run as Plaintiffs have not properly effected service. *See* Fed. R. Civ. P. 12(1)(A)(i); *id.* at Rule 15(a)(3); 28 U.S.C. § 1608(d). Accordingly, no default can be entered. *See Isaac Indus. v. Petroquimica De Venezuela, S.A.*, No. 19-23113-CIV-SCOLA/GOODMAN, 2022 U.S. Dist. LEXIS 36803, at *14 (S.D. Fla. Mar. 1, 2022)

4

(holding that "[a]s a threshold matter," prior to entering default under Rule 55(a), "the Court must ensure that service of process was properly effectuated") (internal citations omitted).

As Brazil demonstrates in its simultaneously-filed motion to intervene and to dismiss, this is a claim against a foreign government official in his official capacity that "should be treated as [an] action[] against the foreign state itself"—Brazil—"the real party in interest," *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010). *See* Motion to Intervene and to Dismiss at 4-8. Service therefore needs to be made on Brazil. *See Nationwide Prop. & Cas. Ins. Co. v. Wash. Mut. Bank, F.A.*, No. 3:10-CV-1, 2010 U.S. Dist. LEXIS 101130 at *9 (N.D.W.Va. Sep. 8, 2010) (vacating a default judgment where the real party in interest "was not provided proper service and thus had no opportunity to defend"). As such, Plaintiffs must effect service under 28 U.S.C. § 1608(a), the statutory provision that sets out the exclusive means for serving foreign states, for which strict compliance is obligatory. *Republic of Sudan v. Harrison*, 587 U.S. 1, 4, 19 (2019) (holding that Section 1608(a) "sets out in hierarchical order … methods by which '[s]ervice … shall be made'" and that its service rules "demand[] adherence to strict requirements"); *Said v. Al Adhab,* No. 8:21-cv-1073-WFJ-CPT, 2025 U.S. Dist. LEXIS 4786 at *7 (M.D. Fla. Jan. 10, 2025) (holding "[t]o ensure foreign states or political subdivisions are correctly served, the FSIA sets out four methods of service that must be strictly followed").

Service by email is *not* permitted by Section 1608(a). As that is the means by which service was purportedly made, no default can be entered. *See, e.g., Material*

*Aviation Technologie Navigation v. Democratic Republic of the Congo*, No. 25-20700-CIV-ALTONAGA/Reid, 2026 U.S. Dist. LEXIS 24272 at *3-11 (S.D. Fla. Feb. 5, 2026) (ruling that where plaintiff served public official rather than Minister of Foreign Affairs, as required by Section 1608(a)(3), service was insufficient, thus rendering entry of default void); *Suncoast Tech Corp. v. Hondutel, Nuestra Empresa de Telecomunicaciones*, No. 11-60529-CIV, 2012 U.S. Dist. LEXIS 154633, at *18 (S.D. Fla. Oct. 29, 2012) (vacating entry of default against instrumentality of the Republic of Honduras because plaintiff failed to comply with the service requirements of Section 1608(b)).

*Finally*, staying consideration of any request for default while the Court resolves the motion to dismiss would conserve resources and avoid prejudice. District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).[1]

Plaintiffs would suffer no prejudice from awaiting resolution of the dispositive threshold issues raised in the pending motion to intervene and dismiss. By contrast, considering a request for default risks irreparable harm to Brazil's sovereign interests and to the dignity of a foreign state. *See Material Aviation*, 2026 U.S. Dist. LEXIS 24272, at *11 (S.D. Fla. Feb. 5, 2026) (recognizing the "sensitive diplomatic concerns" implicated by Section 1608(a)'s service provisions). *See also Pimentel*, 553 U.S. at 868-

---

[1] Local Rule 1.01(b) further authorizes the Court to "temporarily modify or suspend the application of any rule" as reasonably necessary to achieve the rule's purpose. This includes Local Rule 1.10(b), which requires an entitled party to apply for default within twenty-eight days after a party's failure to plead or otherwise defend.

69 (warning that the "privilege" of sovereign immunity would be "much diminished if an important and consequential ruling affecting" a foreign state's "substantial interest is determined … by a federal court in the sovereign's absence and over its objection").

For the foregoing reasons, the Court should grant Brazil's motion to vacate the Court's order requiring Plaintiffs to promptly file for default and to stay the Clerk's consideration of any request for entry of default.

Dated: June 15, 2026

Respectfully submitted,

/s/ Madeleine K. Rodriguez
Andrew B. Loewenstein (*pro hac vice* forthcoming)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
aloewens@foleyhoag.com
*Lead Counsel for Federative Republic of Brazil*

Nicholas M. Renzler (*pro hac vice* forthcoming)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel: 212-812-0400
nrenzler@foleyhoag.com

Madeleine K. Rodriguez (0115796)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
mrodriguez@foleyhoag.com
*Counsel for Federative Republic of Brazil*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that on June 15, 2026 at 9:21 a.m. ET, counsel for Brazil contacted Plaintiffs' counsel by email to inquire whether Plaintiffs oppose the relief requested in this motion. At 9:52 a.m. ET, counsel for Rumble responded that his colleague would coordinate a time that day for counsel to confer. At 2:35 p.m. ET, counsel for Brazil wrote to Plaintiffs' counsel asking them to advise if and when they would like to meet. At 5:34 p.m. ET, counsel for Rumble emailed counsel for Brazil, indicating that their positions on the motion would be presented shortly. At 7:48 p.m. ET, having not yet received Plaintiffs' positions, counsel for Brazil reverted to counsel for Plaintiffs to inquire as to their positions. In response, counsel for Plaintiffs indicated that they oppose the relief sought in this motion. Plaintiffs' counsel requested that counsel for Brazil note that counsel for Brazil first contacted Plaintiffs' counsel today and requested a response the same day, "which did not provide sufficient time for [Plaintiffs' counsel] to fully consider this request."

.

/s/ Madeleine K. Rodriguez
Madeleine K. Rodriguez