# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

|  |  |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>Plaintiffs,<br><br>      v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | **Civil Action No. 8:25-cv-00411-MSS-AAS** |

## <u>PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT</u>

Plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG") (together, "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.10(b), respectfully request that the Clerk enter default against Defendant Alexandre de Moraes, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil ("Defendant").

After months of unsuccessful efforts to effect service under the Hague Convention due to Defendant's evasion, Plaintiffs served Defendant by email in accordance with this Court's Order Granting Plaintiffs' Motion for Alternate Service ("Alternate Service Order") [ECF No. 60]. *See* Declaration of Rossana

1

Baeza in Support of Plaintiffs' Motion for Clerk's Entry of Default ("Baeza Decl."), ¶¶ 5–6. Defendant has now failed to appear, respond, request additional time, or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. *Id.*, ¶ 7. Because of Defendant's complete silence and failure to plead or otherwise defend this action—despite proper service and the expiration of the response deadline—Plaintiffs seek entry of default pursuant to Rule 55(a).

On June 6, 2025, Plaintiffs filed their Amended Complaint. *Id.*, ¶ 3. On July 16, 2025, Plaintiffs filed their Supplemental Pleading. *Id.*, ¶ 4. On May 24, 2026, pursuant to Federal Rule of Civil Procedure 4(f)(3) and the methods of service authorized by this Court, counsel for Plaintiffs caused emails to be sent to the addresses authorized in the Alternate Service Order [ECF No. 60], comunicacaosej@stf.jus.br and gabmoraes@stf.jus.br. Baeza Decl., ¶ 5; *see also* Proof of Service [ECF No. 63].

These emails attached true and correct copies of (1) the Amended Complaint [ECF No. 38]; (2) the Supplemental Pleading [ECF No. 46]; (3) the Summons [ECF No. 39]; and (4) the Alternate Service Order [ECF No. 60], along with certified translations of each document. Baeza Decl., ¶ 5. Counsel received an automated response from postmaster@stf.jus.br stating that the comunicacaosej@stf.jus.br account was not enabled to receive emails. *Id.*, ¶ 6.

2

Counsel received confirmation that delivery to gabmoraes@stf.jus.br was complete. *Id.*

Service on Defendant was therefore completed through confirmed delivery to gabmoraes@stf.jus.br, one of the email addresses expressly authorized by the Court for alternate service. *Id.* Plaintiffs also attempted service at comunicacaosej@stf.jus.br, the second Court-authorized address. *Id.* Because the Court authorized service by email at those addresses, confirmed delivery to gabmoraes@stf.jus.br completed service under the Court's Alternate Service Order. *Id.*

Following service, the deadline for Defendant to respond to the Amended Complaint and Supplemental Pleading was June 15, 2026. *Id.*, ¶ 7. That deadline has now passed. *Id.* Defendant has neither appeared, responded, requested additional time, nor otherwise defended this action. *Id.* On the contrary, rather than appearing or responding upon service, counsel for the Federative Republic of Brazil—*who do not represent Defendant*—sought to intervene in this case. *Id.*, ¶ 8. That does not cure Defendant's knowing failure to appear or respond in a timely manner.

Defendant's inaction is unjustified. None of the available safe harbors excuse Defendant's default. Neither Plaintiffs nor the Court has granted Defendant an extension of time to respond to the Amended Complaint and Supplemental Pleading and, indeed, no such extension was requested. *Id.*, ¶ 9.

Defendant is neither an infant nor incompetent person. *Id.*, ¶ 10. The Servicemembers' Civil Relief Act does not apply. *Id.* In sum, after months of unsuccessful efforts to effect service under the Hague Convention, Court-authorized alternate service, and the expiration of the applicable response deadline, Defendant has failed to plead or otherwise defend this action. Entry of default is therefore appropriate under Rule 55(a).

This case should now proceed in the ordinary course. Defendant was served by a method specifically authorized by this Court, received notice through a confirmed Court-authorized email address, and allowed the response deadline to expire without appearing or otherwise defending. For these reasons, Plaintiffs respectfully request that the Clerk enter default so that Plaintiffs may proceed to seek all relief available under the Federal Rules of Civil Procedure.

Dated: June 18, 2026                    Respectfully submitted,

/s/ *E. Martin De Luca*
E. MARTIN DE LUCA*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 446-2300

*Lead Counsel for Plaintiff*
*Rumble Inc.*

4

MATTHEW L. SCHWARTZ*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 303-3646

ANDREW H. SMITH*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
(202) 274-1163

DARIA PUSTILNIK
FLA. BAR NO. 92514
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
(305) 539-8400

*Counsel for Plaintiff Rumble Inc.*

/s/ *Caryn G. Schechtman*
CARYN G. SCHECHTMAN*
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Lead Counsel for Plaintiff
Trump Media & Technology
Group Corp.*

CHRISTOPHER G. OPRISON
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
(305) 423-8500

5

*Counsel for Plaintiff*
*Trump Media & Technology*
*Group Corp.*

*Admitted *pro hac vice*

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel conferred with counsel for the Federative Republic of Brazil ("Brazil"), which has filed a motion to intervene that remains pending and is not yet fully briefed. Brazil is not a party to this action, and Plaintiffs' conferral with Brazil is undertaken solely out of an abundance of caution and does not concede that Brazil's Motion to Intervene, Motion to Dismiss, or any other related motion has merit or is properly before the Court. Counsel for Brazil indicated that Brazil opposes the relief requested in this Motion for the reasons set forth in its June 16, 2026 Motion to Vacate Order Requiring Plaintiffs to Promptly Move for Entry of Default and to Stay the Clerk's Consideration of Any Request for Entry of Default [ECF No. 68].

Brazil further disclaimed any authority to respond on behalf of Defendant Alexandre de Moraes.

No counsel has formally appeared for Defendant Moraes; accordingly, no conference with Defendant was possible. Plaintiffs' counsel certifies that, as of this 18th day of June, 2026, Plaintiffs are serving this Motion for Clerk's Entry of Default on Defendant—under the methods of service authorized in the Court's Alternate Service Order—in a good-faith effort to provide continued notice and an opportunity to respond.

7

## **CERTIFICATION**

I HEREBY CERTIFY that on this 18th day of June 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system. Plaintiffs also served the foregoing under the methods of service authorized in the Court's Alternate Service Order, including by email to gabmoraes@stf.jus.br.

/s/ *Martin De Luca*
MARTIN DE LUCA

8