UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUMP MEDIA & TECHNOLOGY
GROUP CORP. and RUMBLE, INC.,

     Plaintiffs,

v.                                                                    Case No: 8:25-cv-411-MSS-AAS

ALEXANDRE DE MORAES, Justice
of the Supreme Federal Tribunal of the
Federative Republic of Brazil,

     Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of The Federative Republic of Brazil ("Brazil")'s Motion to Intervene and to Dismiss, (Dkt. 66), Brazil's Motion to Vacate Order Requiring Plaintiffs to Promptly Move for Entry of Default and to Stay the Clerk's Consideration of Any Request for Entry of Default, (Dkt. 68), and Plaintiffs' Motion for Clerk's Default. (Dkt. 72) Upon consideration, the Court **GRANTS** Brazil's Motion to Intervene, **DEFERS RULING** on Brazil's Motion to Dismiss, **GRANTS** Brazil's Motion to Vacate and Stay, and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Clerk's Default.

## I.    BACKGROUND

In April 2025, Plaintiffs Rumble Inc. ("Rumble") and Trump Media & Technology Group Corp. ("TMTG") initiated this action against Defendant Alexandre de Moraes, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil ("Justice Moraes"). (Dkt. 1) TMTG operates the Truth Social platform described as, "a forum designed to facilitate open discourse and uphold the American tradition of free expression for its users." (Dkt. 38 at ¶ 6) Truth Social uses Rumble's "cloud-based hosting and streaming infrastructure to deliver multimedia content to its users." (Id. at ¶ 7) According to Plaintiffs' Amended Complaint, (Dkt. 38), Justice Moraes issued sweeping gag orders to suspend multiple U.S.-based accounts of a well-known politically outspoken user. (Id. at ¶ 2) Plaintiffs initiated this case to seek a declaration that the gag orders are unenforceable in the United States because (1) they would violate the First Amendment; (2) enforcement of the orders would violate the Communications Decency Act; (3)  they are against public policy; (4) they would require Rumble to violate the Stored Communications Act; and (5) they violate Florida's statutory foreign judgment nonrecognition policy. To date, those orders have not been domesticated in the United States or served on Plaintiffs pursuant to the Hague Convention. Plaintiffs also bring claims for tortious interference with contractual and prospective business relations. (Dkt. 38)

After initiating this action, Plaintiffs spent several months pursuing formal service under the Hague Service Convention. After these attempts were unsuccessful, Plaintiffs moved for leave to serve Defendant by email. (Dkt. 55) On May 22, 2026,

2

the Court granted this motion and ordered Plaintiffs to serve Defendant by email within thirty days, and then to "promptly move for the entry of Clerk's default" if Defendant failed to timely answer. (Dkt. 60) On June 5, 2026, Plaintiffs filed proof of service indicating they timely served Defendant on May 24, 2026. (Dkt. 63)

On June 15, 2026, Brazil filed its Motion to Intervene and Dismiss. (Dkt. 66) The Motion advises that Plaintiffs take no position on the request to intervene. (Id. at 25) Given this lack of opposition and for the reasons stated in the Motion, the Court finds that Brazil has established its entitlement to intervention in this action. See Fed. R. Civ. P. 24(a). Accordingly, the Motion to Intervene is **GRANTED**. The Court will **DEFER RULING** on the Motion to Dismiss pending Plaintiffs' response to the motion to dismiss.

Because Brazil asserts that it is the real party in interest, the Court also **GRANTS** Brazil's Motion to Vacate the Court's directive that Plaintiffs promptly move for a Clerk's default. (Dkt. 68) Considering this, in addition to the potentially dispositive jurisdictional issues raised in the Motion to Dismiss, Plaintiffs' Motion for Clerk's Default is **DENIED WITHOUT PREJUDICE**. Plaintiffs may renew this motion upon resolution of the Motion to Dismiss, if appropriate.

## II.   CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. The Federative Republic of Brazil's Motion to Intervene, (Dkt. 66), is **GRANTED**.

2. The Court **DEFERS RULING** on The Federative Republic of Brazil's Motion to Dismiss. (Dkt. 66)

3. Plaintiffs are **DIRECTED** to **RESPOND** to the Motion to Dismiss within **fourteen (14) days** of the date of this Order.

4. Brazil's Motion to Vacate Order Requiring Plaintiffs to Promptly Move for Entry of Default and to Stay the Clerk's Consideration of Any Request for Entry of Default, (Dkt. 68), is **GRANTED**.

5. Plaintiffs' Motion for Clerk's Default, (Dkt. 72), is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of June 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

4