In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

**RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

**Plaintiff,**

**CASE NO: 8:25-cv-00411**

**vs.**

**ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil,**

**Defendant,**

_____/

## SUPPLEMENTAL AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC REGARDING JUDICIAL SOVEREIGNTY, FOREIGN OFFICIAL IMMUNITY, AND THE DOMESTIC EFFECT OF FOREIGN GOVERNMENTAL DIRECTIVES

## I. INTRODUCTION

Amicus respectfully submits this Supplemental Brief to assist the Court in evaluating several legal questions raised by the pending motions to intervene and dismiss.

1

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

The issues presented extend beyond the interests of the immediate parties. This case presents questions concerning:

(1) the limits of foreign-official immunity;

(2) the distinction between recognition and enforcement of foreign governmental directives;

(3) the continuing viability of the ultra vires doctrine recognized by the Supreme Court;

(4) the role of American courts in determining the domestic legal effect of foreign governmental acts; and

(5) the implications of those doctrines for modern communications platforms and digital infrastructure operating within the United States.

Amicus does not seek to involve the Court in the internal political affairs of Brazil.

Nor does Amicus ask this Court to function as an appellate tribunal reviewing the correctness of Brazilian law.

2

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

Rather, Amicus respectfully submits that the pending motions raise important institutional questions concerning the authority of United States courts to determine the domestic legal consequences of foreign governmental directives directed toward American entities and interests.

## II. THIS CASE CONCERNS RECOGNITION AND ENFORCEMENT, NOT APPELLATE REVIEW OF A FOREIGN COURT

A central distinction should remain clear.

The existence of a foreign judicial order and the domestic legal effect of that order within the United States are separate questions.

The Supreme Court has long recognized that foreign judgments and governmental acts do not automatically receive domestic legal effect merely because they originate from a foreign sovereign. See, ***Hilton v. Guyot, 159 U.S. 113 (1895)***.

Recognition has historically depended upon principles of comity, reciprocity, due process, and domestic public policy.

Accordingly, the Court need not determine whether Brazilian courts acted correctly under Brazilian law.

3

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

The narrower question is whether foreign governmental directives may produce direct legal consequences within the United States without independent judicial consideration by American courts. That distinction is critical.

## III. THE DEFENSE THEORY PRESENTS AN IMPORTANT QUESTION UNDER SAMANTAR

The Supreme Court held in **_Samantar v. Yousuf, 560 U.S. 305 (2010)_**, that foreign-official immunity is governed by common-law principles and is not automatically identical to sovereign immunity.

The Court preserved an analytical distinction between the foreign sovereign and the individual official.

Amicus respectfully submits that Defendant's position raises an important unresolved question:

If every action of a foreign judicial officer is automatically treated as the action of the foreign sovereign itself, regardless of its alleged domestic effects within the United States, under what circumstances would the ultra vires limitation recognized in **_Samantar_** have practical application?

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

The Court should exercise caution before adopting an interpretation that would effectively eliminate the distinction recognized by the Supreme Court.

## IV. INTERNATIONAL COMITY DOES NOT REQUIRE AUTOMATIC DEFERENCE

International comity is an important doctrine.

However, it is a doctrine of balancing and respect rather than automatic abstention. *Hilton v. Guyot, 159 U.S. 113 (1895).*

In *Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522 (1987)*, the Supreme Court emphasized that American courts retain independent obligations when domestic legal interests are implicated.

The Eleventh Circuit likewise recognizes that comity requires balancing of competing sovereign interests. *Ungaro-Benages v. Dresdner Bank AG, 379 F.3d 1227 (11th Cir. 2004)*.

Accordingly, the presence of a foreign sovereign interest does not itself resolve the analysis.

The Court must also consider substantial domestic interests alleged to be implicated by the challenged conduct.

5

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

## V. THE TERRITORIAL INTERESTS OF THE UNITED STATES ARE SUBSTANTIAL

The allegations involve:

• United States corporations;

• operations located within the United States;

• infrastructure located within the United States;

• communications accessible within the United States; and

• conduct allegedly directed toward entities operating under United States law.

The Supreme Court has repeatedly emphasized the significance of domestic effects and territorial interests. ***Morrison v. National Australia Bank Ltd., 561 U.S. 247 (2010)***. ***RJR Nabisco, Inc. v. European Community, 579 U.S. 325 (2016)***.

The existence of substantial domestic interests supports careful judicial examination before dismissal.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

## VI. THE COURT SHOULD EXERCISE CAUTION BEFORE EXPANDING IMMUNITY DOCTRINES

The Supreme Court has repeatedly declined invitations to expand sovereign-immunity doctrines beyond established legal foundations. ***Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134 (2014)***.

Amicus respectfully submits that immunity doctrines should not be interpreted in a manner that forecloses judicial review of substantial domestic interests absent clear authority from Congress or controlling precedent.

## VII. THE DIGITAL AGE PRESENTS QUESTIONS NOT CONTEMPLATED BY MANY TRADITIONAL IMMUNITY CASES

Many of the foundational sovereign-immunity cases arose before:

• social-media platforms;

• cloud computing;

• globally distributed communications networks;

• digital publishing infrastructure;

• and artificial-intelligence systems.

The Court therefore confronts circumstances materially different from those presented in many traditional immunity disputes.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

The modern digital environment permits governmental actions originating in one jurisdiction to produce immediate effects across multiple jurisdictions simultaneously.

Accordingly, the Court should proceed cautiously before extending traditional immunity doctrines in ways that may substantially affect domestic digital infrastructure and communications.

## VIII. THE COURT'S PRIOR FINDINGS REGARDING ALTERNATIVE SERVICE WARRANT CAREFUL CONSIDERATION

The Court previously authorized alternative service after extensive efforts to effect service through conventional international procedures

The Court determined that alternative service satisfied due-process requirements and was appropriate under the circumstances presented.

Amicus respectfully submits that those findings deserve substantial consideration when evaluating subsequent challenges that would effectively negate the practical consequences of the Court's prior determination.

The Court's prior determination also implicates principles of procedural fairness and judicial economy.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

Having already concluded that alternative service satisfied constitutional due-process requirements under the circumstances presented, the Court should carefully consider whether subsequent challenges effectively seek to relitigate issues substantially addressed in the prior Rule 4(f)(3) analysis. Respect for prior judicial findings promotes consistency, predictability, and efficient administration of justice.

## VIII-A. THE COURT SHOULD IDENTIFY A LIMITING PRINCIPLE

Defendant's theory appears to permit a foreign governmental actor to direct legal obligations toward United States corporations while simultaneously invoking immunity doctrines to foreclose judicial review within the United States.

Before adopting such a rule, the Court should identify a limiting principle. If the asserted theories are accepted without limitation, the same reasoning could potentially apply to future directives issued by governmental actors from any foreign jurisdiction seeking to regulate speech, communications, platform operations, or digital infrastructure located within the United States.

9

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

The Court should therefore carefully consider what legal principle distinguishes the present dispute from future efforts by foreign governmental actors to impose obligations upon American entities while remaining insulated from domestic judicial review.

The Court need not identify the precise contours of that limiting principle at this stage. However, before adopting an interpretation that would foreclose judicial review, the Court should be satisfied that a principled boundary exists and can be articulated for future cases involving foreign governmental directives directed toward American entities. The significance of that inquiry extends beyond the present dispute. The Court's analysis may provide guidance in future cases involving foreign governmental efforts to regulate speech, digital communications, platform operations, or other activities occurring in whole or in part within the United States. For that reason, the existence of a principled limiting rule warrants careful consideration.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

## VIII-B. THE DEFENSE THEORY PRESENTS A TENSION REGARDING RULE 19

Defendant and the Federative Republic of Brazil have argued that Brazil possesses sovereign interests directly implicated by this litigation and that Brazil constitutes an indispensable party.

At the same time, the defense position substantially relies upon treating the challenged conduct as inseparable from the sovereign itself

Amicus respectfully submits that these positions raise an important analytical question.

If the individual official and the sovereign are entirely indistinguishable for purposes of immunity and liability, the Court may wish to examine the precise basis upon which separate intervention and separate assertions of indispensable-party status become necessary.

Clarification of that relationship may assist the Court in evaluating the pending jurisdictional and immunity arguments. The Court may therefore wish to determine whether the asserted Rule 19 interests derive from the sovereign itself, the individual official, or both, and whether those positions

11

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

remain analytically consistent throughout the defense's jurisdictional arguments.

## IX. THE CASE PRESENTS A QUESTION OF JUDICIAL SOVEREIGNTY

At its core, this case presents a question of institutional importance:

Who determines the domestic legal effect of foreign governmental directives within the territorial jurisdiction of the United States?

Historically, that role has belonged to the judiciary of the United States.

American courts have served as the institution responsible for determining whether foreign judgments, governmental acts, and sovereign interests should receive domestic legal effect.

That principle protects both international comity and American judicial sovereignty.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

## X. THE PUBLIC INTEREST EXTENDS FAR BEYOND THE IMMEDIATE PARTIES

The Court's ruling may affect future disputes involving:

• social-media platforms;

• cloud-service providers;

• communications networks;

• digital publishers;

• artificial-intelligence companies;

• and other United States-based entities operating globally.

The issues therefore extend beyond the immediate interests of the parties and present questions of exceptional public importance.

## XI. CONCLUSION

For the foregoing reasons, Amicus respectfully submits that the Court should carefully scrutinize the asserted defenses of sovereign immunity, foreign-official immunity, international comity, and related jurisdictional doctrines before terminating the action and should recognize the substantial constitutional, territorial, and institutional interests implicated by the issues presented.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.

Respectfully submitted,

Rogerio Chaves Scotton
160 W Camino Real, # 102
Boca Raton, FL 33432
Email: rs@legalhelp4y.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of June, 2026, a true and correct copy of the foregoing SUPPLEMENTAL AMICUS CURIAE BRIEF OF ROGERIO SCOTTON AND LEGAL HELP 4 YOU LLC REGARDING JUDICIAL SOVEREIGNTY, FOREIGN OFFICIAL IMMUNITY, AND THE DOMESTIC EFFECT OF FOREIGN GOVERNMENTAL DIRECTIVES was served via electronic mail and/or through the Court's CM/ECF electronic filing system upon all counsel of record and interested parties, including:1. Plaintiffs
Trump Media & Technology Group Corp.
Rumble Inc.
Via Counsel:
 Harmeet K. Dhillon, Esq.
Dhillon Law Group Inc.
Email: harmeet@dhillonlaw.com
2. Defendant Madeleine K. Rodriguez (0115796)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
mrodriguez@foleyhoag.com
Counsel for Federative Republic of Brazil

Rogerio Scotton
160 W Camino Real, 102
Boca Raton, FL 33432
Phone Number: (561) 878-9001
Email Address: rs@legalhelp4y.com