**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 8:25-cv-00411-MSS-AAS** |

**PLAINTIFFS' MOTION TO SEQUENCE BRIEFING FOLLOWING THE COURT'S JUNE 23, 2026 ORDER**

On June 23, 2026, the Court entered an order granting the Federative Republic of Brazil's ("Brazil") motion to intervene and directing Plaintiffs Rumble Inc. and Trump Media & Technology Group Corp. (together, "Plaintiffs") to respond to Brazil's motion to dismiss within fourteen days. Dkt. 73 ("Order"). The Court found that Brazil "has established its entitlement to intervention," but it did not decide whether Brazil is the real party in interest. Whether Brazil is the real party in interest bears directly on subject-matter jurisdiction and defines the framework for addressing Brazil's motion to dismiss.

Resolving this threshold question first will narrow the need for full briefing on Brazil's grounds for dismissal, promoting judicial economy and avoiding unnecessary expenditure of party and Court resources. "The identity of the real party in interest dictates what immunities may be available." *Lewis v. Clarke*, 581 U.S. 155, 163 (2017). If the Court were to determine that Brazil is the real party in interest (it should not), Brazil may assert immunity under the Foreign Sovereign Immunities Act to the action as a whole. *See generally Samantar v. Yousuf*, 560 U.S. 305 (2010). If, however, the Court correctly determines that Brazil is not the real party in interest, Brazil may assert immunity only as to itself, while Alexandre de Moraes remains a defendant in his individual capacity and invokes immunity, if any, under federal common law. *Id.* Brazil's participation in the motion to dismiss would then track its role as a traditional intervenor, *United States v. South Florida Water Management District*, 922 F.2d 704, 707 n.4 (11th Cir. 1991)—not as a real party in interest.

Plaintiffs therefore request focused briefing on the threshold real-party-in-interest question before a full response to the motion to dismiss is required. Plaintiffs respectfully propose the following schedule for sequenced briefing:

- Plaintiffs' Opening Brief: Due July 10, 2026
- Brazil's Response: Due July 24, 2026
- Plaintiffs' Reply: Due July 31, 2026

- Plaintiffs' Response to Brazil's Motion to Dismiss: Due three (3) weeks after the Court's order resolving the real-party-in-interest issue.

Dated: June 26, 2026

Respectfully submitted,

By: E. Martin De Luca*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
mdeluca@bsfllp.com

***Lead Counsel for Plaintiff Rumble Inc.***

Matthew L. Schwartz*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300

Andrew H. Smith*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, DC 20005
(202) 274 1163

Rossana Baeza
FLA. BAR NO. 1007668
BOIES SCHILLER FLEXNER LLP
100 S.E. 2nd Street, Suite 2800
Miami, Florida 33131
(305) 539-8400

***Counsel for Plaintiff Rumble Inc.***

Caryn G. Schechtman*
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
caryn.schechtman@us.dlapiper.com
(212) 335-4500

***Lead Counsel for Plaintiff Trump Media & Technology Group Corp.***

Christopher G. Oprison
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
(305) 423-8500

***Counsel for Plaintiff Trump Media & Technology Group Corp.***

**Admitted pro hac vice*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel conferred with counsel for the Federative Republic of Brazil ("Brazil") on June 26, 2026 regarding this request to sequence the briefing. Brazil opposes the request.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of June, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system. Plaintiffs also served the foregoing under the methods of service authorized in the Court's Alternate Service Order, including by email to gabmoraes@stf.jus.br.

/s/ *E. Martin De Luca*
E. MARTIN DE LUCA