**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil, <br><br> Defendant. | Civil Action No. <br> 8:25-cv-00411-MSS-AAS |

**THE FEDERATIVE REPUBLIC OF BRAZIL'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO SEQUENCE BRIEFING FOLLOWING**
**THE COURT'S JUNE 23, 2026 ORDER**

The Federative Republic of Brazil ("Brazil") hereby opposes Plaintiffs' motion to set aside the briefing schedule established in the Court's Order of June 23, 2026. ECF No. 73. Under this schedule, and in accordance with the Supreme Court's directive that sovereign immunity must be resolved as soon as is reasonably possible, Plaintiffs must respond to Brazil's motion to dismiss, which seeks dismissal for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*, by no later than July 7, 2026. ECF No. 73 at 4. Plaintiffs ask the Court to replace this schedule with an entirely novel approach, inconsistent with any prior case of which Brazil is aware, whereby the question of whether Brazil is the

1

real party in interest would be bifurcated and adjudicated prior to any other matters. Plaintiffs' request should be denied.

To begin with, the Court has *already* determined that Brazil is the real party in interest. On June 15, 2026, Brazil moved to intervene and to dismiss the amended complaint. ECF No. 66. In accordance with Local Rule 3.01(g), counsel for Brazil conferred with Plaintiffs' counsel prior to filing the motion. ECF No. 66 at 25. Plaintiffs took no position on Brazil's motion to intervene. *Id.* Brazil's motion duly set out the reasons why intervention must be granted, principally that under Supreme Court precedent, "a claim against a foreign government official in their official capacity 'should be treated as [an] action[] against the foreign state itself, as the state is the real party in interest.'" ECF No. 66 at 4 (quoting *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010)). That undeniably characterizes the present action. As Brazil explained at length in its motion to intervene, the amended complaint advances claims against a justice of Brazil's Supreme Federal Court based on orders he issued in his judicial capacity. As such, this is a quintessential scenario in which the foreign sovereign is the real party in interest. *See id.* at 4-6.

The Court granted Brazil's motion to intervene. ECF No. 73. In so doing, the Court held—in a passage that Plaintiffs conspicuously fail to acknowledge—that Brazil is entitled to intervene "*for the reasons stated in [Brazil's] Motion*," *id.* at 2 (emphasis added). As noted, the reasons set out in that motion were principally that Brazil is the real party in interest. *See* ECF No. 66 at 4-6. In other words, Brazil's status as the real party in interest has already been determined. Plaintiffs' present motion is thus

2

nothing more than an improper attempt to obtain reconsideration of that Order. *See Su v. Local 568, Transport Workers Union of Am., AFL-CIO*, 699 F. Supp. 3d 1333, 1337 (S.D. Fla. 2023) ("The only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'") (quoting *United States v. Dean*, 838 F. App'x 470, 471-72 (11th Cir. 2020)).

Regardless, even if Brazil's status as the real party in interest had not already been resolved (it has) there is no reason that this issue should be subject to its own round of briefing. The issue is straightforward and exceedingly simple. The suit is against a Brazilian judge because of orders he issued as a judge. That makes Brazil the real party in interest. *See Nagy v. Naday*, No. 17-10613-LTS, 2019 U.S. Dist. LEXIS 225127, at *6 (D. Mass. June 28, 2019) (holding Hungary was the real party in interest in suit against Hungarian judges where the plaintiff's claims were based on court orders). *See also, e.g.*, *Hussein v. Maait*, 129 F.4th 99, 117 (2d Cir. 2025) (finding Egypt to be the real party in interest in a suit against its Minister of Finance because the claims "center[ed] on decisions attributed to the government and various governmental agencies") (internal quotation marks omitted); *Nnaka v. Fed. Republic of Nig.*, 238 F. Supp. 3d 17, 31 (D.D.C. 2017) (finding Nigeria to be the real party in interest in suit against its Attorney General); *Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 34-35 (D.D.C. 2013) (finding Kenya to be the real party in interest in suit against Commissioners of the Kenya Revenue Authority).

Plaintiffs provide no explanation for why the issue presents any degree of complexity, let alone complexity sufficient to warrant its bifurcation. *See Doe v. Hudson*

3

*Specialty Ins. Co.*, No. 16-24176-CIV, 2017 U.S. Dist. LEXIS 219093, at *2 (S.D. Fla. Feb. 13, 2017) ("Bifurcation [of trial under Rule 42(b)] is the exception, not the rule, and the party seeking bifurcation bears the burden of establishing bifurcation is warranted.").

In fact, throughout the litigation, Plaintiffs have been aware that Brazil's status as the real party in interest dooms the case because there is no jurisdiction under the FSIA. Plaintiffs have thus argued in numerous filings that Justice Moraes' orders were *ultra vires*. Plaintiffs made this argument in their complaint, ECF No. 1 at ¶¶ 12-14, 61-67; motion for temporary restraining order, ECF No. 12 at 51-54; amended complaint, ECF No. 38 ¶¶ 1, 13-14, 87-93; and supplemental pleading, ECF No. 46 ¶¶ 15-20. However, the argument is a non-starter, as explained in Brazil's motion to intervene and to dismiss: Justice Moraes' orders were issued pursuant to his authority under the Supreme Federal Court's Internal Rules and ratified by a five-member panel of that court. *See* ECF No. 66 at 6-7. Moreover, the President of the Supreme Federal Court recently stated that this lawsuit challenges "the independence of the Brazilian Judiciary, the integrity of the rule of law in Brazil, and, ultimately, national sovereignty itself." ECF No. 67-5.

There is nothing more for Plaintiffs to argue on this score, and Plaintiffs' motion does not attempt to suggest otherwise. Accordingly, there is no basis on which to concluded that requiring separate briefing on the real party in interest issue would "streamline the case;" "reduce the time, expense, and complexity of [the] litigation;" "eliminate the need to litigate" certain issues; and/or "serve the interests of judicial

economy," *Fisher v. Miami-Dade Cnty.*, No. 14-CV-22636-HUCK, 2015 U.S. Dist. LEXIS 118718, at *2 (S.D. Fla. Aug. 28, 2015).

In that connection, Plaintiffs are incorrect that resolving Brazil's status as the real party in interest would somehow "narrow the need for full briefing on Brazil's grounds for dismissal," ECF No. 77 at 2. The Court cannot avoid adjudicating Brazil's sovereign immunity under the FSIA. The June 23 Order indisputably concluded that Brazil has a right to intervene under Rule 24(a)(2). ECF No. 73 at 3. Brazil is therefore a required party under Rule 19(a). *See Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1334 (11th Cir. 2024) (treating a party that has established a right to intervene under Rule 24(a)(2) as a required party for purposes of Rule 19); *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006) (holding a party that has a right to intervene under Rule 24(a)(2) is a required party under Rule 19(a)).

The Court must adjudicate Brazil's sovereign immunity in light of its status as a required party. *See Philippines v. Pimentel*, 553 U.S. 851, 867 (2008) (holding, in case involving a foreign sovereign that was a Rule 19(a) required party, that "where sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign"); *GMI, LLC v. Asociación del Fútbol Argentino*, No. 13-21494-CIV-ALTONAGA, 2014 U.S. Dist. LEXIS 85023, at *20 (S.D. Fla. June 23, 2014) ("*Pimentel* mandates dismissal of the entire action where a party to a suit possesses sovereign immunity and is a required party under Federal Rule of Civil Procedure 19."). Judicial economy would thus not be served by postponing the

consideration of Brazil's sovereign immunity.  Indeed, such a postponement would contravene the Supreme Court's instruction that sovereign immunity be resolved "as near to the outset of the case as is reasonably possible." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 174 (2017).  *See also Comparelli v. Bolivarian Republic of Venez.,* 655 F. Supp. 3d 1169, 1179 (S.D. Fla. 2023) ("In FSIA cases, district courts must determine, as a threshold matter, whether they have subject matter jurisdiction over the claims at issue.") (cleaned up) (internal quotation marks omitted).[1]

Plaintiffs derive no assistance from *Lewis v. Clarke*, a case that does not even implicate foreign sovereign immunity.  It simply stands for the proposition that tribal immunity does not bar a suit against an official sued in their individual capacity.  581 U.S. 155, 163 (2017).  *Lewis* says nothing about requiring the real party in interest issue to be briefed separately.  Nor does *Samantar v. Yousuf*, which held that common law foreign official immunity governs the immunity of foreign officials sued in their individual capacities.  560 U.S. at 325.  In fact, *Samantar* underscores that there is no justification for bifurcating the real-party-in-interest issue because addressing Brazil's immunity under the FSIA is unavoidable: where the sovereign is a "required party," as here, and it "is immune from suit under the FSIA, the district court may have to

---

[1] Moreover, because sovereign immunity "'entails a right to be free from the burdens of litigation,'" *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir. 2009) (quoting *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1339 (11th Cir. 2007)), requiring Brazil to separately brief its status as the real party in interest would subject it to additional, unnecessary burdens of litigation, violating "foreign sovereign immunity's basic objective, namely, to free a foreign sovereign from suit," *Helmerich & Payne Int'l Drilling Co.*, 581 U.S. at 174.

dismiss the suit, regardless of whether the official is immune or not under the common law." *Id*. at 324-25 (citing *Pimentel*, 553 U.S. at 867).

The separate consideration of Brazil's status as the real party in interest would also not obviate the need for the Court to consider Brazil's non-FSIA defenses, which are equally dispositive of the case. Brazil's act of state and international comity defenses do not turn on whether Brazil is the real party in interest, and Plaintiffs make no effort to demonstrate that they do. Nor are Plaintiffs correct that if Brazil is not the real party in interest, "Brazil may assert immunity only as to itself, while Alexandre de Moraes remains a defendant in his individual capacity and invokes immunity, if any, under federal common law," ECF No. 77 at 2. There is no bar to Brazil asserting common law foreign official immunity in respect of claims against Justice Moraes, an immunity that "ultimately belongs to the sovereign rather than the official," *Comparelli v. Bolivarian Republic of Venez.*, No. 14-24414-CIV-WILLIAMS/MCALILEY, 2021 U.S. Dist. LEXIS 152554, at *5 (S.D. Fla. Aug. 13, 2021), regardless of whether or not Brazil is the real party in interest.

Tellingly, Plaintiffs do not cite a single case where a court ordered separate briefing on whether the foreign sovereign is the real party in interest. To the contrary, courts address that issue as part of the same briefing that addresses sovereign immunity. For example, *Edwards v. Fed. Gov't of Nig.*, No. 18-11133-FDS, 2018 U.S. Dist. LEXIS 212827 (D. Mass. Dec. 18, 2018), concerned claims against Nigeria's Attorney General and other government officials. Following briefing on Nigeria's

7

motion to dismiss, which addressed *both* the real party in interest and sovereign immunity, the court determined that Nigeria was the real party in interest, *id.* at *6-7, and resolved sovereign immunity, in the same decision, *id*. at *7-13. Other courts have done the same, *see, e.g.*, *Edwards v. Fed. Republic of Nigeria*, No. 23-1129 (CKK), 2026 U.S. Dist. LEXIS 51391, at *8 (D.D.C. Mar. 12, 2026), routinely addressing the real party in interest analysis along with sovereign immunity in the same decision, *see, e.g.*, *Odhiambo*, 930 F. Supp. at 34-35; *Sequeira v. Republic of Nicaragua*, No. 16-25052-CIV-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 121670, at *11 (S.D. Fla. Aug. 1, 2017); *Li v. Li*, No. 20-2008, 2023 U.S. Dist. LEXIS 60329, at *10 (D.D.C. Apr. 5, 2023). Plaintiffs provide no reason to depart from this practice.

It is difficult to avoid concluding that Plaintiffs seek separate briefing on the real party in interest because they are aware that this action cannot survive Brazil's motion to dismiss and seek to delay that inevitable result. As Brazil demonstrated in its pending motion to dismiss, nothing in the amended complaint comes remotely close to satisfying any of the FSIA's exceptions to immunity. Plaintiffs invoke none of those exceptions, and no facts alleged in the amended complaint implicate any exception. *See* ECF No. 66 at 11-12. Nor can the case survive in light of the additional grounds for dismissal raised in the motion to dismiss: Brazil's act of state doctrine, international comity, foreign official immunity, and personal jurisdiction defenses. *See id.* at 15-23. The Court should not accept Plaintiffs' attempt to delay the day of reckoning.

8

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to sequence briefing and order Plaintiffs to respond to Brazil's motion to dismiss by July 7, 2026.

Dated: June 30, 2026

Respectfully submitted,

/s/ Andrew B. Loewenstein
Andrew B. Loewenstein (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
aloewens@foleyhoag.com
*Lead Counsel for Federative Republic of Brazil*

Nicholas M. Renzler (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel: 212-812-0400
nrenzler@foleyhoag.com

Madeleine K. Rodriguez (0115796)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
mrodriguez@foleyhoag.com
*Counsel for Federative Republic of Brazil*

9