**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil, <br><br> Defendant. | Civil Action No. <br> 8:25-cv-00411-MSS-AAS |

**THE FEDERATIVE REPUBLIC OF BRAZIL'S OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR EXTENSION OF TIME**

The Federative Republic of Brazil ("Brazil") hereby opposes Plaintiffs' "emergency" motion requesting a one-week extension of their deadline to respond to Brazil's motion to dismiss, which is due tomorrow. ECF No. 79 at 1.

The Court should reject Plaintiffs' belated motion request for urgent relief for at least three reasons.

*First*, Plaintiffs' motion should be denied because it violates Local Rule 3.01(f), which requires "an introductory paragraph that explains the nature of the exigency."[1]

*See Velez v. Ekdk Enter. Inc.*, No. 6:19-cv-4-Orl-78GJK, 2020 U.S. Dist. LEXIS 269289,

---

[1] Local Rule 3.01(f) provides, in full: "EMERGENCY OR TIME-SENSITIVE MOTION. If a party moves for emergency or time-sensitive relief, the title of the motion must include 'emergency' or 'time-sensitive,' and the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested. The unwarranted designation of a motion as an emergency can result in a sanction."

1

at *8 n.3 (M.D. Fla. Aug. 11, 2020) (denying motion "because it fails to comply with Local Rule 3.01(f)"). Plaintiffs' motion lacks any explanation for their decision to wait until late in the afternoon the day before their Court-ordered deadline to seek an extension. Nor could it, because their purported "emergency" is entirely manufactured. Plaintiffs have been aware of tomorrow's deadline to respond to Brazil's motion to dismiss since June 23, 2026, when the Court ordered Plaintiffs to respond to it by July 7, 2026. ECF No. 73 at 4. And the July 4 holiday could not have come as a surprise to them. There is simply no reason Plaintiffs could not have sought an extension in a timely, orderly and non-urgent fashion. *See Johnson v. Wekiva Square, LLC*, No. 6:19-cv-1471-Orl-EJK, 2020 U.S. Dist. LEXIS 263837, at *15 (M.D. Fla. Jan. 16, 2020) ("It is **not** a true emergency when counsel has … failed to exercise diligence in meeting a pending deadline.") (emphasis in original).

*Second*, Plaintiffs' motion also violates Local Rule 3.01(g). Counsel for Plaintiffs first contacted undesigned counsel concerning the present motion at 1:59pm today. Undersigned counsel promptly responded at 2:14pm, indicating that we would seek to confer with our client. Plaintiffs filed their motion at 4:37pm, affording counsel for Brazil—a presumptively immune foreign sovereign State—woefully insufficient time to effectively consult with their client.[2] That conduct warrants denying the motion. *See Phillips v. Cario*, No. 5:26-cv-9-PGB-PRL, 2026 U.S. Dist. LEXIS 36998, at *2-3

---

[2] Plaintiffs' counsel's representation that "Brazil's counsel is *continuing* to confer with its client regarding Plaintiffs' request," ECF No. 79 at 4 (emphasis added), is false. At the time Plaintiffs' motion was filed, Brazil's counsel had not had an opportunity to have an initial conferral with its client regarding Plaintiffs' requested relief.

(M.D. Fla. Feb. 24, 2026) "in the Middle District of Florida, '[m]otions are routinely denied for failure to comply with Local Rule 3.01(g).'") (quoting *Doe v. Platinum Props. Inv. Network, Inc.*, No. 6:18-mc-55-ORL-41GJK, 2018 U.S. Dist. LEXIS 221370, at *2 (M.D. Fla. Dec. 13, 2018)).

*Third*, even if the Court were to overlook Plaintiffs' flouting of Local Rules 3.01(f) and (g), Plaintiffs' motion should nonetheless be denied because there is no good cause for granting an extension. Plaintiffs have been aware of the grounds for Brazil's motion to dismiss since June 15, 2026, when Brazil filed its motion to dismiss and to intervene. ECF No. 66. And they should have been aware of those grounds from the moment they filed this suit against a sitting judge of a sovereign State. The reasons the lawsuit should be dismissed—sovereign immunity, act of state, foreign official immunity, and international comity—are straightforward. Plaintiffs have had ample time (indeed, more the time provided by Local Rule 3.01(d)) to prepare their response to Brazil's motion to dismiss.[3] Their choice to file a motion intended to

---

[3] Brazil observes that, since Brazil filed its motion to intervene and to dismiss on June 15, 2026, Plaintiffs' counsel has conducted numerous press interviews concerning this case. *See, e.g.*, Gazeta do Povo, *"Moraes é uma anomalia": advogado de Trump revela bomba nos EUA — SEM RODEIOS*, YouTube (June 19, 2026), https://www.youtube.com/watch?v=NaBCKyb0qvM (twenty-minute interview given by Martin de Luca regarding Brazils' intervention motion); Mariana Braga, *Advogado de Trump sobre Moraes: "Uma anomalia que gera conflito,"* Gazeta do Povo (June 19, 2026), https://www.gazetadopovo.com.br/vozes/entrelinhas/advogado-de-trump-sobre-moraes-uma-anomalia-que-gera-conflito/ (discussing Brazil's motion to intervene in written interview with Martin de Luca); Manuela Alcântara, *Advogado de Trump contesta leitura da AGU sobre caso Moraes nos EUA*, Metrópoles (June 23, 2026), https://www.metropoles.com/colunas/manoela-alcantara/advogado-de-trump-contesta-leitura-da-agu-sobre-caso-moraes-nos-eua (reporting on statement by Martin de Luca regarding the Court's order granting Brazil's intervention) Bolsonaro Mito!, *MARTIN DE LUCA EXPÕE RECADO PESADO DE TRUMP PARA MORAES!* 🤯, https://www.youtube.com/watch?v=tymOCB33IUU (June 29, 2026) (twenty-minute interview concerning Brazil's motion to intervene and dismiss).

postpone having to address the Brazil's substantive defenses—their baseless and manufactured "pending sequencing motion," ECF No. 79 at 2—does not justify granting the requested extension.  That attempt at procedural gamesmanship should not be rewarded with extra time to salvage their dead-in-the-water lawsuit.

For the foregoing reasons, Brazil respectfully requests the Court to deny Plaintiffs' "emergency" motion for extension of time and to order Plaintiffs to respond to Brazil's pending motion to dismiss by July 7, 2026, as the Court has previously ordered.

Dated: July 6, 2026

Respectfully submitted,

/s/ Nicholas M. Renzler
Andrew B. Loewenstein (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
aloewens@foleyhoag.com
*Lead Counsel for Federative Republic of Brazil*

Nicholas M. Renzler (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel: 212-812-0400
nrenzler@foleyhoag.com

Madeleine K. Rodriguez (0115796)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
mrodriguez@foleyhoag.com
*Counsel for Federative Republic of Brazil*

4