In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# (TAMPA DIVISION)

**RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.,**

**Plaintiff,**

**CASE NO: 8:25-cv-00411-MSS-AAS**

**vs.**

**ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil,**

**Defendant,**

_____/

## PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

COMES NOW Proposed Amicus Curiae Rogerio Chaves Scotton, individually pro se, and respectfully submits this Response and Clarification regarding the Federative Republic of Brazil's Opposition to Plaintiffs' Motion to Sequence Briefing. Proposed Amicus respectfully states as follows:

1

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

## I. INTRODUCTION

Brazil's Opposition rests on a fundamental procedural overstatement. Brazil repeatedly argues that this Court has already determined that Brazil is the real party in interest merely because the Court granted Brazil leave to intervene. Respectfully, that argument improperly transforms a procedural intervention ruling into a final adjudication of disputed jurisdictional and merits-based issues.

The Court granted intervention under Rule 24. That ruling permitted Brazil to appear and participate in the case. It did not finally adjudicate sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), did not resolve the real-party-in-interest question for all purposes, did not decide personal jurisdiction, did not decide act of state, did not decide international comity, and did not dismiss any claim.

If Brazil were correct that the Court already finally resolved those issues, then Brazil's pending motion to dismiss and the Court's briefing schedule would be unnecessary. The fact that the Court established further briefing

2

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

confirms that the substantive jurisdictional issues remain open for judicial determination.

Proposed Amicus does not seek to delay this matter. Rather, Proposed Amicus seeks to assist the Court on matters of exceptional public importance involving alleged extraterritorial censorship, United States constitutional protections, international due process, retaliation, intimidation, and the chilling of lawful participation in judicial proceedings.

## II. ARGUMENT

A. Granting Intervention Is Not the Same as Finally Adjudicating Sovereign Immunity or Real Party in Interest.

Brazil's Opposition repeatedly asserts that the Court has "already determined" Brazil's status as the real party in interest. Respectfully, that conclusion reads more into the Court's Order than the Order provides.

Rule 24 intervention determines whether a non-party may participate in litigation. It does not decide the merits of the intervenor's defenses. It does

3

not automatically grant dismissal. It does not conclusively resolve jurisdictional challenges. It does not convert every allegation in a motion to intervene into final findings of law.

The Court's Order allowed Brazil to intervene. It did not enter final judgment. It did not dismiss the action. It did not hold that FSIA immunity applies. It did not determine that no exception to immunity could apply. It did not decide the constitutional issues raised by Plaintiffs or by Proposed Amicus.

Brazil's position would collapse separate procedural doctrines into one ruling. Intervention under Rule 24, dismissal under Rule 12, required-party analysis under Rule 19, and sovereign immunity under the FSIA are distinct inquiries governed by distinct legal standards.

B. Brazil Attempts to Convert Procedural Language Into Merits Findings.

Brazil relies heavily on the Court's statement that intervention was granted "for the reasons stated" in Brazil's motion. But that language does not mean the Court finally adopted every legal conclusion advanced by Brazil for every future purpose.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v.
Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND
CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

A court may permit intervention because the intervenor claims an interest that may be impaired. That is different from finally deciding the correctness of every jurisdictional defense the intervenor later asserts.

Had the Court intended to finally adjudicate Brazil's sovereign immunity, it would have ruled on Brazil's motion to dismiss. Instead, the Court set a schedule for further briefing. That procedural history confirms that substantive issues remain pending.

Brazil's interpretation would improperly render future briefing meaningless. The Court should reject that reading.

C. Brazil's FSIA Authorities Do Not Establish That Intervention Equals Final.

Adjudication Brazil cites cases involving sovereign immunity, Rule 19, and real-party-in-interest analysis. Those cases may be relevant to Brazil's motion to dismiss. But they do not establish that a Rule 24 intervention order automatically decides the FSIA analysis.

Cases such as ***Samantar v. Yousuf, 560 U.S. 305 (2010)***, Republic of ***Philippines v. Pimentel, 553 U.S. 851 (2008)***, and ***Bolivarian Republic of***

The purpose of amicus participation is not to control litigation, delay proceedings, or duplicate party arguments. The purpose is to assist the Court. Proposed Amicus seeks to address issues not fully developed by the parties, including alleged foreign governmental interference with United

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

***Venezuela v. Helmerich & Payne International Drilling Co., 581 U.S. 170 (2017)***, address sovereign immunity principles. They do not hold that the act of granting intervention constitutes a final adjudication of immunity, real-party-in-interest status, or dismissal.

Brazil therefore asks the Court to extend those cases beyond their holdings.

D. Amicus Participation Will Assist the Court and Will Not Delay the Case.

Federal courts possess broad discretion to accept amicus participation where the proposed amicus may assist the Court. ***Neonatology Associates, P.A. v. Commissioner, 293 F.3d 128, 132–33 (3d Cir. 2002)***, recognizes that amicus briefs may be useful when they provide relevant perspectives beyond those supplied by the parties.

The purpose of amicus participation is not to control litigation, delay proceedings, or duplicate party arguments. The purpose is to assist the Court. Proposed Amicus seeks to address issues not fully developed by the parties, including alleged foreign governmental interference with United

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

States speech platforms; First Amendment implications; international due process concerns; extraterritorial censorship; intimidation and retaliation directed at persons attempting to participate in judicial proceedings; chilling effects on protected petitioning activity.

These issues are relevant to the public interest and to the integrity of judicial proceedings. They are not frivolous, duplicative, or dilatory.

E. Brazil Does Not Meaningfully Address Proposed Amicus's Independent Interest.

Brazil's Opposition focuses primarily on Plaintiffs and Brazil's own sovereign immunity defenses. It does not meaningfully address Proposed Amicus's independent interest.

Proposed Amicus is not claiming to be a party. Proposed Amicus does not seek to control the litigation. Proposed Amicus does not seek discovery. Proposed Amicus does not seek to expand the pleadings. Proposed Amicus seeks leave to provide a public-interest perspective.

That is precisely the traditional role of an amicus curiae.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

## F. Brazil Ignores the Changed Circumstances Supporting Renewed Consideration

Proposed Amicus's renewed request is based on changed circumstances, including developments in service, public reporting, threats, reputational attacks, intimidation, and chilling effects arising after prior filings. Brazil does not meaningfully respond to those facts. Instead, Brazil characterizes the requested participation as delay. That characterization is unsupported.

A renewed motion based upon changed circumstances is not improper. It is appropriate for the Court to consider whether new events justify renewed amicus participation.

## G. Brazil's Accusation of Delay Is Speculative and Unsupported

Brazil argues that Plaintiffs seek delay because they allegedly know the case cannot survive dismissal. That is not evidence. It is speculation. The Court should decide the matter based on the record, the law, and whether

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

proposed amicus participation would assist the Court—not on Brazil's characterization of motives.

Proposed Amicus respectfully submits that limited amicus participation would not delay the case and may assist the Court in understanding the broader constitutional and public-interest implications of the issues presented.

H. The Court May Accept Amicus Participation Without Deciding the Merits

Accepting an amicus brief would not require the Court to agree with Proposed Amicus. It would not require the Court to deny Brazil's motion to dismiss. It would not prejudice Brazil. It would simply permit the Court to receive additional legal and public-interest analysis before deciding issues of significant constitutional and international importance.

Courts routinely permit amici to participate in cases involving matters of public importance, constitutional questions, institutional concerns, or broader legal consequences. See *Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997)*; *Miller-Wohl Co. v. Commissioner of*

9

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

***Labor & Industry, 694 F.2d 203, 204 (9th Cir. 1982)***; <u>***United States v. Michigan, 940 F.2d 143, 165 (6th Cir. 1991)***</u>.

Here, the litigation implicates speech, censorship, international judicial authority, extraterritorial enforcement, and the ability of United States courts to consider constitutional limits where foreign governmental conduct allegedly affects United States persons and companies.

Those concerns warrant careful judicial review.

## III. CONCLUSION

For the foregoing reasons, Proposed Amicus respectfully requests that the Court reject Brazil's attempt to convert the prior intervention order into a final adjudication of real-party-in-interest status, sovereign immunity, or any merits-based defense.

Proposed Amicus further respectfully requests that the Court grant leave to file the proposed amicus submission or, alternatively, accept this Response as a notice clarifying the distinction between procedural intervention and final merits adjudication.

In the Matter of Rumble Inc and Trump Media & Technology Group Corp. Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant. PROPOSED AMICUS CURIAE'S NOTICE OF SUPPLEMENTAL AUTHORITY AND CLARIFICATION OF THE REAL PARTY IN INTEREST ISSUE

Respectfully submitted,

Rogerio Chaves Scotton
160 W Camino Real, # 102
Boca Raton, FL 33432
Email: rs@legalhelp4y.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 06th day of July 2026, a true and correct copy of the foregoing RENEWED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF was served via electronic mail and/or through the Court's CM/ECF electronic filing system on the following parties:

1. Plaintiffs

Trump Media & Technology Group Corp. Rumble Inc.Via Counsel:

Harmeet K. Dhillon, Esq. Dhillon Law Group Inc. Email: harmeet@dhillonlaw.com

Ron Coleman, Esq. Coleman Nation Email: ron@coleman.nation

Stephen McClure, Esq. Dhillon Law Group Email: smcclure@dhillonlaw.com

2. Defendant Justice Alexandre de Moraes (in official and personal capacity)

Supreme Federal Court of Brazil (STF) Notice via international diplomatic service and courtesy email:

Email: gabinete@agu.gov.br

Brazilian Consulate in Miami

Email: consular.miami@itamaraty.gov.br

Rogerio Scotton
160 W Camino Real, 102
Boca Raton, FL 33432
Phone Number: (561) 878-9001
Email Address: rs@legalhelp4y.com