In the Matter of Trump Media & Technology Group Corp. and Rumble Inc., Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO DISMISS

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

**Trump Media & Technology Group Corp. and Rumble Inc,**

**Plaintiff,**

**CASE NO: 8:25-cv-00411**

**VS.**

**Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil),**

**Defendant,**

_____/

# AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO DISMISS

## INTRODUCTION

Amicus Curiae Rogerio Chaves Scotton respectfully submits this Supplemental Memorandum because the Federative Republic of Brazil's Motion to Dismiss rests upon several legal premises that, if accepted, would significantly expand the scope of sovereign immunity beyond existing Supreme Court precedent and would

1

substantially diminish the role of United States courts in determining the domestic legal consequences of foreign governmental conduct.

Although Plaintiffs have thoroughly addressed many issues, Amicus respectfully submits that several additional legal deficiencies deserve the Court's consideration.

This Memorandum does not ask the Court to determine whether the challenged Brazilian judicial orders are valid under Brazilian law.

Rather, the issue presented is far narrower:

Whether American courts retain constitutional authority to determine the domestic legal effect of foreign governmental directives directed toward persons, companies, property, and expressive activity located inside the territorial jurisdiction of the United States.

Amicus respectfully submits that they do.

## I. BRAZIL'S MOTION IMPROPERLY ASSUMES THE VERY QUESTION BEFORE THE COURT

The Motion repeatedly assumes that every challenged act performed by Justice Alexandre de Moraes necessarily constitutes sovereign conduct attributable to the Federative Republic of Brazil. That assumption improperly resolves the principal issue presented before any factual or legal determination has been made.

The operative Complaint alleges that Defendant acted beyond lawful authority by attempting to compel conduct inside the United States through means allegedly inconsistent with both international procedures and American law.

Those allegations must be accepted as true at the Rule 12 stage.

Brazil instead asks the Court to reject those allegations before discovery and before resolving the underlying jurisdictional issues. Such reasoning reverses the proper Rule 12 analysis. The threshold issue is not whether Justice Moraes occupies judicial office.

Rather, the threshold issue is whether the conduct challenged falls within the lawful scope of sovereign authority.

Only after that determination can immunity questions properly be addressed.

Accepting Brazil's premise would effectively eliminate the ultra vires doctrine recognized by the Supreme Court.

## II. THE MOTION IMPROPERLY COLLAPSES MULTIPLE DISTINCT LEGAL DOCTRINES

Brazil's Motion repeatedly treats four separate doctrines as though they were interchangeable:

3

Foreign Sovereign Immunities Act; Common-law foreign official immunity

Rule 19 indispensable-party doctrine; Act-of-State doctrine. They are not.

Each doctrine serves a different purpose. Each contains different legal standards.

Each requires different factual inquiries.

The Motion frequently moves from one doctrine to another without demonstrating

why satisfaction of one necessarily establishes another.

That analytical shortcut finds no support in federal jurisprudence.

The Court should independently evaluate each doctrine rather than accepting Brazil's

attempt to merge them into a single jurisdictional defense.

## III. BRAZIL FAILS TO IDENTIFY ANY LIMITING PRINCIPLE

Perhaps the most significant omission in the Motion is the absence of any limiting

principle.

Under Brazil's theory, whenever a foreign judicial officer directs legal obligations

toward American companies operating inside the United States, American courts

would be required to abstain from reviewing the domestic legality of those directives

simply because they originated from a foreign sovereign.

The Motion never explains why that reasoning would not equally apply to governmental actors from every foreign nation.

Without a limiting principle, the Court would effectively establish worldwide judicial authority over American companies whenever a foreign governmental actor labels the challenged conduct "official."

Such a rule would represent an extraordinary expansion of foreign sovereign authority within the territorial jurisdiction of the United States.

Nothing in existing Supreme Court precedent compels such a result.

## IV. THE MOTION FAILS TO RECOGNIZE THE DISTINCTION BETWEEN RECOGNITION AND ENFORCEMENT

Brazil repeatedly characterizes this litigation as an attack upon the Brazilian judiciary.

Respectfully, that characterization misstates the issue.

American courts have historically distinguished between:

(1) recognizing the existence of foreign governmental acts; and

(2) determining whether those acts receive domestic legal effect within the United States. Those are separate inquiries. The present litigation concerns only the second.

Accordingly, denial of the Motion to Dismiss would not constitute appellate review of Brazilian judicial decisions.

Rather, it would simply preserve the traditional authority of American courts to determine whether foreign governmental directives may operate within the United States.

## V. BRAZIL'S THEORY DIMINISHES THE TERRITORIAL SOVEREIGNTY OF THE UNITED STATES

The Motion devotes substantial discussion to Brazilian judicial sovereignty.

It provides comparatively little discussion regarding American judicial sovereignty.

Yet the Constitution vests the judicial power of the United States in federal courts.

Those courts possess the authority—and indeed the responsibility—to determine the domestic legal consequences of conduct affecting persons and entities located within the territorial jurisdiction of the United States.

If accepted, Brazil's position would effectively permit foreign governmental actors to regulate American companies while simultaneously preventing American courts from reviewing the legality of those directives.

That result would substantially alter traditional principles governing territorial jurisdiction.

# VI. THE MOTION SEEKS DISMISSAL DESPITE NUMEROUS UNRESOLVED FACTUAL QUESTIONS

Several issues remain disputed, including:

whether the challenged conduct constituted sovereign conduct;

whether Defendant acted within delegated authority;

whether the alleged conduct occurred through recognized treaty procedures;

whether domestic constitutional interests are implicated;

and whether Plaintiffs seek relief against Brazil or only against Justice Moraes personally.

These questions should not be resolved through assumptions favorable to the moving party.

Rather, they require careful judicial examination.

Dismissal at this stage would therefore be premature.

In the Matter of Trump Media & Technology Group Corp. and Rumble Inc., Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO DISMISS

# VII. INTERNATIONAL COMITY DOES NOT REQUIRE JUDICIAL ABDICATION

International comity remains one of the cornerstones of respectful relations among sovereign nations.

However, comity has never required automatic deference whenever domestic constitutional interests are implicated.

Respect for foreign sovereigns and protection of American constitutional interests coexist. One does not eliminate the other.

Accordingly, recognition of Brazil's sovereign interests cannot require abandonment of the Court's independent responsibility to determine the domestic legal consequences of foreign governmental conduct directed toward American entities.

# VIII. THE COURT SHOULD EXERCISE PARTICULAR CAUTION BEFORE EXPANDING IMMUNITY DOCTRINES INTO THE DIGITAL AGE

Many foundational sovereign-immunity decisions arose decades before:

global digital communications; social-media platforms; cloud infrastructure;

artificial intelligence; or instantaneous cross-border governmental directives.

8

In the Matter of Trump Media & Technology Group Corp. and Rumble Inc., Plaintiffs, v. Alexandre de Moraes, Justice of the Supremo Tribunal Federal (Brazil), Defendant.
AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO DISMISS

This litigation therefore presents legal questions substantially different from those contemplated by many traditional immunity decisions.

Expansion of immunity doctrines under these circumstances should occur only through clear congressional direction or binding Supreme Court precedent—not implication.

## CONCLUSION

For the foregoing reasons, Amicus respectfully requests that this Court deny the Federative Republic of Brazil's Motion to Dismiss, preserve the longstanding authority of American courts to determine the domestic legal consequences of foreign governmental conduct, and permit this litigation to proceed on its merits.

Respectfully submitted

Rogerio Chaves Scotton
160 W Camino Real, Suite 102
Boca Raton, FL 33432
Email: rs@legalhelp4y.com

9

# <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21 day of July 2026, a true and correct copy of the foregoing AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO DISMISS was served via electronic mail to:

1. Plaintiffs
Trump Media & Technology Group Corp.
Rumble Inc.
Via Counsel:
 Harmeet K. Dhillon, Esq.
Dhillon Law Group Inc.

Email: harmeet@dhillonlaw.com

 Ron Coleman, Esq.
Coleman Nation
Email: ron@coleman.nation


Stephen McClure, Esq.
Dhillon Law Group
Email: smcclure@dhillonlaw.com

2. Defendant
Justice Alexandre de Moraes (in official and personal capacity)

Supreme Federal Court of Brazil (STF)
Notice via international diplomatic service and courtesy email:

In the Matter of Trump Media & Technology Group Corp. and Rumble Inc., Plaintiffs, v. Alexandre de Moraes,
Justice of the Supremo Tribunal Federal (Brazil), Defendant.
AMICUS CURIAE MEMORANDUM IN OPPOSITION TO THE FEDERATIVE REPUBLIC OF BRAZIL'S MOTION TO
DISMISS

Brazilian Attorney General's Office (Advocacia-Geral da União)
Email: gabinete@agu.gov.br
Brazilian Consulate in Miami
Email: consular.miami@itamaraty.gov.br

STF Communication Office (if used for press/legal inquiries)
Email: secretaria@stf.jus.br

3. U.S. Government (for Notice of Human Rights Concerns)

U.S. Department of State – Bureau of Democracy, Human Rights and Labor
Email: DRL-PublicAffairs@state.gov

U.S. Department of Justice – Human Rights & Special Prosecutions Section
Email: hrsp.tip@usdoj.gov

U.S. Department of Treasury – Global Magnitsky Sanctions Unit (OFAC)

Email: OFAC_feedback@treasury.gov
U.S. Embassy – Brasília, Brazil
Email: BrasiliaACS@state.gov
4. Court Filing
This document was/will be filed with the U.S. District Court for the Middle District
of Florida – Tampa Division via the Certified mail.
Court Clerk:
ecfhelp@flmd.uscourts.gov

Rogerio Scotton
160 W Camino Real, 102
Boca Raton, FL 33432
Phone Number: (561) 770-8909
Email Address: rs@legalhelp4y.com

11