**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| RUMBLE INC. and TRUMP MEDIA & TECHNOLOGY GROUP CORP.<br><br>      Plaintiffs,<br><br>  v.<br><br>ALEXANDRE DE MORAES, Justice of the Supreme Federal Tribunal of the Federative Republic of Brazil<br><br>      Defendant. | Civil Action No.<br>8:25-cv-00411-MSS-AAS |

**THE FEDERATIVE REPUBLIC OF BRAZIL'S**
**MOTION FOR LEAVE TO FILE A REPLY TO**
**PLAINTIFFS' OPPOSITION TO BRAZIL'S MOTION TO DISMISS**

Intervenor the Federative Republic of Brazil ("Brazil") respectfully requests the Court to grant it leave to file a reply brief pursuant to Local Rule 3.01(e) in further support of its Motion to Dismiss, ECF No. 66, and in response to Plaintiffs' Joint Opposition thereto, ECF No. 83. The proposed reply brief will not exceed 7 pages. *See* Local Rule 3.01(e).

On June 15, 2026, Brazil moved to intervene and to dismiss the Amended Complaint, principally on the ground that Brazil is the real party in interest and is immune from suit under the Foreign Sovereign Immunities Act. ECF No. 66. The Court granted intervention, deferred ruling on Brazil's motion to dismiss, and directed Plaintiffs to respond. ECF No. 73. On July 14, 2026, Plaintiffs filed their Joint Opposition. ECF No. 83.

1

Plaintiffs' Opposition raises four issues that merit a response.

*First*, the Opposition erroneously seeks to recast Plaintiffs' claims as being against Justice Alexandre de Moraes in his personal capacity and not in his official capacity as a sitting justice on Brazil's highest court, by making arguments not previously advanced. *See* ECF No. 83 at 3-9. Brazil's proposed reply brief will demonstrate why this is incorrect and why Brazil is the real party in interest.

*Second*, Plaintiffs raise new factual arguments concerning sanctions the Department of the Treasury imposed on Justice Moraes in July 2025 (which were subsequently lifted). *Id*. at 16-17. Brazil's proposed reply brief will show that the sanctions, in fact, confirm that Justice Moraes has not acted in an *ultra vires* manner.

*Third*, the Opposition makes the new and baseless assertion that this action solely concerns the enforcement of Justice Moraes's orders in the United States. *Id*. at 1. The proposed reply brief will explain why that mischaracterizes the claims asserted in the Amended Complaint. It will also explain why, if the Court accepts Plaintiffs' mischaracterization of their claims, the claims are not ripe for judicial review and the action must be dismissed for lack of standing.

*Fourth*, instead of identifying any applicable exception to Brazil's sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*., the Opposition seek leave to file yet another amended complaint to attempt to plead one. *Id*. at 10-15. Brazil's proposed reply brief will explain why the Court should grant Brazil's motion to dismiss with prejudice and without leave to further amend the

complaint, which Plaintiffs have already done on two occasions, *see* ECF No. 38; ECF. No. 46.

Brazil respectfully submits that, for the reasons explained above, there is good cause to grant it leave to file a reply brief, which will assist the Court in resolving Brazil's motion to dismiss. Granting such leave will not prejudice Plaintiffs or cause undue delay.

For the foregoing reasons, Brazil respectfully requests that the Court grant it leave to file a reply, not to exceed seven pages, in support of its Motion to Dismiss.

Dated: August 3, 2026

Respectfully submitted,

/s/ Nicholas M. Renzler
Andrew B. Loewenstein (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
aloewens@foleyhoag.com
*Lead Counsel for Federative Republic of Brazil*

Nicholas M. Renzler (*pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel: 212-812-0400
nrenzler@foleyhoag.com

Madeleine K. Rodriguez (0115796)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: 617-832-1000
mrodriguez@foleyhoag.com
*Counsel for Federative Republic of Brazil*

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Brazil conferred with Plaintiffs' counsel on July 30 and 31, 2026 via email regarding this request.  Plaintiffs' counsel requested an explanation for "the reason for the delay in seeking leave."  Undersigned counsel for Brazil responded that Brazil is25 "seek[ing] leave now following an appropriate interval of time that was necessary to consult with our client, which is a foreign sovereign State."  In response, Plaintiffs' counsel stated that "Plaintiffs object because Brazil's stated need to consult with its client does not adequately justify waiting more than two weeks after Plaintiffs filed their opposition to seek leave."

/s/ Nicholas M. Renzler
Nicholas M. Renzler

4