**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUMBLE INC. and TRUMP MEDIA &**
**TECHNOLOGY GROUP CORP.,**

**Plaintiffs,**

**Case No. 8:25-cv-00411-MSS-AAS**

**v.**

**ALEXANDRE DE MORAES, Justice of the**
**Supreme Federal Tribunal of the Federative**
**Republic of Brazil,**

**Defendant.**
_________________________________/

# MOTION FOR LEAVE TO FILE SUPPLEMENTAL AMICUS CURIAE BRIEF OF ROGERIO CHAVES SCOTTON ADDRESSING FOREIGN-OFFICIAL IMMUNITY, TERRITORIAL ENFORCEMENT, AND THE X/RUMBLE COURSE-OF-CONDUCT RECORD

COMES NOW Rogerio Chaves Scotton ("Movant" or "Amicus"), appearing individually and pro se, and respectfully moves for leave to file the Supplemental Amicus Curiae Brief attached as Exhibit A. Movant does not purport to represent Legal Help 4 You LLC or any other entity in this filing. The proposed brief addresses a narrow set of issues material to the pending

Motion to Dismiss (Dkt. 66) and does not seek relief differently from that requested by Plaintiffs.

## I. PROCEDURAL POSTURE AND CHANGED CIRCUMSTANCES

1. This Court previously denied Movant's earlier requests for amicus participation without prejudice while service on Defendant had not been completed and directed that, once service occurred, Movant should confer with the Parties or make a good-faith effort to do so and advise the Court of their positions. See Dkts. 51, 62.

2. On May 22, 2026, the Court authorized alternative service by email pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. 60. Plaintiffs thereafter filed a return reflecting service on May 24, 2026. Dkt. 63.

3. On June 15, 2026, the Federative Republic of Brazil moved to intervene and dismiss the action. Dkt. 66. On June 23, 2026, the Court granted intervention, deferred ruling on dismissal, and directed Plaintiffs to respond. Dkt. 73.

4. Plaintiffs subsequently filed a Joint Opposition on July 14, 2026. The proposed amicus brief is designed not to repeat Plaintiffs' arguments, but to add three focused points: (a) the claim-by-claim and remedy-by-remedy analysis required by ***Samantar*** and persuasive post-***Samantar*** authority; (b)

the distinction between validity of a foreign order within the foreign sovereign's territory and attempted enforcement against U.S.-located persons, property, accounts, information, or companies; and (c) the relevance, for that territorial characterization, of the publicly documented X/Twitter history involving similar account-blocking directives and escalating coercive measures.

## II. INTEREST OF AMICUS

1. Movant has previously participated in this litigation as a putative amicus and has submitted materials addressing judicial sovereignty, foreign-official immunity, recognition and enforcement of foreign governmental directives, and the domestic effect of such directives. The proposed brief narrows and strengthens those issues in light of Brazil's intervention and motion to dismiss.

2. Movant is not a party, has no authority to control the litigation, and seeks no personal relief. The filing is offered solely to assist the Court with legal authorities and a comparative factual framework that may illuminate the immunity and territorial-enforcement questions now presented.

3. No party or counsel authored the proposed brief in whole or in part, and no party or counsel contributed money intended to fund its preparation or submission.

## III. WHY THE PROPOSED BRIEF MAY ASSIST THE COURT

1. The Supreme Court held in ***Samantar v. Yousuf, 560 U.S. 305, 325 (2010)***, that the Foreign Sovereign Immunities Act does not itself govern immunity of an individual foreign official sued in his personal capacity. Whether common-law conduct-based immunity applies remains a distinct inquiry.

2. The proposed brief emphasizes an analytical point articulated in ***Lewis v. Mutond, 918 F.3d 142, 145-47 (D.C. Cir. 2019)***: even when an act is alleged to have been performed in an official capacity, conduct-based immunity does not automatically follow unless exercising jurisdiction would, in substance, enforce a rule of law against the foreign state itself. Although Lewis is persuasive rather than controlling authority in this Circuit, its separation of the official-act question from the real-party-in-interest/remedy question directly addresses the structure of Brazil's dismissal theory.

3. The proposed brief further relies on ***W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., International, 493 U.S. 400, 405-10 (1990)***, to distinguish adjudication of domestic legal effect from invalidation of a foreign sovereign act within the foreign sovereign's own territory. That

distinction provides a limiting principle that respects Brazilian sovereignty while preserving the Court's authority to determine what coercive legal effect a foreign directive may have inside the United States.

4. Finally, the publicly released record concerning X/Twitter includes dozens of Brazilian judicial orders transmitted to X and a later sequence of escalating sanctions, threats directed at a Brazilian corporate representative, suspension of X in Brazil, asset restraints, and payment of fines before restoration of service. The proposed brief does not ask the Court to adjudicate those events or infer criminal intent from them. It offers the history only as a comparative framework relevant to characterizing whether the Rumble directives represent a one-off domestic judicial act or part of a recurring method of seeking platform compliance through cross-border digital directives backed by territorial economic pressure.

## IV. THE REQUEST IS NARROW AND NONPREJUDICIAL

1. The proposed brief asks the Court to deny dismissal only to the extent the Court concludes that the claims and remedies may proceed against Defendant individually under governing U.S. law. It does not ask the Court to declare Brazilian orders invalid inside Brazil, adjudicate Brazilian political disputes, accuse Defendant of criminal conduct, or impose relief beyond that sought by Plaintiffs.

2. The proposed brief is intended to assist the Court at the pending jurisdictional stage. It does not seek discovery, an evidentiary hearing, oral argument, intervention, party status, or any right to file a reply absent further leave of Court.

## V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court grant leave to file the Supplemental Amicus Curiae Brief attached as Exhibit A, permit the Clerk to accept that brief for consideration in connection with the pending Motion to Dismiss, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

Rogerio Chaves Scotton, Pro Se
160 W Camino Real, Suite 102
Boca Raton, Florida 33432
Telephone: (561) 878-9001
Email: rs@legalhelp4y.com
Date: August 7, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2026, a true and correct copy of the foregoing proposed Supplemental Amicus Curiae Brief was submitted for filing with the United States District Court for the Middle District of Florida, Tampa Division, via U.S. Postal Service First-Class Mail, and was served by electronic mail upon all counsel of record at their email addresses of record.

Rogerio Chaves Scotton